Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Kevin Gerard O'Grady
Law Office of Kevin O'Grady, LLC
1164 Bishop Street, Suite 1605
Honolulu, Hawaii 96813
(808) 521-3367
Hawaii Bar No. 8817
Kevin@KevinOGradyLaw.Com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| ELIJAH PINALES, JUDA ROACHE, ALOHA STRATEGICS LLC DBA DANGER CLOSE TACTICAL, JGB ARMS LLC, SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>ANNE E. LOPEZ, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL FOR THE STATE OF HAWAII,<br><br>Defendant | CIVIL NO. 1:24-cv-00496 JAO-WRP<br><br>Notice of Supplemental Authority |

## Notice of Supplemental Authority

Pursuant to Local Rule 7.6, Plaintiffs files this notice of supplemental authority regarding the Third Circuit's recently issued opinion in *Madison Lara v. Commissioner PA State Police*, No. 21-1832 (3d Cir. 2025) (attached).[1] There, the Third Circuit found that Pennsylvania law, which bans 18-20-year-olds from open carrying during states of emergency, violates the Second Amendment. The following portions of the opinion support Plaintiffs' challenge here.

**Pinpoint Citation**

 "We therefore reiterate our holding that 18-to-20-year olds are, like other subsets of the American public, presumptively among "the people" to whom Second Amendment rights extend." *Id* at *19.

**Proposition of law which this is being cited for**

Adults under 21 are part of the people who are afforded Second Amendment rights.

**Pinpoint Citation**

"We reiterate, for the reasons stated in our earlier opinion, *Lara*, 91 F.4th at 133-34, that the constitutional right to keep and bear arms should be understood

---

[1] This opinion is not available on Westlaw yet which is why a Westlaw citation has not been provided.

according to its public meaning in 1791." *Id* at *26.

**Proposition of law which this is being cited for**

The State cannot use laws from 1868 or later which are inconsistent with practices of the Founding generation.

**Pinpoint Citation**

"[T]he Second Militia Act is good circumstantial evidence of the public understanding at the Second Amendment's ratification as to whether 18-to-20-year-olds could be armed, especially considering that the Commissioner cannot point to a single founding-era statute imposing restrictions on the freedom of 18-to-20-year-olds to carry guns." *Id* at *35.

**Proposition of law which this is being cited for**

Colonial militia laws are persuasive evidence that adults under 21 have Second Amendment rights.

**Pinpoint Citation**

"Our question is whether the Commissioner has borne his burden of proving that Pennsylvania's restriction on 18-to-20-year-olds' Second Amendment rights is consistent with the principles that underpin founding-era firearm regulations, and the answer to that is no." *Id* at *36.

**Proposition of law which this is being cited for**

The challenged laws are unconstitutional.

DATED: Honolulu, Hawaii, January 13, 2025.

By /s/ *Kevin O'Grady*
   KEVIN O'GRADY
   Attorney for Plaintiff

By */s/ Alan Beck*
   ALAN BECK
   Attorney for Plaintiff