Kevin O'Grady
Law Office of Kevin O'Grady, LLC
1164 Bishop Street, Suite 1605
Honolulu, Hawaii 96813
(808) 521-3367
Hawaii Bar No. 8817
Kevin@KevinOGradyLaw.Com

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIJAH PINALES, JUDA ROACHE, ALOHA STRATEGICS LLC DBA DANGER CLOSE TACTICAL, JGB ARMS LLC, SECOND AMENDMENT FOUNDATION<br><br>Plaintiffs,<br><br>v.<br><br>ANNE E. LOPEZ, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAII,<br><br>Defendant. | Civil Action No. 24-CV-00496-JAO-WRP<br><br>Notice of Supplemental Authority<br><br>Hearing date:  January 31, 2025<br><br>Honorable Judge: Jill A. Otake |

PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 7.6., Plaintiffs file *Reese, et al., v. Bureau of Alcohol, Tobacco, Firearms, and Explosives, et al.,* 2025 WL 340799, No. 23-30033 (U.S.C.A. 5th Circuit, Filed January 30, 2025), (attached as Exhibit 1), as supplemental authority.

This case supports the Plaintiffs' claims in Docket 2-1, pages 1-3, 8-20, Docket 36, pages 5-12, which are Plaintiff's memorandum in support of preliminary injunction and the reply to the government's memorandum in opposition to Plaintiffs' motion for preliminary injunction regarding Plaintiffs' complaint that Hawaii's laws prohibiting the acquisition, ownership and possession of firearms by adults ages 18-20 are unconstitutional (See Docket 1, inter alia, paragraphs 9-12).

Specifically, the Fifth Circuit in *Reese*, on page 11, ruled –

"The operative clause of the Second Amendment states that "the right of *the people* to keep and bear Arms, shall not be infringed."….There are no age or maturity restrictions in the plain text of the Amendment, as there are in other constitutional provisions."

This supports Plaintiff's argument that the plain text of the Second Amendment, means that Plaintiffs, and adults ages 18-20, are part of the people that are covered by the Second Amendment.

The unanimous panel of the Fifth Circuit also ruled, on page 12-

"Seizing on *Heller's* reference to a "political community,", the government asserts that, because eighteen-to-twenty-year-olds did not "enjoy the full range of civil and political rights" in the founding-era, they are not a part of "the people" for Second Amendment purposes…..While it may be true that eighteen-to-twenty-year-olds could not then serve on juries, firearm restrictions are notably absent from the government's list of founding-era age-limited civil and

political rights…..Nor does the government provide any evidence suggesting that eighteen-to-twenty-year-olds lacked the right to self-defense, the "central component" of the Second Amendment."

This supports Plaintiff's argument that adults ages eighteen to twenty are part of The People covered with full Second Amendment rights.

The unanimous Fifth Circuit *Reese* panel also ruled, on page 13-

"And in contrast to "civic rights" that presuppose virtue limitations, the right to keep and bear arms is an "individual right" rooted in the right to self-defense. … The fact that eighteen-to-twenty-year-olds were minors unable to vote (or exercise other civic rights) does not mean they were deprived of the individual right to self-defense. … "The terms 'majority' and 'minority' lack content without reference to the right at issue.""

This supports Plaintiff's argument that Plaintiffs are part of The People with full Second Amendment rights.

The Fifth Circuit *Reese* panel also ruled, on page 16-

The 1792 Militia Act, in turn, shows that eighteen-to-twenty-year-olds not only served in that militia, but were required to serve. … Eighteen-to-twenty-year-olds therefore must be covered by the plain text of the Second Amendment, as they were compulsorily enrolled in the regiments that the Amendment was written to protect.

This supports Plaintiff's argument that Plaintiffs and other eighteen-to-twenty-year-olds are part of The People fully covered by the Second Amendment.

The *Reese* court also ruled, on page 20,

To satisfy its burden that banning eighteen-to-twenty-year-olds from purchasing handguns is consistent with our Nation's historical tradition of firearm regulation, the government must overcome this clear and germane evidence that eighteen-to-twenty-olds enjoyed the same Second Amendment rights as their twenty-one-year-old peers at the founding.

This supports Plaintiff's argument that Plaintiffs and other eighteen-to-twenty-

year-olds had and have the same Second Amendment rights of twenty-one-year-olds at the founding.

The *Reese* court ruled, on pages 24-25, -

Taken together, Rawle's writings demonstrate that eighteen-to-twenty-year-olds, who were required to enroll in the militia, should be "permitted and accustomed to bear arms,". … "burdened only if another could make out a specific showing of reasonable cause to fear an injury, or breach of the peace." …. Moreover, contrary to the government's recitation of concerns expressed in colonial and founding eras about the "irresponsibility" of those under twenty-one, these young individuals were expected to keep the peace rather than disturb it.  In addition to serving in the militia, eighteen-to-twenty-year-olds could be obliged to join the *posse comitatus*, for which the minimum age was often fifteen or sixteen, and bring "such arms or weapons as they have or can provide."

This supports Plaintiff's argument that Plaintiffs and other adults ages eighteen to twenty were not and cannot be disarmed because of a generalized argument based upon alleged youthful irresponsibility or immaturity.

The *Reese* court also ruled, on pages 27-28,

The limitation of these late 19th century analogues is not in the "how" or the "why" of regulation, but rather that the laws were passed too late in time to outweigh the tradition of pervasively acceptable firearm ownership by eighteen-to-twenty-year-olds at "the crucial period of our nation's history". … " for an originalist, the history that matters most is the history surrounding the ratification of the text; that backdrop illuminates the meaning of the enacted law.  History (or tradition) that long postdates ratification does not serve that function." …. stating that, in *Heller*, "[t]he 19th-century evidence was 'treated as mere confirmation of what the Court thought had already been established.'" …. ", the court clarified that "post-ratification adoption or acceptance of laws that are *inconsistent* with the original meaning of the constitutional text obviously cannot overcome or alter the text." … "The scope of the protection applicable to the Federal Government and States is pegged to the public understanding of the right when the Bill of Rights was adopted in 1791."

This supports Plaintiff's argument that 20th century and late 19th century regulations and outliers cannot and do not change or diminish the rights of Plaintiffs

and other eighteen-to-twenty-year-olds from the full panoply of Second Amendment rights they possessed in 1791, thus making Hawaii's laws unconstitutional.

Dated: January 30, 2025.

Respectfully submitted,

/s/*Kevin Gerard O'Grady*
 Kevin O'Grady, ESQ.

/s/ *Alan Beck*
Alan Alexander Beck, ESQ.