# Exhibit 3



KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-1

## § 134-1. Definitions

Currentness

As used in this chapter, unless the context indicates otherwise:

"Acquire" means gain ownership of.

"Antique pistol or revolver" means any pistol or revolver manufactured before 1899 and any replica thereof if it either is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition or is designed or redesigned to use rimfire or conventional centerfire fixed ammunition that is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade.

"Assault pistol" means a semiautomatic pistol that accepts a detachable magazine and has two or more of the following characteristics:

  (1) An ammunition magazine that attaches to the pistol outside of the pistol grip;

  (2) A threaded barrel capable of accepting a barrel extender, flash suppressor, forward hand grip, or silencer;

  (3) A shroud that is attached to or partially or completely encircles the barrel and permits the shooter to hold the firearm with the second hand without being burned;

  (4) A manufactured weight of fifty ounces or more when the pistol is unloaded;

  (5) A centerfire pistol with an overall length of twelve inches or more; or

  (6) It is a semiautomatic version of an automatic firearm;

but does not include a firearm with a barrel sixteen or more inches in length, an antique pistol as defined in this section, or a curio or relic as those terms are used in 18 United States Code section 921(a)(13) or 27 Code of Federal Regulations section 478.11.

"Assembly" means the fabrication of a firearm or the fitting together of component parts to construct a firearm.

"Automatic firearm" means any firearm that shoots, is designed to shoot, or can be readily modified to shoot automatically more than one shot, without a manual reloading, by a single function of the trigger. This term shall also include the frame or receiver of any such firearm, any part designed and intended solely and exclusively, or any combination of parts designed and intended, for use in converting a firearm into an automatic firearm, and any combination of parts from which an automatic firearm can be assembled if the parts are in the possession or under the control of a single person.

"Chief of police" means the chief of police of the counties of Hawaii, Maui, Kauai, or the city and county of Honolulu.

"Concealed" means, in relation to a firearm, that the firearm is entirely hidden from view of the public and not discernible by ordinary observation, in a manner that a reasonable person without law enforcement training would be unable to detect the presence of the firearm.

"Crime of violence" means:

(1) Any offense under federal or state law or the law of another state, a United States territory, or the District of Columbia that has as an element of the offense the:

(A) Injury or threat of injury to the person of another; or

(B) Use, attempted use, or threatened use of physical force against the person or property of another or the creation of a substantial risk of causing bodily injury;

(2) Reckless endangering in the second degree under section 707-714;

(3) Terroristic threatening in the second degree under section 707-717;

(4) Sexual assault in the fourth degree under section 707-733;

(5) Endangering the welfare of a minor in the second degree under section 709-904;

(6) Endangering the welfare of an incompetent person under section 709-905;

(7) Harassment under section 711-1106(1)(a);

(8) Harassment by stalking under section 711-1106.5;

(9) Criminal solicitation under section 705-510; provided that the solicitation was for a crime described or listed in paragraphs (1) to (8);

(10) Criminal conspiracy under section 705-520; provided that the conspiracy was for a crime described or listed in paragraphs (1) to (8); and

(11) Offenses under federal law, or the law of another state, a United States territory, or the District of Columbia, that are comparable to the offenses described or listed in paragraphs (1) to (10).

"Criminal offense relating to firearms" means:

(1) Any criminal offense under this chapter punishable as a misdemeanor;

(2) Criminally negligent storage of a firearm under section 707-714.5; and

(3) Any other criminal offense punishable as a misdemeanor under federal or state law or the law of another state, a United States territory, or the District of Columbia that has as an element of the offense the use, attempted use, threatened use, or possession of a firearm.

"Firearm" means any weapon, for which the operating force is an explosive, including but not limited to pistols, revolvers, rifles, shotguns, automatic firearms, noxious gas projectors, mortars, bombs, and cannon.

"Firearm loaded with ammunition" and "loaded firearm" means a firearm with ammunition present within the firing chamber, revolving cylinder, or within a magazine which is inserted in a firearm.

"Firearm receiver" means the part of a firearm that provides housing for the firearm's internal components, including a hammer, bolt, breechblock, action, or firing mechanism. "Firearm receiver" includes any object or part that is not a firearm frame or receiver in finished form but that is designed or intended to be used for that purpose and may readily be made into a firearm frame or receiver through milling or other means.

"Fugitive from justice" means any person (1) who has fled from any state, territory, the District of Columbia, or possession of the United States, to avoid prosecution for a felony or to avoid giving testimony in any criminal proceeding or (2) who has fled from any country other than the United States and is avoiding lawful extradition back to that country.

"Pistol" or "revolver" means any firearm of any shape with a barrel less than sixteen inches in length and capable of discharging loaded ammunition or any noxious gas.

"Public highway" shall have the same meaning as defined in section 264-1(a).

"Semiautomatic" means the mode of operation by which a firearm uses the energy of the explosive in a fixed cartridge to extract a fired cartridge and chamber a fresh cartridge with each single pull of a trigger.

"Unconcealed" means not concealed.

**Credits**

Laws 1988, ch. 275, § 2; Laws 1988, ch. 271, § 2; Laws 1989, ch. 263, §§ 2, 3; Laws 1990, ch. 195, § 1; Laws 1992, ch. 286, § 1; Laws 1994, ch. 204, § 2; Laws 2001, ch. 252, § 2; Laws 2016, ch. 55, § 1, eff. June 6, 2016; Laws 2016, ch. 109,

§ 2, eff. June 22, 2016; Laws 2020, ch. 74, § 4, eff. Sept. 15, 2020; Laws 2021, ch. 183, § 4, eff. Jan. 1, 2022; Laws 2023, ch. 52, § 3, eff. July 1, 2023.


Notes of Decisions (15)

H R S § 134-1, HI ST § 134-1
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

 KeyCite Yellow Flag - Negative Treatment

Unconstitutional or PreemptedPrior Version Held Unconstitutional by New York State Rifle & Pistol Association, Inc. v. Bruen, U.S., June 23, 2022

West's Hawai'i Revised Statutes Annotated
   Division 1. Government
      Title 10. Public Safety and Internal Security
         Chapter 134. Firearms, Ammunition and Dangerous Weapons
         Part I. General Regulations

HRS § 134-2

§ 134-2. Permits to acquire

Currentness

(a) No person shall acquire the ownership of a firearm, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior law or by a prior owner or unregistered, either by purchase, gift, inheritance, bequest, or in any other manner, whether procured in the State or imported by mail, express, freight, or otherwise, until the person has first procured from the chief of police of the county of the person's place of business or, if there is no place of business, the person's residence or, if there is neither place of business nor residence, the person's place of sojourn, a permit to acquire the ownership of a firearm as prescribed in this section. When title to any firearm is acquired by inheritance or bequest, the foregoing permit shall be obtained before taking possession of the firearm; provided that upon presentation of a copy of the death certificate of the owner making the bequest, any heir or legatee may transfer the inherited or bequested firearm directly to a dealer licensed under section 134-31 or licensed by the United States Department of Justice without complying with the requirements of this section.

(b) The permit application form shall:

  (1) Include:

    (A) The applicant's name, address, gender, height, weight, date of birth, place of birth, country of citizenship, social security number, alien or admission number;

    (B) Information regarding the applicant's mental health history;

    (C) Any aliases or other names previously used by the applicant;

    (D) Information that is or may be relevant in determining whether the applicant is disqualified under section 134-7 from the ownership, possession, or control of a firearm; and

    (E) Information that is or may be relevant in determining whether the applicant lacks the essential character or temperament necessary to be entrusted with a firearm as set forth in subsection (e); and

(2) Require the fingerprinting and photographing of the applicant by the police department of the county of registration; provided that where fingerprints and a photograph are already on file with the department, these may be waived.

(c) An applicant for a permit shall:

(1) Sign a waiver at the time of application, allowing the chief of police of the county issuing the permit or a designee of the chief of police access to all records that have a bearing on the mental health of the applicant; and

(2) Identify any health care providers who possess or may possess the records described in paragraph (1).

(d) The chief of police of the respective counties shall issue permits to acquire firearms to:

(1) Citizens, nationals, or lawful permanent residents of the United States of the age of twenty-one years or more;

(2) Duly accredited official representatives of foreign nations;

(3) Duly commissioned law enforcement officers of the State who are aliens; provided that any law enforcement officer who is the owner of a firearm and who is an alien shall transfer ownership of the firearm within forty-eight hours after termination of employment from a law enforcement agency;

(4) Aliens of the age of eighteen years or more for use of rifles and shotguns for a period not exceeding sixty days, upon a showing that the alien has first procured a hunting license under chapter 183D, part II; and

(5) Aliens of the age of twenty-one years or more for use of firearms for a period not exceeding six months, upon a showing that the alien is in training for a specific organized sport-shooting contest to be held within the permit period.

The attorney general may adopt rules, pursuant to chapter 91, as to what constitutes sufficient evidence that an alien is in training for a sport-shooting contest.

Notwithstanding any law to the contrary and upon joint application, the chief of police may, upon request, issue permits to acquire firearms jointly to spouses who otherwise qualify to obtain permits under this section.

(e) The permit application form shall be signed by the applicant and issuing authority. One copy of the permit shall be retained by the issuing authority as a permanent official record. Except for sales to dealers licensed under section 134-31, dealers licensed by the United States Department of Justice, law enforcement officers, or where any firearm is registered pursuant to section 134-3(a), no permit shall be issued to an applicant earlier than fourteen calendar days after the date of the application; provided that a permit shall be issued or the application denied before the fortieth day from the date of application. Permits issued to acquire any pistol or revolver shall be void unless used within thirty days after the date of issue. Permits to acquire a pistol or revolver shall require a separate application and permit for each transaction. Permits issued to acquire any rifle or shotgun shall entitle the permittee to make subsequent purchases of rifles or shotguns for a period of one year from the date of issue without a separate application and permit for each acquisition, subject to the disqualifications under section 134-7 and revocation under

§ 134-2 Permits to acquire, HRST § 134-2
Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 8 of 139
PageID.1374

section 134-13; provided that if a permittee is arrested for committing a felony, a crime of violence, a criminal offense relating to firearms, or for the illegal sale or distribution of any drug, the permit shall be impounded and surrendered to the issuing authority. The issuing authority shall perform an inquiry on an applicant by using the International Justice and Public Safety Network, including the United States Immigration and Customs Enforcement query, National Crime Information Center, and National Instant Criminal Background Check System, pursuant to section 846-2.7 before any determination to issue a permit or to deny an application is made. The issuing authority shall not issue a permit to acquire the ownership of a firearm if an applicant is disqualified under section 134-7 from the ownership, possession, or control of a firearm, or if the issuing authority determines that issuance would not be in the interest of public health, safety, or welfare because the person lacks the essential character or temperament necessary to be entrusted with a firearm. In determining whether a person lacks the essential character or temperament necessary to be entrusted with a firearm, the issuing authority shall consider whether the person poses a danger of causing a self-inflicted bodily injury or unlawful injury to another person, as evidenced by:

(1) Information from a health care provider indicating that the person has had suicidal or homicidal thoughts or tendencies within the preceding five years;

(2) Statements or actions by the person indicating any dangerous propensity or violent animus toward one or more individuals or groups, including groups based on race, color, national origin, ancestry, sex, gender identity, gender expression, sexual orientation, age, disability, religion, or any other characteristic, and the propensity or animus is of a nature or to an extent that would objectively indicate to a reasonable observer that it would not be in the interest of the public health, safety, or welfare for the person to own, possess, or control a firearm or ammunition; or

(3) Other information that would lead a reasonable, objective observer to conclude that the person presents or would present a danger to the community as a result of acquiring or possessing a firearm or intends or is likely to use a firearm for an unlawful purpose or in an unlawful manner.

(f) In all cases where a pistol or revolver is acquired from another person within the State, the permit shall be signed in ink by the person to whom title to the pistol or revolver is transferred and shall be delivered to the person who is transferring title to the firearm, who shall verify that the person to whom the firearm is to be transferred is the person named in the permit and enter on the permit in the space provided the following information: name, address, and telephone number of the person who transferred the firearm; name, address, and telephone number of the person to whom the title to the firearm was transferred; names of the manufacturer and importer; model; type of action; caliber or gauge; and serial number, as applicable. The person who is transferring title to the firearm shall sign the permit in ink and cause the permit to be delivered or sent by registered mail to the issuing authority within forty-eight hours after transferring the firearm.

In all cases where receipt of a firearm is had by mail, express, freight, or otherwise from sources outside the State, the person to whom the permit has been issued shall make the prescribed entries on the permit, sign the permit in ink, and cause the permit to be delivered or sent by registered mail to the issuing authority within forty-eight hours after taking possession of the firearm.

In all cases where a rifle or shotgun is acquired from another person within the State, the person who is transferring title to the rifle or shotgun shall submit, within forty-eight hours after transferring the firearm, to the authority that issued the permit to acquire, the following information, in writing: name, address, and telephone number of the person who transferred the firearm; name, address, and telephone number of the person to whom the title to the firearm was transferred; names of the manufacturer and importer; model; type of action; caliber or gauge; and serial number, as applicable.

(g) No person shall be issued a permit under this section for the acquisition of a firearm unless the person, within the four years before the issuance of the permit, has completed:

§ 134-2 Permits to acquire. HI ST § 134-2

Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 9 of 139
PageID.1375

(1) An approved hunter education course as authorized under section 183D-28, unless the applicant seeks to acquire a pistol or revolver, in which case the applicant shall complete a training satisfying the requirements of paragraph (2), (3), or (4);

(2) A firearms safety or training course or class available to the general public offered by a law enforcement agency of the State or of any county;

(3) A firearms safety or training course offered to law enforcement officers, security guards, investigators, deputy sheriffs, or any division or subdivision of law enforcement or security enforcement by a state or county law enforcement agency; or

(4) A firearms training or safety course or class conducted by a firearms instructor certified or verified by the chief of police of the respective county or a designee of the chief of police or certified by a nongovernmental organization approved for such purposes by the chief of police of the respective county or a designee of the chief of police, or conducted by a certified military firearms instructor; provided that the firearms training or safety course or class provides, at a minimum, a total of at least two hours of firing training at a firing range and a total of at least four hours of classroom instruction, which may include a video, that focuses on:

(A) The safe use, handling, and storage of firearms and firearm safety in the home, as well as a component on mental health, suicide prevention, and domestic violence issues associated with firearms and firearm violence; and

(B) Education on the firearm laws of the State.

An affidavit signed by the certified or verified firearms instructor who conducted or taught the course, providing the name, address, and phone number of the instructor and attesting to the successful completion of the course by the applicant shall constitute evidence of certified successful completion under this paragraph; provided that an instructor shall not submit an affidavit signed by the instructor for the instructor's own permit application.

(h) No person shall sell, give, lend, or deliver into the possession of another any firearm except in accordance with this chapter.

(i) No fee shall be charged for permits, or applications for permits, under this section, except for a single fee chargeable by and payable to the issuing county in an amount equal to the fee charged by the Hawaii criminal justice data center pursuant to section 846-2.7. In the case of a joint application, the fee provided for in this section may be charged to each person. If an application under this section is denied, the chief of police or a designee of the chief of police shall notify the applicant of the denial in writing, stating the ground or grounds for the denial and informing the applicant of the right to seek review of the denial through a hearing pursuant to subsection (k).

(j) In all cases where a permit application under this section is denied because an applicant is prohibited from owning, possessing, receiving, or controlling firearms under federal or state law, the chief of police of the applicable county shall, within ten business days from the date of denial, send written notice of the denial, including the identity of the applicant and the reasons for the denial, to the:

(1) Prosecuting attorney in the county where the permit was denied;

(2) Attorney general;

(3) United States Attorney for the District of Hawaii; and

(4) Director of corrections and rehabilitation.

If the permit to acquire was denied because the applicant is subject to an order described in section 134-7(f), the chief of police shall, within three business days from the date of denial, send written notice of the denial to the court that issued the order.

When the director of corrections and rehabilitation receives notice that an applicant has been denied a permit because of a prior criminal conviction, the director of corrections and rehabilitation shall determine whether the applicant is currently serving a term of probation or parole, and if the applicant is serving such a term, send written notice of the denial to the applicant's probation or parole officer.

(k) If an application under this section is denied, a person or entity aggrieved by the denial shall be entitled to a hearing before the chief of police of the appropriate county or a designee of the chief of police. A person or entity aggrieved by the denial shall submit a request for a hearing in writing to the chief of police of the appropriate county no later than thirty days following the date of the decision or determination notice. The hearing shall constitute a contested case hearing for purposes of chapter 91. Following the hearing and final decision, an aggrieved party shall be entitled to a judicial review proceeding in state circuit court in accordance with section 91-14.

(l) The permit application form and the waiver form required under this section shall be prescribed by the issuing authority.

(m) The requirements of subsection (g) shall not apply to an applicant for a permit to acquire a rifle or shotgun who:

(1) Has been issued a hunter education certificate under section 183D-28 that is valid for the life of the person; or

(2) Has received a written exemption under section 183D-28.

**Credits**

Laws 1988, ch. 275, § 2; Laws 1992, ch. 287, § 2; Laws 1994, ch. 204, § 3; Laws 1995, ch. 11, § 1; Laws 1996, ch. 200, §§ 2, 3; Laws 1997, ch. 53, § 2; Laws 1997, ch. 278, § 1; Laws 2006, ch. 27, § 1; Laws 2007, ch. 9, § 6, eff. April 9, 2007; Laws 2016, ch. 108, § 2, eff. June 22, 2016; Laws 2017, ch. 63, § 1, eff. June 29, 2017; Laws 2022, ch. 278, § 29, eff. Jan. 1, 2024; Laws 2023, ch. 52, § 4, eff. Jan. 1, 2024; Laws 2024, ch. 21, § 3, eff. May 13, 2024.

**Editors' Notes**

**VALIDITY**

<For validity of section, see New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S.Ct. 2111, 213 L.Ed.2d 387, 22 Cal. Daily Op. Serv. 6128.>

## VALIDITY

<For validity of subsection (e), see Yukutake v. Conners, 2021, 554 F.Supp.3d 1074.>

Notes of Decisions (19)

H R S § 134-2, HI ST § 134-2
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                                   © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-2.5

[§ 134-2.5. Permits for motion picture films or television program production]

Currentness

(a) Upon a finding that public safety is not endangered, the chief of police of the appropriate county may issue permits, initially valid for a period of one year and renewable annually thereafter, for the possession, transportation, or use, with blank cartridges, of firearms or explosives solely as props for motion picture films or television program production upon a showing that good cause exists for the issuance of a permit to the applicant and upon sufficient proof of a federal firearms license and a state film permit required under section 201-3. No permit shall be issued to a person who is under twenty years of age or who is disqualified under section 134-7.

(b) Applications for permits shall be in writing, signed by the individual applicant or by a member or officer qualified to sign if the applicant is a firm or corporation, and shall state the name, business in which engaged, business address, and a full description of the use to which the firearms or explosives are to be put, including the names of the persons who will actually use the props. The application shall also require the fingerprinting and photographing of the applicant. Applications and permits shall be uniform throughout the State on forms prescribed by the attorney general.

(c) The attorney general shall establish rules pursuant to chapter 91 concerning security requirements for storing and transporting firearms or explosives for which permits are issued. Permits shall be issued only upon a showing of the applicant's ability to meet these security requirements.

(d) A fee of $50 should be charged for each permit issued under this section.

(e) Every applicant to whom a permit is issued shall keep it on the applicant's person or at the place where the firearms or explosives are stored. The permit, firearms and explosives, shall be available for inspection by any law enforcement officer or any other person designated by the respective chief of police.

(f) Every firearm or explosive for which a permit is issued shall bear a unique identifying number. If the firearm or explosive does not bear a unique identifying number, the chief of police of the appropriate county shall assign a number that shall be stamped or placed thereon.

(g) The chief of police of the respective county shall revoke permits issued under this section any time it appears that the holder of the permit has used the firearms or explosives for purposes other than those allowed by the permit or that the holder of the permit has not exercised great care in retaining custody of any firearms or explosive possessed under the permit.

**Credits**

Laws 1988, ch. 272, § 3.

H R S § 134-2.5, HI ST § 134-2.5
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

🚩 KeyCite Yellow Flag - Negative Treatment

Unconstitutional or PreemptedPrior Version Held Unconstitutional by Yukutake v. Conners, D.Hawai'i, Aug. 16, 2021

🚩 KeyCite Yellow Flag - Negative TreatmentProposed Legislation

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-3

## § 134-3. Registration, mandatory, exceptions

Currentness

(a) Every resident or other person arriving in the State who brings or by any other manner causes to be brought into the State a firearm of any description, whether usable or unusable, serviceable or unserviceable, modern or antique, shall register and submit to physical inspection the firearm within five days after arrival of the person or of the firearm, whichever arrives later, with the chief of police of the county of the person's place of business or, if there is no place of business, the person's residence or, if there is neither a place of business nor residence, the person's place of sojourn. A nonresident alien may bring firearms not otherwise prohibited by law into the State for a continuous period not to exceed ninety days; provided that the person meets the registration requirement of this section and the person possesses:

(1) A valid Hawaii hunting license procured under chapter 183D, part II, or a commercial or private shooting preserve permit issued pursuant to section 183D-34;

(2) A written document indicating the person has been invited to the State to shoot on private land; or

(3) Written notification from a firing range or target shooting business indicating that the person will actually engage in target shooting.

The nonresident alien shall be limited to a nontransferable registration of no more than ten firearms for the purpose of the above activities.

Every person registering a firearm under this subsection shall be fingerprinted and photographed by the police department of the county of registration; provided that this requirement shall be waived where fingerprints and photographs are already on file with the police department. The police department shall perform an inquiry on the person by using the International Justice and Public Safety Network, including the United States Immigration and Customs Enforcement query, the National Crime Information Center, and the National Instant Criminal Background Check System, pursuant to section 846-2.7 before any determination to register a firearm is made. Any person attempting to register a firearm, a firearm receiver, or the parts used to assemble a firearm, and who is found to be disqualified from ownership, possession, or control of firearms or ammunition under section 134-7, shall surrender or dispose of all firearms and ammunition pursuant to section 134-7.3.

(b) Every person who acquires a firearm pursuant to section 134-2 shall register the firearm in the manner prescribed by this section within five days of acquisition. If the firearm is acquired from a person who is not a dealer licensed under section 134-31 or a dealer licensed by the United States Department of Justice, the firearm shall be physically inspected by the chief of police of the appropriate county or designee at the time of registration. The registration of all firearms shall be on forms prescribed by the attorney general, which shall be uniform throughout the State, and shall include the following information: name of the manufacturer and importer; model; type of action; caliber or gauge; serial number; and source from which receipt was obtained, including the name and address of the prior registrant. If the firearm has been assembled from separate parts and an unfinished firearm receiver, the entity that registered the firearm receiver shall be recorded in the space provided for the name of the manufacturer and importer, and the phrase "assembled from parts" shall be recorded in the space provided for model. If the firearm has been assembled from parts created using a three-dimensional printer, the entity that registered the firearm receiver shall be recorded in the space provided for the name of the manufacturer and importer, and the phrase "3-D printer" shall be recorded in the space provided for model. If the firearm has no serial number, the registration number shall be entered in the space provided for the serial number, and the registration number shall be engraved upon the receiver portion of the firearm before registration. On firearms assembled from parts created using a three-dimensional printer, the registration number shall be engraved on stainless steel, permanently embedded to the firearm receiver during fabrication or construction, and visible when the firearm is assembled. Firearms and firearm receivers with engraved or embedded registration numbers, even if done by a dealer licensed under section 134-31 or a dealer licensed by the United States Department of Justice, shall be physically inspected by the chief of police of the appropriate county or designee at the time of registration. All registration data that would identify the individual registering the firearm by name or address shall be confidential and shall not be disclosed to anyone, except as may be required:

(1) For processing the registration;

(2) For database management by the Hawaii criminal justice data center;

(3) By a law enforcement agency for the lawful performance of its duties; or

(4) By order of a court.

(c) Dealers licensed under section 134-31 or dealers licensed by the United States Department of Justice shall register firearms pursuant to this section on registration forms prescribed by the attorney general and shall not be required to have the firearms physically inspected by the chief of police at the time of registration, except as provided in subsection (b). An authorized dealer, as provided in section 134-31, or a dealer licensed by the United States Department of Justice, who brings, assembles, or causes to be brought into the State by any other means, separate parts and an unfinished firearm receiver that when assembled create a firearm, or parts created by a three-dimensional printer that when assembled create a firearm, shall register the unfinished firearm receiver and receive a serial number before the assembly of the firearm or the sale or transfer of unassembled firearm parts or a receiver to a third party in accordance with subsection (b). Any sale or transfer of unfinished firearm receivers by an authorized dealer to a third party shall be conducted as if they were fully assembled firearms with a serial number engraved on the firearm receiver and in accordance with the firearms permitting process in section 134-2.

(d) Registration shall not be required for:

(1) Any device that is designed to fire loose black powder or that is a firearm manufactured before 1899;

(2) Any device not designed to fire or made incapable of being readily restored to a firing condition; or

(3) All unserviceable firearms and destructive devices registered with the Bureau of Alcohol, Tobacco, Firearms and Explosives of the United States Department of Justice pursuant to Title 27, Code of Federal Regulations.

(e) Every person who permanently moves firearms out of the State shall contact and notify the county police department in the county where the firearms are registered about the removal of the firearms within five days of the removal from the State. Any person who fails to timely notify the appropriate police department shall be subject to a civil penalty of $100 per firearm.

(f) No fee shall be charged for the registration of a firearm under this section, except for a fee chargeable by and payable to the registering county for persons registering a firearm under subsection (a), in an amount equal to the fee charged by the Hawaii criminal justice data center pursuant to section 846-2.7. In the case of a joint registration, the fee provided for in this section may be charged to each person.

(g) No person less than twenty-one years of age shall bring or cause to be brought into the State any firearm.

**Credits**

Laws 1988, ch. 275, § 2; Laws 1994, ch. 204, § 4; Laws 1999, ch. 217, § 2; Laws 2007, ch. 9, § 7, eff. April 9, 2007; Laws 2013, ch. 254, § 2, eff. July 1, 2013; Laws 2016, ch. 108, § 3, eff. June 22, 2016; Laws 2019, ch. 257, § 2, eff. July 1, 2019; Laws 2020, ch. 68, § 2, eff. Sept. 15, 2020; Laws 2020, ch. 74, § 5, eff. Sept. 15, 2020; Laws 2022, ch. 30, § 2, eff. June 3, 2022.

**Editors' Notes**

### VALIDITY

<For validity of subsection (c), see Yukutake v. Conners, 554 F.Supp.3d 1074.>

Notes of Decisions (14)

H R S § 134-3, HI ST § 134-3
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-3.5

## [§ 134-3.5]. Disclosure for firearm permit and registration purposes

Currentness

A health care provider or public health authority shall disclose health information, including protected health care information, relating to an individual's mental health history, to the appropriate county chief of police in response to a request for the information from the chief of police; provided that:

(1) The information shall be used only for the purpose of evaluating the individual's fitness to acquire or own a firearm; and

(2) The individual has signed a waiver permitting release of the health information for that purpose.

**Credits**
Laws 2001, ch. 252, § 1.

H R S § 134-3.5, HI ST § 134-3.5
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

🚩 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-4

§ 134-4. Transfer, possession of firearms

Currentness

(a) No transfer of any rifle having a barrel length of sixteen inches or over or any shotgun having a barrel length of eighteen inches or over, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior law or by a prior owner, or unregistered shall be made to any person under the age of eighteen years, except as provided by section 134-5.

(b) No person shall possess any firearm that is owned by another, regardless of whether the owner has consented to possession of the firearm, without a permit from the chief of police of the appropriate county, except as provided in subsection (c) and section 134-5.

(c) Any lawfully acquired rifle or shotgun may be lent to an adult for use within the State for a period not to exceed fifteen days without a permit; provided that where the rifle or shotgun is to be used outside of the State, the loan may be for a period not to exceed seventy-five days.

(d) No person shall intentionally, knowingly, or recklessly lend a firearm to any person who is prohibited from ownership, possession, or control of a firearm under section 134-7.

(e) After July 1, 1992, no person shall bring or cause to be brought into the State an assault pistol. No assault pistol may be sold or transferred on or after July 1, 1992, to anyone within the State other than to a dealer licensed under section 134-32 or the chief of police of any county except that any person who obtains title by bequest or intestate succession to an assault pistol registered within the State shall, within ninety days, render the weapon permanently inoperable, sell or transfer the weapon to a licensed dealer or the chief of police of any county, or remove the weapon from the State.

**Credits**
Laws 1988, ch. 275, § 2; Laws 1992, ch. 286, § 2; Laws 2023, ch. 52, § 5, eff. July 1, 2023.

Notes of Decisions (1)

H R S § 134-4, HI ST § 134-4
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-5

§ 134-5. Possession by licensed hunters and minors; target shooting; game hunting

Currentness

(a) Any person of the age of sixteen years, or over or any person under the age of sixteen years while accompanied by an adult, may carry and use any lawfully acquired rifle or shotgun and suitable ammunition while actually engaged in hunting or target shooting or while going to and from the place of hunting or target shooting; provided that the person has procured a hunting license under chapter 183D, part II. A hunting license shall not be required for persons engaged in target shooting.

(b) A permit shall not be required when any lawfully acquired firearm is lent to a person, including a minor, upon a target range or similar facility for purposes of target shooting; provided that the period of the loan does not exceed the time in which the person actually engages in target shooting upon the premises.

(c) A person may carry unconcealed and use a lawfully acquired pistol or revolver while actually engaged in hunting game mammals, if that pistol or revolver and its suitable ammunition are acceptable for hunting by rules adopted pursuant to section 183D-3 and if that person is licensed pursuant to part II of chapter 183D. The pistol or revolver may be transported in an enclosed container, as defined in section 134-25 in the course of going to and from the place of the hunt, notwithstanding section 134-26.

**Credits**
Laws 1988, ch. 275, § 2; Laws 1997, ch. 254, §§ 1, 4; Laws 2000, ch. 96, § 1; Laws 2002, ch. 79, § 1; Laws 2006, ch. 66, § 2.

Notes of Decisions (1)

H R S § 134-5, HI ST § 134-5
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                        © 2025 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Red Flag - Severe Negative Treatment

KeyCite Red Flag Negative Treatment§  134-6.   Repealed by Laws 2006, ch. 66, §  6

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-6

## § 134-6. Repealed by Laws 2006, ch. 66, § 6

*Currentness*

H R S § 134-6, HI ST § 134-6

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
    Division 1. Government
        Title 10. Public Safety and Internal Security
            Chapter 134. Firearms, Ammunition and Dangerous Weapons
            Part I. General Regulations

HRS § 134-6.5

[§ 134-6.5]. Relief from federal firearms mental health prohibitor

Currentness

(a) Any person who is prohibited from shipping, transporting, possessing, or receiving any firearm or ammunition, pursuant to title 18 United States Code section 922(d)(4) or (g)(4), having been adjudicated as a mental defective or having been committed to a mental institution under the laws of this State, may petition the circuit court in the circuit where the adjudication or commitment was made, in a civil proceeding, for relief from the federal firearm prohibitor based on the adjudication or commitment. The attorney general shall represent the State; provided that the attorney general, with the prosecuting agency's consent, may designate the prosecuting attorney for the county in which the petitioner seeks relief to represent the State.

(b) In the civil proceeding, the court shall consider:

(1) The circumstances regarding the adjudication or commitment from which relief is sought, including the court files of the adjudication or commitment;

(2) The petitioner's mental health and criminal history records, if any;

(3) The petitioner's reputation in the community, developed at a minimum through character witness statements, testimony, or other character evidence; and

(4) Changes in the petitioner's condition or circumstances since the disqualifying events relevant to the relief sought, including medical documentation that the petitioner is no longer adversely affected by the condition that resulted in the petitioner's adjudication or commitment and is not likely to act in a manner dangerous to public safety.

(c) The court shall grant the petition for relief if the petitioner proves, by clear and convincing evidence, that the petitioner will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. The court shall make written findings of facts and conclusions of law on the issues before it and issue a final order.

(d) When a court issues an order granting or denying a petition for relief, the court shall forward this information to the Hawaii criminal justice data center, which in turn shall forward this information to the Federal Bureau of Investigation, or its successor agency, for inclusion in the National Instant Criminal Background Check System database. The information shall also be maintained by the Hawaii criminal justice data center for disclosure to and use by law enforcement officials for the purpose of firearms permitting or registration pursuant to chapter 134.

(e) A person may file a petition for relief under this section no less than two years after the adjudication or commitment from which the relief is sought, and no more frequently than once every three years thereafter.

(f) For purposes of this section, the terms "adjudicated as a mental defective", "committed to a mental institution", and "mental institution" shall be construed in accordance with title 18 United States Code section 922, title 27 Code of Federal Regulations section 478.11, and judicial interpretations of those provisions.

(g) Any relief granted pursuant to this section shall not constitute relief from any other federal prohibitors or from any state prohibition pursuant to chapter 134. The State, its officers, and its employees shall not be liable for any damages, attorneys' fees, or costs related to this relief process.

(h) The petitioner may appeal a denial of relief, and the standard of review on appeal shall be de novo.

**Credits**

Laws 2014, ch. 87, § 2, eff. July 1, 2014.

H R S § 134-6.5, HI ST § 134-6.5
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                                   © 2025 Thomson Reuters. No claim to original U.S. Government Works.

🚩 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-7

## § 134-7. Ownership, possession, or control prohibited, when; penalty

Currentness

(a) No person who is a fugitive from justice or prohibited from possessing a firearm or ammunition under title 18 United States Code section 922 or any other provision of federal law shall own, possess, or control any firearm or ammunition.

(b) No person who is being prosecuted for one or more charges for a felony, a crime of violence, a criminal offense relating to firearms, or an illegal sale or distribution of any drug in a court in this State or elsewhere, or who has been convicted in this State or elsewhere of having committed a felony, a crime of violence, a criminal offense relating to firearms, or an illegal sale or distribution of any drug shall own, possess, or control any firearm or ammunition.

(c) No person shall own, possess, or control any firearm or ammunition if the person:

  (1) Is or has been under treatment or counseling for addiction to, abuse of, or dependence upon any dangerous, harmful, or detrimental drug, intoxicating compound as defined in section 712-1240, or intoxicating liquor;

  (2) Has been acquitted of a crime on the grounds of mental disease, disorder, or defect pursuant to section 704-411 or any similar provision under federal law, or the law of another state, a United States territory, or the District of Columbia;

  (3) Is or has been diagnosed with or treated for a medical, behavioral, psychological, emotional, or mental condition or disorder that causes or is likely to cause impairment in judgment, perception, or impulse control to an extent that presents an unreasonable risk to public health, safety, or welfare if the person were in possession or control of a firearm; or

  (4) Has been adjudged to:

    (A) Meet the criteria for involuntary hospitalization under section 334-60.2; or

    (B) Be an "incapacitated person", as defined in section 560:5-102,

unless the person establishes, with appropriate medical documentation, that the person is no longer adversely affected by the criteria or statuses identified in this subsection.

(d) No person who is less than twenty-five years old and has been adjudicated by the family court to have committed a felony, a crime of violence, a criminal offense relating to firearms, or an illegal sale or distribution of any drug shall own, possess, or control any firearm or ammunition.

(e) No minor shall own, possess, or control any firearm or ammunition if the minor:

    (1) Is or has been under treatment for addiction to any dangerous, harmful, or detrimental drug, intoxicating compound as defined in section 712-1240, or intoxicating liquor;

    (2) Is a fugitive from justice; or

    (3) Has been determined not to have been responsible for a criminal act or has been committed to any institution on account of a mental disease, disorder, or defect,

unless the minor establishes, with appropriate medical documentation, that the minor is no longer adversely affected by the addiction, mental disease, disorder, or defect.

For the purposes of enforcing this section, and notwithstanding section 571-84 or any other law to the contrary, any agency within the State shall make its records relating to family court adjudications available to law enforcement officials.

(f) No person who has been restrained pursuant to an order of any court, including a gun violence protective order issued pursuant to part IV, from contacting, threatening, or physically abusing any person, shall possess, control, or transfer ownership of any firearm or ammunition, so long as the protective order, restraining order, or any extension is in effect. The protective order or restraining order shall specifically include a statement that possession, control, or transfer of ownership of a firearm or ammunition by the person named in the order is prohibited. The person shall relinquish possession and control of any firearm and ammunition owned by that person to the police department of the appropriate county for safekeeping for the duration of the order or extension thereof. At the time of service of a protective order or restraining order involving firearms and ammunition issued by any court, a police officer may take custody of any and all firearms and ammunition in plain sight, those discovered pursuant to a consensual search, and those firearms surrendered by the person restrained. If the person restrained is the registered owner of a firearm and knows the location of the firearm, but refuses to surrender the firearm or disclose the location of the firearm, the person restrained shall be guilty of a misdemeanor. In any case, when a police officer is unable to locate the firearms and ammunition either registered under this chapter or known to the person granted protection by the court, the police officer shall apply to the court for a search warrant pursuant to chapter 803 for the limited purpose of seizing the firearm and ammunition.

(g) Except as provided in section 134-5, no person who is under the age of twenty-one shall own, possess, or control any ammunition for any firearm; provided that this subsection shall not apply to a person in an exempt category identified in section 134-11(a).

(h) Any person disqualified from ownership, possession, control, or the right to transfer ownership of firearms and ammunition under this section shall surrender or dispose of all firearms and ammunition in compliance with section 134-7.3.

(i) Any person who otherwise would be prohibited under subsection (b) from owning, possessing, or controlling a firearm and ammunition solely as a result of a conviction for a crime that is not a felony, and who is not prohibited from owning, possessing, or controlling a firearm or ammunition for any reason under any other provision of this chapter or under title 18 United States Code section 922 or another provision of federal law, shall not be prohibited under this section from owning, possessing, or controlling a firearm and ammunition if twenty years have elapsed from the date of the conviction.

(j) Any person violating subsection (a) or (b) shall be guilty of a class C felony; provided that any felon violating subsection (b) shall be guilty of a class B felony. Any person violating subsection (c), (d), (e), (f), (g), or (h) shall be guilty of a misdemeanor.

**Credits**

Laws 1988, ch. 275, § 2; Laws 1990, ch. 191, § 1; Laws 1993, ch. 215, § 1; Laws 1994, ch. 204, §§ 6, 7; Laws 1995, ch. 189, §§ 2, 26; Laws 1998, ch. 133, § 5; Laws 1999, ch. 297, § 1; Laws 2000, ch. 127, § 2; Laws 2004, ch. 4, § 1; Laws 2006, ch. 27, § 2; Laws 2019, ch. 150, § 3, eff. Jan. 1, 2020; Laws 2023, ch. 52, § 6, eff. July 1, 2023; Laws 2024, ch. 248, § 3, eff. July 9, 2024.

Notes of Decisions (105)

H R S § 134-7, HI ST § 134-7
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-7.2

## § 134-7.2. Prohibition against seizure of firearms or ammunition during emergency or disaster; suspension of permit or license

Currentness

(a) Notwithstanding any provision of chapter 127A or any other law to the contrary, no person or government entity shall seize or confiscate, under any emergency or disaster relief powers or functions conferred, or during any emergency period, as defined in section 127A-2, or during any time of national emergency or crisis, as defined in section 134-34, any firearm or ammunition from any individual who is lawfully permitted to carry or possess the firearm or ammunition under part I of this chapter and who carries, possesses, or uses the firearm or ammunition in a lawful manner and in accordance with the criminal laws of this State.

(b) Notwithstanding any provision of chapter 127A or any other law to the contrary, no person or government entity shall suspend, revoke, or limit, under any emergency or disaster relief powers or functions conferred, any lawfully acquired and maintained permit or license obtained under and in accordance with part I of this chapter.

(c) For purposes of this section, "government entity" means any unit of government in this State, including the State and any county or combination of counties, department, agency, institution, board, commission, district, council, bureau, office, governing authority, or other instrumentality of state or county government, or corporation or other establishment owned, operated, or managed by or on behalf of this State or any county.

**Credits**

Laws 2010, ch. 96, § 1, eff. July 1, 2010; Laws 2014, ch. 111, § 7, eff. July 1, 2014.

H R S § 134-7.2, HI ST § 134-7.2
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

🚩 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-7.3

§ 134-7.3. Seizure of firearms upon disqualification

Currentness

(a) If any applicant is denied a permit, the chiefs of police of the respective counties shall send, by certified mail, a notice setting forth the reasons for the denial and may require that the applicant voluntarily surrender all firearms and ammunition to the chief of police where the applicant resides or dispose of all firearms and ammunition. If an applicant fails to voluntarily surrender or dispose of all firearms and ammunition within thirty days from the date notice was mailed, the chief of police may seize all firearms and ammunition.

(b) Any person disqualified from ownership, possession, or control of firearms and ammunition under section 134-7 or part IV, within forty-eight hours of disqualification, shall voluntarily surrender all firearms and ammunition to the chief of police where the person resides or dispose of all firearms and ammunition. If any person fails to voluntarily surrender or dispose of all firearms and ammunition within forty-eight hours from the date of disqualification, the chief of police may seize all firearms and ammunition.

(c) For any person disqualified from ownership, possession, or control of firearms and ammunition under section 134-7(c), or because the person has been admitted to a psychiatric facility, whether for emergency or involuntary hospitalization, pursuant to part IV of chapter 334, once the chief of police is notified that the person is disqualified, the chief of police shall promptly issue a notice to the disqualified person to immediately surrender all firearms and ammunition. The notice shall be in writing, shall set forth the reasons for the disqualification, and shall state the requirement that the person immediately surrender all firearms and ammunition to the chief of police. If any person fails to voluntarily surrender all firearms and ammunition upon receiving notice, the chief of police may seize all firearms and ammunition. The firearms and ammunition shall be held in police custody until the person has been medically documented to be no longer adversely affected as provided in section 134-7 or until transferred or sold by the owner. Nothing in this subsection shall be construed to limit the duties imposed by subsection (b).

(d) For the purposes of this section, "dispose" means selling the firearms to a gun dealer licensed under section 134-31, transferring ownership of the firearms to any person who meets the requirements of section 134-2, or surrendering all firearms to the chief of police where the person resides for storage or disposal; provided that, for a person subject to section 134-7(f) or part IV, "dispose" shall not include transferring ownership of the firearms to any person who meets the requirements of section 134-2.

(e) The chief of police of the respective counties shall adopt procedures to implement and administer the provisions of this section by December 31, 2001.

**Credits**

Laws 2000, ch. 127, § 1; Laws 2004, ch. 4, § 2; Laws 2016, ch. 110, § 2, eff. June 22, 2016; Laws 2018, ch. 158, § 1, eff. July 1, 2018; Laws 2019, ch. 150, § 4, eff. Jan. 1, 2020.

H R S § 134-7.3, HI ST § 134-7.3
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                     © 2025 Thomson Reuters. No claim to original U.S. Government Works.

🚩 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
   Division 1. Government
     Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
       Part I. General Regulations

HRS § 134-7.5

[§ 134-7.5]. Seizure of firearms in domestic abuse situations; requirements; return of

Currentness

(a) Any police officer who has reasonable grounds to believe that a person has recently assaulted or threatened to assault a family or household member may seize all firearms and ammunition that the police officer has reasonable grounds to believe were used or threatened to be used in the commission of the offense. The police officer may seize any firearms or ammunition that are in plain view of the officer or were discovered pursuant to a consensual search, as necessary for the protection of the officer or any family or household member. Firearms seized under this section shall be taken to the appropriate county police department for safekeeping or as evidence.

(b) Upon taking possession of a firearm or ammunition, the officer shall give the owner or person who was in lawful possession of the firearm or ammunition a receipt identifying the firearm or ammunition and indicating where the firearm or ammunition can be recovered.

(c) The officer taking possession of the firearm or ammunition shall notify the person against whom the alleged assault or threatened assault was inflicted of remedies and services available to victims of domestic violence, including the right to apply for a domestic abuse restraining order.

(d) The firearm or ammunition shall be made available to the owner or person who was in lawful possession of the firearm or ammunition within seven working days after the seizure when:

  (1) The firearm or ammunition are not retained for use as evidence;

  (2) The firearm or ammunition are not retained because they are possessed illegally;

  (3) The owner or person who has lawful possession of the firearm or ammunition is not restrained by an order of any court from possessing a firearm or ammunition; and

  (4) No criminal charges are pending against the owner or person who has lawful possession of the firearm or ammunition when a restraining order has already issued.

**Credits**

Laws 1996, ch. 201, § 1.

Notes of Decisions (1)

H R S § 134-7.5, HI ST § 134-7.5
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                              © 2025 Thomson Reuters. No claim to original U.S. Government Works.

[§ 134-7.7. Sale of ammunition to a person under the age of ..., HI ST § 134-7.7
Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 32 of 139
PageID.1398

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-7.7

[§ 134-7.7]. Sale of ammunition to a person under the age of twenty-one; prohibition; penalty

Currentness

(a) No person shall intentionally, knowingly, or recklessly sell, offer to sell, distribute, or otherwise transfer ammunition for any firearm to any person who is under the age of twenty-one; provided that it shall not be a violation of this section to sell, offer to sell, distribute, or otherwise transfer ammunition to a person who:

(1) Meets the criteria to possess a firearm under section 134-5; and

(2) Is actively engaged in hunting or target shooting or going to or from the place of hunting or target shooting.

(b) Any person who sells, offers for sale, distributes, or otherwise transfers ammunition for any firearm shall check the government-issued photographic identification of the buyer or recipient to establish the age of the buyer or recipient before making the transfer.

(c) It shall be an affirmative defense to subsection (a) that the seller, distributor, or transferor of the ammunition had requested, examined, and reasonably relied upon a government-issued photographic identification establishing the age of the buyer or recipient as at least twenty-one years of age before selling, offering to sell, distributing, or otherwise transferring the ammunition.

(d) Any person violating subsection (a) shall be guilty of a misdemeanor.

**Credits**

Laws 2024, ch. 248, § 2, eff. July 9, 2024.

H R S § 134-7.7, HI ST § 134-7.7
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

🚩 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-8

## § 134-8. Ownership, etc., of automatic firearms, silencers, etc., prohibited; penalties

Currentness

(a) The manufacture, possession, sale, barter, trade, gift, transfer, or acquisition of any of the following is prohibited: assault pistols, except as provided by section 134-4(e); automatic firearms; rifles with barrel lengths less than sixteen inches; shotguns with barrel lengths less than eighteen inches; cannons; mufflers, silencers, or devices for deadening or muffling the sound of discharged firearms; hand grenades, dynamite, blasting caps, bombs, or bombshells, or other explosives; or any type of ammunition or any projectile component thereof coated with teflon or any other similar coating designed primarily to enhance its capability to penetrate metal or pierce protective armor; and any type of ammunition or any projectile component thereof designed or intended to explode or segment upon impact with its target.

(b) Any person who installs, removes, or alters a firearm part with the intent to convert the firearm to an automatic firearm shall be deemed to have manufactured an automatic firearm in violation of subsection (a).

(c) The manufacture, possession, sale, barter, trade, gift, transfer, or acquisition of detachable ammunition magazines with a capacity in excess of ten rounds which are designed for or capable of use with a pistol is prohibited. This subsection shall not apply to magazines originally designed to accept more than ten rounds of ammunition which have been modified to accept no more than ten rounds and which are not capable of being readily restored to a capacity of more than ten rounds.

(d) Any person violating subsection (a) or (b) shall be guilty of a class C felony and shall be imprisoned for a term of five years without probation. Any person violating subsection (c) shall be guilty of a misdemeanor except when a detachable magazine prohibited under this section is possessed while inserted into a pistol in which case the person shall be guilty of a class C felony.

**Credits**
Laws 1988, ch. 275, § 2; Laws 1989, ch. 261, § 6; Laws 1989, ch. 263, § 4; Laws 1992, ch. 286, §§ 3, 4.

Notes of Decisions (13)

H R S § 134-8, HI ST § 134-8
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document                          © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-8.5

## [§ 134-8.5]. Bump fire stock, multiburst trigger activator, or trigger crank; prohibition

Currentness

(a) Any person in this State who manufactures or causes to be manufactured, imports into the State, keeps for sale, or offers or exposes for sale, or who gives, lends, or possesses any bump fire stock, multiburst trigger activator, or trigger crank shall be guilty of a class C felony.

(b) As used in this section:

"Bump fire stock" means a butt stock designed to be attached to a semiautomatic firearm and designed, made, or altered to increase the rate of fire achievable with such firearm by using energy from the recoil of the firearm to generate a reciprocating action that facilitates repeated activation of the trigger.

"Multiburst trigger activator" means:

  (1) A device that simulates automatic gunfire by allowing standard function of a semiautomatic firearm with a static positioned trigger finger or a device that fires multiple shots with the pull and release of the trigger; or

  (2) A manual or power-driven trigger activating device constructed and designed so that when attached to a semiautomatic firearm it simulates automatic gunfire.

"Trigger crank" means any device to be attached to a semiautomatic firearm that repeatedly activates the trigger of the firearm through the use of a lever or other part that is turned in a circular motion, but does not include any firearm initially designed and manufactured to fire through the use of a crank or lever.

**Credits**
Laws 2018, ch. 157, § 1, eff. July 9, 2018.

H R S § 134-8.5, HI ST § 134-8.5
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

§ 134-9 Licenses to carry, HI ST § 134-9
Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 36 of 139
PageID.1402

KeyCite Yellow Flag - Negative Treatment

Unconstitutional or PreemptedNegative Treatment Reconsidered by Young v. Hawaii, 9th Cir.(Hawai'i), Mar. 24, 2021

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-9

## § 134-9. Licenses to carry

Currentness

(a) The chief of police of a county shall grant a license to an applicant to carry a pistol or revolver and ammunition concealed on the licensee's person within the State, if the applicant:

(1) Satisfies each of the criteria established by or pursuant to subsection (d);

(2) Is not prohibited under section 134-7 from the ownership, possession, or control of a firearm and ammunition;

(3) Is not found to be lacking the essential character or temperament necessary to be entrusted with a firearm as set forth in subsection (h);

(4) Is a citizen, national, or lawful permanent resident of the United States or a duly accredited official representative of a foreign nation;

(5) Is a resident of the State; and

(6) Is of the age of twenty-one years or more.

(b) The chief of police of a county may grant to an applicant a license to carry a pistol or revolver and ammunition unconcealed on the licensee's person within the county where the license is granted, if the applicant:

(1) Sufficiently establishes the urgency or need to carry a firearm unconcealed;

(2) Is engaged in the protection of life and property;

(3) Satisfies each of the criteria established by or pursuant to subsection (d);

(4) Is not prohibited under section 134-7 from the ownership, possession, or control of a firearm and ammunition;

(5) Is not found to be lacking the essential character or temperament necessary to be entrusted with a firearm as set forth in subsection (h);

(6) Is a citizen, national, or lawful permanent resident of the United States; and

(7) Is of the age of twenty-one years or more.

(c) The chief of police of the appropriate county, or a designated representative of the chief of police, shall perform an inquiry on an applicant by using the National Instant Criminal Background Check System, to include a check of the Immigration and Customs Enforcement databases if the applicant is not a citizen of the United States, before any determination to grant a concealed or unconcealed license is made.

(d) To be eligible to receive a license to carry a concealed or unconcealed pistol or revolver on the licensee's person, the applicant shall:

(1) Submit the appropriate carry license application, in person, to the chief of police of the appropriate county, with:

(A) All fields on the application form completed and all questions answered truthfully, under penalty of law;

(B) All required signatures present on the application;

(C) Any required documents attached to the application; and

(D) Payment of the nonrefundable license application fee required under this section;

(2) Be the registered owner of the firearm or firearms for which the license to carry will be issued; provided that this paragraph shall not apply to detectives, private detectives, investigators, and guards with an active license issued pursuant to chapter 463;

(3) Not be prohibited under section 134-7 from the ownership, possession, or control of a firearm;

(4) Have completed a course of training as described in subsection (e) and be certified as qualified to use the firearm or firearms for which the license to carry will be issued in a safe manner; and

(5) Sign an affidavit expressly acknowledging that:

(A) The applicant has read and is responsible for understanding and complying with the federal, state, and county laws governing the permissible use of firearms and associated requirements, including:

(i) The prohibition on carrying or possessing a firearm in certain locations and premises;

(ii) The prohibition on carrying more than one firearm on the licensee's person at one time;

(iii) The prohibition on carrying a firearm on private property of another person without the express authorization of the owner, lessee, operator, or manager of the private property;

(iv) The requirement to maintain possession of the license on the licensee's person while carrying a firearm;

(v) The requirement to disclose information regarding the carrying of a firearm when stopped by law enforcement;

(vi) The provision for absolute liability for injury or property damage proximately caused by a legally unjustified discharge of a firearm under section 663-9.5; and

(vii) Laws regarding the use of deadly force for self-defense or the defense of another;

(B) A license to carry issued under this section shall be void if a licensee becomes disqualified from the ownership, possession, or control of a firearm pursuant to section 134-7(a), (b), (d), or (f);

(C) The license shall be subject to revocation under section 134-13 if a licensee for any other reason becomes disqualified under section 134-7 from the ownership, possession, or control of a firearm; and

(D) A license that is revoked or that becomes void shall be returned to the chief of police of the appropriate county within forty-eight hours after the license is revoked or becomes void.

(e) The course of training for issuance of a license under this section may be any course acceptable to the licensing authority that meets all of the following criteria:

(1) The course shall include in-person instruction on firearm safety; firearm handling; shooting technique; safe storage; legal methods to transport firearms and secure firearms in vehicles; laws governing places in which persons are prohibited from carrying a firearm; firearm usage in low-light situations; situational awareness and conflict management; and laws governing firearms, including information regarding the circumstances in which deadly force may be used for self-defense or the defense of another;

(2) The course shall include a component on mental health and mental health resources;

(3) Except for the component on mental health and mental health resources, the course shall be conducted by one or more firearms instructors certified or verified by the chief of police of the respective county or a designee of the chief of police or certified by a nongovernmental organization approved for those purposes by the chief of police of the respective county or a designee of the chief of police, or conducted by one or more certified military firearms instructors;

(4) The course shall require participants to demonstrate their understanding of the covered topics by achieving a score of at least seventy per cent on a written examination; and

(5) The course shall include live-fire shooting exercises on a firing range and shall include a demonstration by the applicant of safe handling of, and shooting proficiency with, each firearm that the applicant is applying to be licensed to carry.

(f) Upon passing the course of training identified in subsection (e), the applicant shall obtain from the instructor, and include as part of the applicant's application package, a certification as to the following:

(1) The applicant's name, as confirmed by reviewing the applicant's government-issued photo identification;

(2) The date and location of the firearm proficiency test;

(3) The firearm or firearms that the applicant used in the firearm proficiency test;

(4) The applicant's score; provided that an indication that the applicant passed or failed, without the score itself, shall be insufficient information for the purposes of the application; and

(5) The instructor's qualifications to administer the firearm proficiency test.

The certification of the above information, signed by the firearms instructor who conducted or taught the course, providing the name, address, and phone number of the instructor, shall constitute evidence of successful completion of the course; provided that the instructor shall not submit a certification signed by the instructor for the instructor's own license application. The course of training for issuance of a license under this section shall be undertaken at the licensee's expense.

(g) An applicant for a license under this section shall:

(1) Sign a waiver at the time of application, allowing the chief of police of the county issuing the license or a designee of the chief of police access to any records that have a bearing on the mental health of the applicant; and

(2) Identify any health care providers who possess or may possess the records described in paragraph (1).

(h) In determining whether a person lacks the essential character or temperament necessary to be entrusted with a firearm, the licensing authority shall consider whether the person poses a danger of causing a self-inflicted bodily injury or unlawful injury to another person, as evidenced by:

(1) Information from a health care provider indicating that the person has had suicidal or homicidal thoughts or tendencies within the preceding five years;

(2) Statements or actions by the person indicating any dangerous propensity or violent animus toward one or more individuals or groups, including groups based on race, color, national origin, ancestry, sex, gender identity, gender expression, sexual orientation, age, disability, religion, or any other characteristic, and the propensity or animus is of a nature or to an extent that would objectively indicate to a reasonable observer that it would not be in the interest of the public health, safety, or welfare for the person to own, possess, or control a firearm or ammunition; or

(3) Other information that would lead a reasonable, objective observer to conclude that the person presents or would present a danger to the community as a result of carrying a firearm in public or intends or is likely to use a firearm for an unlawful purpose or in an unlawful manner.

(i) A nonrefundable fee of $150 shall be charged for each license application submitted under this section. The fee shall be chargeable by and payable to the appropriate county and shall be used for expenses related to police services. The issuing authority shall waive the fee required by this subsection upon a showing of financial hardship by the applicant.

(j) If the applicant satisfies each of the requirements for a concealed carry license, an application for a concealed carry license submitted to the chief of police of the appropriate county under this section shall be approved within a reasonable time after receipt of all required application materials. If the applicant does not satisfy one or more of the requirements for a concealed carry license, the license shall be denied within a reasonable time after receipt of the application materials. If an application is denied, the chief of police or a designee of the chief of police shall notify the applicant of the denial in writing, stating the ground or grounds for the denial and informing the applicant of the right to seek review of the denial through a hearing pursuant to subsection (k). If the chief of police does not grant or deny a submitted application for a concealed carry license within one hundred twenty days following the date of the application, the application shall be deemed denied as of that date for purposes of subsection (k).

(k) If an application under this section is denied, a person or entity aggrieved by the denial shall be entitled to a hearing before the chief of police of the appropriate county or a designee of the chief of police. A person or entity aggrieved by the denial shall submit a request for a hearing in writing to the chief of police of the appropriate county no later than thirty days following the date of the decision or determination notice. The hearing shall constitute a contested case hearing for purposes of chapter 91. Following the hearing and final decision, an aggrieved party shall be entitled to a judicial review proceeding in state circuit court in accordance with section 91-14.

(l) If an application pursuant to this section is approved, the chief of police shall issue the applicant a license that contains, at minimum:

(1) The licensee's name;

(2) The licensee's address;

(3) A photograph of the licensee taken within ninety days before issuance of the license;

(4) The county of issuance;

(5) A notation as to whether the license permits concealed or unconcealed carry;

(6) The serial number of each registered firearm that the licensee may carry pursuant to the license; and

(7) The license expiration date.

The license issued under this subsection shall not constitute a government-issued photo identification document under federal or state law.

(m) Unless renewed, a concealed or unconcealed license shall expire four years from the date of issue.

(n) A license to carry issued under this section shall be void if a licensee becomes disqualified from the ownership, possession, or control of a firearm pursuant to section 134-7(a), (b), (d), or (f). If a licensee for any other reason becomes disqualified under section 134-7 from the ownership, possession, or control of a firearm, the license shall be subject to revocation under section 134-13. A license that is void or revoked shall be returned to the chief of police of the appropriate county within forty-eight hours after the license becomes void or is revoked.

(o) The chief of police of each county shall adopt procedures to implement this section.

(p) The chief of police of each county shall establish procedures and criteria for the renewal of licenses issued under this section. No license renewal shall be granted if an applicant for a renewed license does not satisfy, or no longer satisfies, the eligibility criteria for a new license set forth in subsections (a) through (d). As a precondition for the renewal of licenses issued under this section, the chief of police of each county may establish reasonable continuing education, training, and certification requirements, including requirements pertaining to the safe handling of firearms and shooting proficiency. A nonrefundable fee of $50 shall be charged for each license renewal application submitted under this section. The fee shall be chargeable by and payable to the appropriate county and shall be used for expenses related to police services. The issuing authority shall waive the fee required by this subsection upon a showing of financial hardship by the applicant.

(q) No person carrying a firearm pursuant to a license issued under this section shall intentionally, knowingly, or recklessly carry more than one firearm on the licensee's person at one time.

(r) A license issued by the chief of police of a county within the State under subsection (a) to carry a pistol or revolver and ammunition concealed on the licensee's person shall be valid for use in each county within the State.

**Credits**

Laws 1988, ch. 275, § 2; Laws 1994, ch. 204, § 8; Laws 1997, ch. 254, §§ 2, 4; Laws 2000, ch. 96, § 1; Laws 2002, ch. 79, § 1; Laws 2006, ch. 27, § 3; Laws 2006, ch. 66, § 3; Laws 2007, ch. 9, § 8, eff. April 9, 2007; Laws 2023, ch. 52, § 7, eff. Jan. 1, 2024.

**Editors' Notes**

### VALIDITY

*<For validity of this section, see Young v. Hawaii, 2018, 896 F.3d 1044, rehearing en banc granted 915 F.3d 681.>*

Notes of Decisions (45)

H R S § 134-9, HI ST § 134-9
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment

Unconstitutional or PreemptedValidity Called into Doubt by Wolford v. Lopez, 9th Cir.(Hawai'i), Sep. 06, 2024

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-9.1

## [§ 134-9.1]. Carrying or possessing a firearm in certain locations and premises prohibited; penalty

Currentness

(a) A person with a license issued under section 134-9, or authorized to carry a firearm in accordance with title 18 United States Code section 926B or 926C, shall not intentionally, knowingly, or recklessly carry or possess a loaded or unloaded firearm, whether the firearm is operable or not, and whether the firearm is concealed or unconcealed, while in any of the following locations and premises within the State:

(1) Any building or office owned, leased, or used by the State or a county, and adjacent grounds and parking areas, including any portion of a building or office used for court proceedings, legislative business, contested case hearings, agency rulemaking, or other activities of state or county government;

(2) Any public or private hospital, mental health facility, nursing home, clinic, medical office, urgent care facility, or other place at which medical or health services are customarily provided, including adjacent parking areas;

(3) Any adult or juvenile detention or correctional facility, prison, or jail, including adjacent parking areas;

(4) Any bar or restaurant serving alcohol or intoxicating liquor as defined in section 281-1 for consumption on the premises, including adjacent parking areas;

(5) Any stadium, movie theater, or concert hall, or any place at which a professional, collegiate, high school, amateur, or student sporting event is being held, including adjacent parking areas;

(6) All public library property, including buildings, facilities, meeting rooms, spaces used for community programming, adjacent grounds, and parking areas;

(7) The campus or premises of any public or private community college, college, or university, and adjacent parking areas, including buildings, classrooms, laboratories, research facilities, artistic venues, and athletic fields or venues;

(8) The campus or premises of any public school, charter school, private school, preschool, summer camp, or child care facility as defined in section 346-151, including adjacent parking areas, but not including:

    (A) A private residence at which education is provided for children who are all related to one another by blood, marriage, or adoption; or

    (B) A dwelling when not used as a child care facility;

(9) Any beach, playground, park, or adjacent parking area, including any state park, state monument, county park, tennis court, golf course, swimming pool, or other recreation area or facility under control, maintenance, and management of the State or a county, but not including an authorized target range or shooting complex;

(10) Any shelter, residential, or programmatic facility or adjacent parking area operated by a government entity or charitable organization serving unhoused persons, victims of domestic violence, or children, including children involved in the juvenile justice system;

(11) Any voter service center as defined in section 11-1 or other polling place, including adjacent parking areas;

(12) The premises of any bank or financial institution as defined in section 211D-1, including adjacent parking areas;

(13) Any place, facility, or vehicle used for public transportation or public transit, and adjacent parking areas, including buses, paratransit vans, bus shelters and terminals (but not including bus stops located on public sidewalks), trains, rail stations, and airports;

(14) Any amusement park, aquarium, carnival, circus, fair, museum, water park, or zoo, including adjacent parking areas; or

(15) Any public gathering, public assembly, or special event conducted on property open to the public, including any demonstration, march, rally, vigil, protest, picketing, or other public assembly, for which a permit is obtained from the federal government, the State, or a county, and the sidewalk or street immediately adjacent to the public gathering, public assembly, or special event; provided that there are signs clearly and conspicuously posted at visible places along the perimeter of the public gathering, public assembly, or special event.

(b) This section shall not apply to a person in an exempt category identified in section 134-11(a). It shall be an affirmative defense to any prosecution under this section that a person is:

(1) Carrying or possessing an unloaded firearm in a police station in accordance with section 134-23(a)(6), 134-24(a)(6), or 134-25(a)(6);

(2) Carrying or possessing an unloaded firearm at an organized, scheduled firearms show or exhibit;

[§ 134-9.1 Carrying or possessing a firearm in certain locations... HI ST § 134-9...

Case 1:24-cv-00496-JAO-WRP    Document 29-3    Filed 03/18/25    Page 45 of 139
PageID.1411

(3) Lawfully carrying or possessing a firearm for hunting in compliance with section 134-5;

(4) A private security officer expressly authorized to carry or possess a weapon in a location or premises listed in subsection (a) by the owner, lessee, operator, or manager of the location or premises; provided that the private security officer is acting within the private security officer's scope of employment;

(5) Carrying or possessing an unloaded firearm in a courthouse for evidentiary purposes with the prior express authorization of the court;

(6) Lawfully present within the person's own home, other than a college or university dormitory or shelter or residential facility serving unhoused persons or victims of domestic violence;

(7) Carrying a firearm pursuant to a license issued under section 134-9 or in accordance with title 18 United States Code section 926B or 926C in the immediate area surrounding the person's vehicle within a parking area for the limited purpose of storing or retrieving the firearm;

(8) Possessing a firearm in an airport or any place, facility, or vehicle used for public transportation or public transit; provided that the firearm is unloaded and in a locked hard-sided container for the purpose of transporting the firearm;

(9) Walking through a public gathering, public assembly, or special event if necessary to access the person's residence, place of business, or vehicle; provided that the person does not loiter or remain longer than necessary to complete their travel or business; or

(10) Carrying a concealed firearm in accordance with title 18 United States Code section 926B or 926C in a location or premises within the State that is not a State or county property, installation, building, base, or park, and not a location or premises where a private person or entity has prohibited or restricted the possession of concealed firearms on their property.

(c) The presence of a person in any location or premises listed in subsection (a) shall be prima facie evidence that the person knew it was a location or premises listed in subsection (a).

(d) Where only a portion of a building or office is owned, leased, or used by the State or a county, this section shall not apply to the portion of the building or office that is not owned, leased, or used by the State or a county, unless carrying or possessing a firearm within that portion is otherwise prohibited by this section.

(e) As used in this section, "private security officer" means any person employed and duly licensed to engage in the private detective or guard business pursuant to chapter 463.

(f) Any person who violates this section shall be guilty of a misdemeanor.

(g) If any ordinance of any county of the State establishing locations where the carrying of firearms is prohibited is inconsistent with this section or with section 134-9.5, the ordinance shall be void to the extent of the inconsistency.

**Credits**

Laws 2023, ch. 52, § 2, eff. July 1, 2023.

**Editors' Notes**

**VALIDITY**

<For validity of section, see Wolford v. Lopez, 2024, 2024 WL 4097462.>

H R S § 134-9.1, HI ST § 134-9.1
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-9.2

[§ 134-9.2]. Duty to maintain possession of license while carrying a firearm; duty to disclose; penalty

Currentness

(a) A person carrying a firearm pursuant to a license issued under section 134-9 or in accordance with title 18 United States Code section 926B or 926C shall have in the person's immediate possession:

(1) The license issued under section 134-9 or documentation regarding the person's qualifications under title 18 United States Code section 926B or 926C;

(2) Government-issued photo identification; and

(3) Except with respect to firearms that are a part of the official equipment of any federal agency as provided under section 134-11(b), documentary evidence that the firearm being carried is registered under this chapter,

and shall, upon request from a law enforcement officer, present government-issued photo identification and the license or credentials and evidence of registration.

(b) When a person carrying a firearm, including a person carrying a firearm pursuant to a license issued under section 134-9 or in accordance with title 18 United States Code section 926B or 926C, is stopped by a law enforcement officer or is a driver or passenger in a vehicle stopped by a law enforcement officer, the person carrying a firearm shall immediately disclose to the law enforcement officer that the person is carrying a firearm, and shall, upon request:

(1) Identify the specific location of the firearm; and

(2) Present to the law enforcement officer a license to carry a firearm issued under section 134-9 or documentation regarding the person's qualifications under title 18 United States Code section 926B or 926C.

(c) Any person who violates this section shall be guilty of a petty misdemeanor.

**Credits**

Laws 2023, ch. 52, § 2, eff. July 1, 2023.

H R S § 134-9.2, HI ST § 134-9.2
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document** | © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-9.3

## [§ 134-9.3]. Leaving unsecured firearm in vehicle unattended; penalty

Currentness

(a) No person shall intentionally, knowingly, or recklessly store or otherwise leave a loaded or unloaded firearm out of the person's immediate possession or control inside a vehicle without first securely locking the firearm in a safe storage depository that is out of sight from outside of the vehicle.

(b) For purposes of this section, "safe storage depository" means a safe or other secure impact- and tamper-resistant container that, when locked, is incapable of being opened without a key, keypad, combination, or other unlocking mechanism and is capable of preventing an unauthorized person from obtaining access to or possession of the firearm contained therein. A vehicle's trunk or glove box alone, even if locked, is not a safe storage depository.

(c) This section shall not apply to a person in an exempt category identified in section 134-11(a).

(d) Any person who violates subsection (a) shall be guilty of a petty misdemeanor.

**Credits**

Laws 2023, ch. 52, § 2, eff. July 1, 2023.

H R S § 134-9.3, HI ST § 134-9.3
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 50 of 139
PageID.1416

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-9.4

[§ 134-9.4]. Unlawful conduct while carrying a firearm; penalty

Currentness

(a) A person carrying a firearm shall not:

(1) Consume alcohol or intoxicating liquor;

(2) Consume a controlled substance;

(3) Be under the influence of alcohol or intoxicating liquor; or

(4) Be under the influence of a controlled substance.

(b) As used in this section:

"Alcohol" and "intoxicating liquor" shall have the same meaning as in section 281-1.

"Controlled substance" means a drug, substance, or immediate precursor in schedules I through III of part II of chapter 329.

(c) Any person who violates this section shall be guilty of a misdemeanor; provided that any person who violates this section by consuming or being under the influence of alcohol or an intoxicating liquor shall be guilty of a petty misdemeanor.

**Credits**
Laws 2023, ch. 52, § 2, eff. July 1, 2023.

H R S § 134-9.4, HI ST § 134-9.4
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

⬛ KeyCite Yellow Flag - Negative Treatment

Unconstitutional or PreemptedNegative Treatment Reconsidered by Wolford v. Lopez, 9th Cir.(Hawai'i), Sep. 06, 2024

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-9.5

[§ 134-9.5]. Carrying or possessing a firearm on private
property of another person without authorization; penalty

Currentness

(a) A person carrying a firearm pursuant to a license issued under section 134-9 shall not intentionally, knowingly, or recklessly enter or remain on private property of another person while carrying a loaded or unloaded firearm, whether the firearm is operable or not, and whether the firearm is concealed or unconcealed, unless the person has been given express authorization to carry a firearm on the property by the owner, lessee, operator, or manager of the property.

(b) For purposes of this section, express authorization to carry or possess a firearm on private property shall be signified by:

    (1) Unambiguous written or verbal authorization; or

    (2) The posting of clear and conspicuous signage at the entrance of the building or on the premises,

by the owner, lessee, operator, or manager of the property, or agent thereof, indicating that carrying or possessing a firearm is authorized.

(c) For purposes of this section:

"Private entity" means any homeowners' association, community association, planned community association, condominium association, cooperative, or any other nongovernmental entity with covenants, bylaws, or administrative rules, regulations, or provisions governing the use of private property.

"Private property" does not include property that is owned or leased by any governmental entity.

"Private property of another person" means residential, commercial, industrial, agricultural, institutional, or undeveloped property that is privately owned or leased, unless the person carrying a firearm is an owner, lessee, operator, or manager of the property, including an ownership interest in a common element or limited common element of the property; provided that nothing in this chapter shall be construed to limit the enforceability of a provision in any private rental agreement restricting a tenant's possession or use of firearms, the enforceability of a restrictive covenant restricting the possession or use of firearms, or the authority of any private entity to restrict the possession or use of firearms on private property.

(d) This section shall not apply to a person in an exempt category identified in section 134-11(a).

(e) Any person who violates this section shall be guilty of a misdemeanor.

**Credits**

Laws 2023, ch. 52, § 2, eff. July 1, 2023.

**Editors' Notes**

**VALIDITY**

&lt;For validity of section, see Wolford v. Lopez, 2024, 2024 WL 4097462.&gt;

H R S § 134-9.5, HI ST § 134-9.5
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                                       © 2025 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
    Division 1. Government
        Title 10. Public Safety and Internal Security
            Chapter 134. Firearms, Ammunition and Dangerous Weapons
                Part I. General Regulations

HRS § 134-9.6

## [§ 134-9.6]. Annual report on licenses to carry

Currentness

(a) No later than April 1, 2024, and April 1 of each year thereafter, the department of the attorney general shall publish a report on its publicly available website that includes, if available:

(1) The number of licenses to carry applied for, issued, revoked, and denied, further categorized by the age, gender, race, and county of residence of each applicant or licensee;

(2) The specific reasons for each revocation and denial;

(3) Analysis of denials based on applicants' failure to meet the standards of section 134-9(d), and recommendations to remedy any disparities in denial rates by age, gender, or race;

(4) The number of appeals and appeals granted; and

(5) The number of violations of section 134-9.1.

(b) No later than February 1 of each year, the chief of police of each county shall supply the department of the attorney general with the data the department requires to complete the report under subsection (a).

**Credits**
Laws 2023, ch. 52, § 2, eff. July 1, 2023.

H R S § 134-9.6, HI ST § 134-9.6
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                            © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
   Division 1. Government
      Title 10. Public Safety and Internal Security
         Chapter 134. Firearms, Ammunition and Dangerous Weapons
         Part I. General Regulations

HRS § 134-9.7

[§ 134-9.7]. Failure to conceal a firearm by a concealed carry licensee; penalty

Currentness

(a) A person commits the offense of failure to conceal a firearm by a concealed carry licensee if a person is carrying a firearm pursuant to a license issued under section 134-9(a) and intentionally, knowingly, or recklessly causes alarm to another person by failing to conceal the firearm, even briefly, whether the firearm was loaded or not, and whether operable or not.

(b) It shall be a defense to any prosecution under this section if the person:

   (1) Was within the person's private residence; or

   (2) Caused the firearm to be unconcealed for the purpose of self-defense in accordance with section 703-304 or defense of another person in accordance with section 703-305.

(c) Failure to conceal a firearm by a concealed carry licensee shall be a petty misdemeanor.

**Credits**
Laws 2023, ch. 52, § 2, eff. July 1, 2023.

H R S § 134-9.7, HI ST § 134-9.7
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 55 of 139
PageID.1421

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-10

## § 134-10. Alteration of identification marks prohibited

Currentness

No person shall wilfully alter, remove, or obliterate the name of the make, model, manufacturer's number, or other mark of identity of any firearm or ammunition. Possession of a firearm or ammunition upon which any mark of identity has been altered, removed, or obliterated shall be presumptive evidence that the possessor has altered, removed, or obliterated the mark of identity.

**Credits**

Laws 1988, ch. 275, § 2.

H R S § 134-10, HI ST § 134-10
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                                      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-10.2

§ 134-10.2. Manufacturing, purchasing, or obtaining firearm
parts to assemble a firearm having no serial number; penalty

Currentness

(a) A person who is not licensed to manufacture a firearm under section 134-31, or who is not a dealer licensed by the United States Department of Justice, shall not, for the purpose of assembling a firearm, possess, purchase, produce with a three-dimensional printer, or otherwise obtain separately, or as part of a kit:

(1) A firearm receiver that is not imprinted with a serial number registered with a federally licensed manufacturer;

(2) A firearm receiver that has not been provided a serial number that may be registered in accordance with section 134-3(c); or

(3) Any combination of parts from which a firearm having no serial number may be readily assembled; provided that the parts do not have the capacity to function as a firearm unless assembled.

(b) Violation of this section is a class C felony.

**Credits**
Laws 2020, ch. 74, § 3, eff. Sept. 15, 2020; Laws 2021, ch. 149, § 2, eff. Jan. 1, 2022.

H R S § 134-10.2, HI ST § 134-10.2
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                                  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

🚩 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-10.5

§ 134-10.5. Storage of firearm; responsibility with respect to minors

Currentness

No person shall store or keep any firearm on any premises under the person's control if the person knows or reasonably should know that a minor is likely to gain access to the firearm without the permission of the parent or guardian of the minor, unless the person:

(1) Keeps the firearm in a securely locked box or other container or in a location that a reasonable person would believe to be secure; or

(2) Carries the firearm on the person or within such close proximity thereto that the person can readily retrieve and use it as if it were carried on the person.

For purposes of this section, "minor" means any person under the age of eighteen years.

**Credits**
Laws 1992, ch. 288, § 1; Laws 2021, ch. 148, § 2, eff. July 1, 2021.

H R S § 134-10.5, HI ST § 134-10.5
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**        © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-11

§ 134-11. Exemptions

Currentness

(a) Sections 134-7 to 134-9 and 134-21 to 134-27, except section 134-7(f), shall not apply:

(1) To state and county law enforcement officers; provided that such persons are not convicted of an offense involving abuse of a family or household member under section 709-906;

(2) To members of the armed forces of the State and of the United States and mail carriers while in the performance of their respective duties if those duties require them to be armed;

(3) To regularly enrolled members of any organization duly authorized to purchase or receive the weapons from the United States or from the State; provided the members are either at, or going to or from, their places of assembly or target practice;

(4) To persons employed by the State, or subdivisions thereof, or the United States while in the performance of their respective duties or while going to and from their respective places of duty if those duties require them to be armed;

(5) To aliens employed by the State, or subdivisions thereof, or the United States while in the performance of their respective duties or while going to and from their respective places of duty if those duties require them to be armed; and

(6) To police officers on official assignment in Hawaii from any state which by compact permits police officers from Hawaii while on official assignment in that state to carry firearms without registration. The governor of the State or the governor's duly authorized representative may enter into compacts with other states to carry out this paragraph.

(b) Sections 134-2 and 134-3 shall not apply to such firearms or ammunition that are a part of the official equipment of any federal agency.

(c) Sections 134-8, 134-9, and 134-21 to 134-27, shall not apply to the possession, transportation, or use, with blank cartridges, of any firearm or explosive solely as props for motion picture film or television program production when authorized by the chief of police of the appropriate county pursuant to section 134-2.5 and not in violation of federal law.

**Credits**

Laws 1988, ch. 275, § 2; Laws 1988, ch. 272, § 2; Laws 1989, ch. 211, § 10; Laws 1990, ch. 281, § 11; Laws 1996, ch. 60, §§ 1, 2; Laws 1999, ch. 202, § 1; Laws 1999, ch. 297, § 2; Laws 2006, ch. 66, § 4.

Notes of Decisions (5)

H R S § 134-11, HI ST § 134-11
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:24-cv-00406-JAO-WRP    Document 49-3    Filed 03/18/25    Page 60 of 139
PageID.1426

KeyCite Red Flag - Severe Negative Treatment

KeyCite Red Flag Negative Treatment§  134-12.   Repealed by Laws 1991, ch. 166, §  10

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-12

§ 134-12. Repealed by Laws 1991, ch. 166, § 10

Currentness

H R S § 134-12, HI ST § 134-12
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
    Division 1. Government
        Title 10. Public Safety and Internal Security
            Chapter 134. Firearms, Ammunition and Dangerous Weapons
            Part I. General Regulations

HRS § 134-12.5

## [§ 134-12.5]. Forfeiture of firearms, ammunition, deadly or dangerous weapons, and switchblade knives; when

Currentness

All firearms, ammunition, deadly or dangerous weapons, and switchblade knives possessed, used in violation of this chapter or the Hawaii Penal Code shall be forfeited to the State according to the provisions of chapter 712A and shall be destroyed or, if not destroyed, transferred to the chief of police of the county in which the violation took place for use by and under control of the police department.

**Credits**

Laws 1991, ch. 166, § 9.

H R S § 134-12.5, HI ST § 134-12.5
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
      Part I. General Regulations

HRS § 134-13

## § 134-13. Revocation of permits and licenses

Currentness

(a) All permits and licenses provided for under this part shall be revoked by the issuing authority, and may be revoked by any court, if the issuing authority or court determines that the permit or license is subject to revocation because the permit or license holder does not satisfy, or no longer satisfies, the applicable qualifications or requirements associated with the permit or license.

(b) If the issuing authority determines that a permit or license is subject to revocation, the issuing authority shall notify the permit or license holder of the determination in writing, stating the grounds for the determination and informing the permit or license holder of the right to seek a hearing before the issuing authority regarding the determination before revocation. Unless the permit or license holder submits a request for a hearing in writing to the issuing authority no later than thirty days following the date of the written notice that the permit or license is subject to revocation, the permit or license shall be immediately revoked by the issuing authority. Any hearing regarding a determination on whether a permit or license is subject to revocation shall constitute a contested case hearing for purposes of chapter 91. A person or entity aggrieved by a revocation under this section may apply for judicial review in state circuit court in accordance with section 91-14.

(c) If a permit or license is revoked pursuant to this section, the former permit or license holder shall return the permit or license to the issuing authority within forty-eight hours following receipt of the notice of revocation.

**Credits**
Laws 1988, ch. 275, § 2; Laws 2023, ch. 52, § 8, eff. July 1, 2023.

H R S § 134-13, HI ST § 134-13
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-14

## § 134-14. Report

Currentness

Within ten days after the last day of each month, each of the authorities authorized in this chapter to issue or revoke permits and licenses shall make a report to the department of the attorney general of all permits and licenses issued or revoked by the authority as of the last day of the preceding month. The report shall be in the manner and form as the attorney general may prescribe.

**Credits**

Laws 1988, ch. 275, § 2.

H R S § 134-14, HI ST § 134-14

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                          © 2025 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-15

## § 134-15. Restriction of materials for manufacture of pistols or revolvers

Currentness

(a) It shall be unlawful for any person, including a licensed manufacturer, licensed importer, or licensed dealer, to possess, sell, or deliver any pistol or revolver the frame or receiver of which is a die casting of zinc alloy which has a melting temperature of less than 800 degrees Fahrenheit.

(b) This section shall not apply to any pistol or revolver duly registered prior to July 1, 1975, pursuant to section 134-3 or to any antique pistol or revolver.

**Credits**

Laws 1988, ch. 275, § 2.

H R S § 134-15, HI ST § 134-15
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**     © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 65 of 139
PageID.1431

🚩 KeyCite Red Flag - Severe Negative Treatment
KeyCite Red Flag Negative Treatment§ 134-16.    Repealed by Laws 2021, ch. 183, § 8, eff. Jan. 1, 2022

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-16

§ 134-16. Repealed by Laws 2021, ch. 183, § 8, eff. Jan. 1, 2022

Currentness

H R S § 134-16, HI ST § 134-16
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**        © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
      Part I. General Regulations

HRS § 134-17

§ 134-17. Penalties

Currentness

(a) If any person intentionally, knowingly, or recklessly makes any materially false, fictitious, or fraudulent statement or representation in connection with any of the requirements of this part, that person shall be guilty of a misdemeanor; provided that if any person intentionally, knowingly, or recklessly makes any materially false, fictitious, or fraudulent statement or representation regarding the person's psychiatric or criminal history in connection with any of the requirements of this part, that person shall be guilty of a class C felony.

(b) Any person who violates:

(1) Section 134-2, 134-4, 134-10, 134-13(c), or 134-15 shall be guilty of a misdemeanor;

(2) Section 134-3(a) or 134-9(q) shall be guilty of a petty misdemeanor; or

(3) Section 134-3(b) shall be guilty of a petty misdemeanor and the firearm shall be confiscated as contraband and disposed of, if the firearm is not registered within five days of the person receiving notice of the violation.

**Credits**
Laws 1988, ch. 275, § 2; Laws 1994, ch. 204, § 9; Laws 2021, ch. 183, § 5, eff. Jan. 1, 2022; Laws 2023, ch. 52, § 9, eff. July 1, 2023.

Notes of Decisions (2)

H R S § 134-17, HI ST § 134-17
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2025 Thomson Reuters. No claim to original U.S. Government Works.    1

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-18

§ 134-18. Qualified immunity for physicians, psychologists, psychiatrists, physician assistants,
or advanced practice registered nurses who provide information on permit or license applicants

Currentness

There shall be no civil liability for any physician, psychologist, psychiatrist, physician assistant, or advanced practice registered
nurse who provides information or renders an opinion in response to an inquiry made for purposes of issuing a firearm permit
under section 134-2, issuing or renewing a license under section 134-9, or investigating the continuing mental health of the holder
of a valid firearm permit or license; provided that the physician, psychologist, psychiatrist, physician assistant, or advanced
practice registered nurse acted without malice.

**Credits**

Laws 1992, ch. 287, § 1; Laws 1994, ch. 204, § 10; Laws 2023, ch. 52, § 10, eff. July 1, 2023.

H R S § 134-18, HI ST § 134-18
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                           © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-21

## [§ 134-21]. Carrying or use of firearm in the commission of a separate felony; penalty

Currentness

(a) It shall be unlawful for a person to knowingly carry on the person or have within the person's immediate control or intentionally use or threaten to use a firearm while engaged in the commission of a separate felony, whether the firearm was loaded or not, and whether operable or not; provided that a person shall not be prosecuted under this subsection when the separate felony is:

(1) A felony offense otherwise defined by this chapter;

(2) The felony offense of reckless endangering in the first degree under section 707-713;

(3) The felony offense of terroristic threatening in the first degree under section 707-716(1)(a), 707-716(1)(b), or [707-716(1)(e)]; or

(4) The felony offenses of criminal property damage in the first degree under section 708-820 or criminal property damage in the second degree under section 708-821 and the firearm is the instrument or means by which the property damage is caused.

(b) A conviction and sentence under this section shall be in addition to and not in lieu of any conviction and sentence for the separate felony; provided that the sentence imposed under this section may run concurrently or consecutively with the sentence for the separate felony.

(c) Any person violating this section shall be guilty of a class A felony.

**Credits**

Laws 2006, ch. 66, § 1.

Notes of Decisions (63)

H R S § 134-21, HI ST § 134-21
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-21.5

[§ 134-21.5]. Carrying of a firearm in the commission of a separate misdemeanor; penalty

Currentness

(a) It shall be unlawful for a person to knowingly carry on the person or have within the person's immediate control a firearm while engaged in the commission of a separate misdemeanor offense, whether the firearm was loaded or not, and whether operable or not; provided that a person shall not be prosecuted under this section when the separate offense is an offense otherwise defined by this chapter or is the offense of criminally negligent storage of a firearm under section 707-714.5.

(b) A conviction and sentence under this section shall be in addition to and not in lieu of any conviction and sentence for the separate misdemeanor; provided that the sentence imposed under this section may run concurrently or consecutively with the sentence for the separate misdemeanor.

(c) Any person violating this section shall be guilty of a class C felony.

(d) For the purposes of this section, "misdemeanor" does not include a petty misdemeanor.

**Credits**
Laws 2024, ch. 21, § 2, eff. May 13, 2024.

H R S § 134-21.5, HI ST § 134-21.5
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-22

# [§ 134-22]. Possession of a firearm with intent to facilitate the commission of a felony drug offense; penalty

Currentness

(a) It shall be unlawful for a person to knowingly possess a firearm with the intent to facilitate the commission of a felony offense involving the distribution of a controlled substance, whether the firearm was loaded or not, and whether operable or not.

(b) For the purposes of this section:

"Controlled substance" shall have the same meaning as defined in section 329-1.

"Distribution" means the selling, transferring, prescribing, giving or delivering to another, or the leaving, bartering, or exchanging with another, or the offering or agreeing to do the same.

(c) A conviction and sentence under this section shall be in addition to and not in lieu of any conviction and sentence for the separate felony; provided that the sentence imposed under this section may run concurrently or consecutively with the sentence for the separate felony.

(d) Any person violating this section shall be guilty of a class A felony.

**Credits**
Laws 2006, ch. 66, § 1.

H R S § 134-22, HI ST § 134-22
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

⚑ KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part I. General Regulations

HRS § 134-23

[§ 134-23]. Place to keep loaded firearms other than pistols and revolvers; penalty

Currentness

(a) Except as provided in section 134-5, all firearms shall be confined to the possessor's place of business, residence, or sojourn; provided that it shall be lawful to carry unloaded firearms in an enclosed container from the place of purchase to the purchaser's place of business, residence, or sojourn, or between these places upon change of place of business, residence, or sojourn, or between these places and the following:

(1) A place of repair;

(2) A target range;

(3) A licensed dealer's place of business;

(4) An organized, scheduled firearms show or exhibit;

(5) A place of formal hunter or firearm use training or instruction; or

(6) A police station.

"Enclosed container" means a rigidly constructed receptacle, or a commercially manufactured gun case, or the equivalent thereof that completely encloses the firearm.

(b) Any person violating this section by carrying or possessing a loaded firearm other than a pistol or revolver shall be guilty of a class B felony.

**Credits**
Laws 2006, ch. 66, § 1.

Notes of Decisions (11)

H R S § 134-23, HI ST § 134-23
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                          © 2025 Thomson Reuters. No claim to original U.S. Government Works.

🚩 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
    Division 1. Government
        Title 10. Public Safety and Internal Security
            Chapter 134. Firearms, Ammunition and Dangerous Weapons
                Part I. General Regulations

HRS § 134-24

## [§ 134-24]. Place to keep unloaded firearms other than pistols and revolvers; penalty

Currentness

(a) Except as provided in section 134-5, all firearms shall be confined to the possessor's place of business, residence, or sojourn; provided that it shall be lawful to carry unloaded firearms in an enclosed container from the place of purchase to the purchaser's place of business, residence, or sojourn, or between these places upon change of place of business, residence, or sojourn, or between these places and the following:

(1) A place of repair;

(2) A target range;

(3) A licensed dealer's place of business;

(4) An organized, scheduled firearms show or exhibit;

(5) A place of formal hunter or firearm use training or instruction; or

(6) A police station.

"Enclosed container" means a rigidly constructed receptacle, or a commercially manufactured gun case, or the equivalent thereof that completely encloses the firearm.

(b) Any person violating this section by carrying or possessing an unloaded firearm other than a pistol or revolver shall be guilty of a class C felony.

**Credits**
Laws 2006, ch. 66, § 1.

Notes of Decisions (1)

H R S § 134-24, HI ST § 134-24
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

📁 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
   Division 1. Government
      Title 10. Public Safety and Internal Security
         Chapter 134. Firearms, Ammunition and Dangerous Weapons
            Part I. General Regulations

HRS § 134-25

[§ 134-25]. Place to keep pistol or revolver; penalty

Currentness

(a) Except as provided in sections 134-5 and 134-9, all firearms shall be confined to the possessor's place of business, residence, or sojourn; provided that it shall be lawful to carry unloaded firearms in an enclosed container from the place of purchase to the purchaser's place of business, residence, or sojourn, or between these places upon change of place of business, residence, or sojourn, or between these places and the following:

(1) A place of repair;

(2) A target range;

(3) A licensed dealer's place of business;

(4) An organized, scheduled firearms show or exhibit;

(5) A place of formal hunter or firearm use training or instruction; or

(6) A police station.

"Enclosed container" means a rigidly constructed receptacle, or a commercially manufactured gun case, or the equivalent thereof that completely encloses the firearm.

(b) Any person violating this section by carrying or possessing a loaded or unloaded pistol or revolver shall be guilty of a class B felony.

**Credits**
Laws 2006, ch. 66, § 1.

Notes of Decisions (15)

H R S § 134-25, HI ST § 134-25
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2025 Thomson Reuters. No claim to original U.S. Government Works.  2

Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 78 of 139
PageID.1444

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-26

## [§ 134-26]. Carrying or possessing a loaded firearm on a public highway; penalty

Currentness

(a) It shall be unlawful for any person on any public highway to carry on the person, or to have in the person's possession, or to carry in a vehicle any firearm loaded with ammunition; provided that this section shall not apply to any person who has in the person's possession or carries a pistol or revolver in accordance with a license issued as provided in section 134-9.

(b) Any vehicle used in the commission of an offense under this section shall be forfeited to the State, subject to the notice and hearing requirements of chapter 712A.

(c) Any person violating this section shall be guilty of a class B felony.

**Credits**
Laws 2006, ch. 66, § 1.

Notes of Decisions (4)

H R S § 134-26, HI ST § 134-26
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
      Part I. General Regulations

HRS § 134-27

## [§ 134-27]. Place to keep ammunition; penalty

Currentness

(a) Except as provided in sections 134-5 and 134-9, all ammunition shall be confined to the possessor's place of business, residence, or sojourn; provided that it shall be lawful to carry ammunition in an enclosed container from the place of purchase to the purchaser's place of business, residence, or sojourn, or between these places upon change of place of business, residence, or sojourn, or between these places and the following:

   (1) A place of repair;

   (2) A target range;

   (3) A licensed dealer's place of business;

   (4) An organized, scheduled firearms show or exhibit;

   (5) A place of formal hunter or firearm use training or instruction; or

   (6) A police station.

"Enclosed container" means a rigidly constructed receptacle, or a commercially manufactured gun case, or the equivalent thereof that completely encloses the ammunition.

(b) Any person violating this section shall be guilty of a misdemeanor.

**Credits**
Laws 2006, ch. 66, § 1.

Notes of Decisions (4)

H R S § 134-27, HI ST § 134-27

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-28

# [§ 134-28]. Explosive devices; prohibitions; penalty

Currentness

(a) It shall be unlawful for any person to knowingly or intentionally possess, construct, set off, ignite, discharge, or otherwise cause to explode any homemade explosive device.

(b) Any person violating this section shall be guilty of a class C felony.

(c) A violation of this section shall be construed as an offense distinct from an offense under section 134-8.

(d) For the purposes of this section, "homemade explosive device" means a non-commercially manufactured device composed of a single ingredient, or mixture of ingredients, capable of instantaneously releasing a sufficient amount of energy to inflict substantial damage to persons or property.

**Credits**

Laws 2011, ch. 222, § 1, eff. July 12, 2011.

H R S § 134-28, HI ST § 134-28
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part I. General Regulations

HRS § 134-29

[§ 134-29]. Reporting lost, stolen, or destroyed firearms; penalties

Currentness

(a) Every person shall report the loss, theft, or destruction of a firearm that the person owns or possesses within twenty-four hours upon the discovery of such loss, theft, or destruction to:

(1) The police department of the county within which the person resides; and

(2) The police department of the county where the theft, loss, or destruction occurred.

If a person is unable to comply with this subsection, the person's designee shall make the report.

(b) The report of a lost, stolen, or destroyed firearm pursuant to subsection (a) shall include:

(1) The caliber of the firearm;

(2) The make of the firearm;

(3) The model of the firearm;

(4) The manufacturer of the firearm;

(5) The serial number of the firearm;

(6) Any other distinguishing number or identification mark on the firearm, if known by the person; and

(7) Any additional relevant information required by the county police department taking the report.

(c) Upon receipt of a report of a lost, stolen, or destroyed firearm pursuant to subsection (a), a county police department shall enter the reported information into the National Crime Information Center database.

[§ 134-29] Reporting lost, stolen, or destroyed firearms; penalties, HI ST § 134-29
Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 83 of 139
PageID.1449

(d) A person who intentionally or knowingly fails to report the loss, theft, or destruction of any firearm pursuant to this section shall:

(1) For the first offense, be guilty of a petty misdemeanor;

(2) For the second and each subsequent offense, be guilty of a misdemeanor; and

(3) For the third and each subsequent offense:

(A) Surrender all firearm registrations, ammunition, and firearms to the police department for the county within which the person resides within seven days of receiving a notice of violation of this section; and

(B) Be prohibited from registering, possessing, or owning a firearm.

(e) If a person fails to surrender all firearm registrations, ammunition, and firearms as required in subsection (d), the chief of police of the county within which the person resides or within which any of the person's firearm registrations, ammunitions, or firearms are present shall seize all firearm registrations, firearm ammunition, and firearms registered to and in possession of the person.

(f) For the purposes of this section, an incident involving multiple firearms arising in the same occurrence shall constitute a single offense.

(g) No person shall report to any law enforcement agency that a firearm has been lost, stolen, or destroyed knowing the report to be false. If a person falsely reports a lost, stolen, or destroyed firearm, the person shall be in violation of this section and subject to the same penalties as provided in subsection (d).

(h) A person shall not be in violation of this section if the failure to report is the result of:

(1) An act of God or act of war;

(2) The inability of a law enforcement agency to receive the report; or

(3) The person who is required to report being hospitalized, unconscious, incapacitated, or otherwise seriously physically or mentally impaired as to prevent the person from reporting.

**Credits**
Laws 2019, ch. 23, § 2, eff. April 24, 2019.

H R S § 134-29, HI ST § 134-29

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
Part II. Firearms, Dealers' Licenses

HRS § 134-31

§ 134-31. License to sell and manufacture firearms; fee

*Currentness*

Any person desiring to engage in the business to sell and manufacture firearms for sale in the State either at wholesale or retail, shall annually file an application for a license therefor with the director of finance of each county of the State. The annual fee for the issuance of such license shall be $10 and shall be payable to said director of finance. A license issued hereunder shall expire on June 30 next following the date of issuance of the license unless sooner terminated. Application for renewal of license shall be filed on or before June 30 of each year.

**Credits**

Laws 1921, ch. 13, § 1; R.L. 1925, § 2033; R.L. 1935, § 2554; R.L. 1945, § 7195; Laws 1953, ch. 155, § 1(a); R.L. 1955, § 157-30; H.R.S. § 134-31; Laws 1972, ch. 30, § 1.

H R S § 134-31, HI ST § 134-31
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 86 of 139
PageID.1452

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part II. Firearms, Dealers' Licenses

HRS § 134-32

## § 134-32. License to sell and manufacture firearms; conditions

Currentness

Every license issued pursuant to this part shall be issued and shall be regarded as having been accepted by the licensee subject to the following conditions:

(1) That the licensee at all times shall comply with all provisions of law relative to the sale of firearms.

(2) That the license during any time of national emergency or crisis, as defined in section 134-34, may be canceled or suspended.

(3) That all firearms in the possession and control of any licensee at any time of national emergency or crisis, as defined in section 134-34, may be seized and held in possession or purchased by or on the order of the governor until such time as the national emergency or crisis has passed, or until such time as the licensee and the government of the United States or the government of the State may agree upon some other disposition of the same.

(4) That all firearms in the possession and control of the licensee or registered pursuant to section 134-3(c) by the licensee shall be subject to physical inspection by the chief of police of each county during normal business hours at the licensee's place of business.

(5) That the license may be revoked for a violation of any of the conditions of this section.

**Credits**
Laws 1921, ch. 13, § 1; R.L. 1925, § 2034; R.L. 1935, § 2555; R.L. 1945, § 7196; Laws 1953, ch. 155, § 1(b); R.L. 1955, § 157-31; H.R.S. § 134-32; Laws 1988, ch. 275, § 3; Laws 1989, ch. 261, § 7; Laws 1994, ch. 204, § 11.

H R S § 134-32, HI ST § 134-32
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 87 of 139
PageID.1453


KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part II. Firearms, Dealers' Licenses

HRS § 134-33

§ 134-33. Punishment for violations of section 134-32

Currentness

Any person who manufactures or sells any firearms within the State without having a valid license so to do, or who being a holder of a license violates any of the terms or conditions of the same, shall be fined not less than $100 nor more than $1,000 or imprisoned not less than three months nor more than one year.

**Credits**

Laws 1921, ch. 13, § 1; R.L. 1925, § 2036; R.L. 1935, § 2557; R.L. 1945, § 7198; Laws 1953, ch. 155, § 1(c); Laws 1955, ch. 54, § 2; R.L. 1955, § 157-33; H.R.S. § 134-33.

H R S § 134-33, HI ST § 134-33
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document** <span>© 2025 Thomson Reuters. No claim to original U.S. Government Works.</span>

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        Part II. Firearms, Dealers' Licenses

HRS § 134-34

## § 134-34. National emergency, when

Currentness

A national emergency or crisis shall be deemed to have arisen when the governor and the senior United States military commander headquartered in the State or, in the absence of the commander, a duly designated representative have, in the exercise of their discretion, so determined.

**Credits**

Laws 1921, ch. 13, § 1; R.L. 1925, § 2035; R.L. 1935, § 2556; R.L. 1945, § 7197; R.L. 1955, § 157-32; H.R.S. § 134-34; Laws 1989, ch. 215, § 2.

H R S § 134-34, HI ST § 134-34
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 89 of 139
PageID.1455

🏳 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part III]. [Dangerous Weapons]

HRS § 134-51

## § 134-51. Deadly or dangerous weapons; prohibitions; penalty

Currentness

(a) Any person, not authorized by law, who knowingly carries concealed on the person, or in a bag or other container carried by the person, any dirk, dagger, blackjack, metal knuckles, or other deadly or dangerous weapon shall be guilty of a misdemeanor; provided that this subsection shall not apply to a billy.

(b) Any person who knowingly possesses or intentionally uses or threatens to use a dirk, dagger, blackjack, metal knuckles, or other deadly or dangerous weapon, or a billy, while engaged in the commission of a separate felony or misdemeanor shall be guilty of a class C felony.

(c) A conviction and sentence under subsection (b) shall be in addition to and not in lieu of any conviction and sentence for the separate felony or misdemeanor; provided that the sentence imposed under subsection (b) may run concurrently or consecutively with the sentence for the separate felony or misdemeanor.

(d) Upon conviction of a person for carrying or possessing a deadly or dangerous weapon pursuant to this section, the deadly or dangerous weapon shall be summarily destroyed by the chief of police or sheriff.

(e) Notwithstanding any provision to the contrary, this section shall not apply to:

  (1) A firearm, whether loaded or not, and whether operable or not;

  (2) A switchblade knife as defined in section 134-52;

  (3) A butterfly knife as defined in section 134-53; or

  (4) An electric gun as defined in section 134-81.

(f) For purposes of this section, "billy" includes a cudgel, truncheon, police baton, collapsible baton, billy club, or nightstick.

(g) It shall be a defense to a prosecution under subsection (a) that a person was lawfully present in the person's own home at the time of the offense.

**Credits**

Laws 1937, ch. 123, § 1; R.L. 1945, § 11114; R.L. 1955, § 267-25; H.R.S. § 727-25; Laws 1972, ch. 9, § 1; Laws 1977, ch. 191, § 2; Laws 1983, ch. 267, § 1; Laws 1984, ch. 90, § 1; Laws 1989, ch. 211, § 10; Laws 1990, ch. 195, § 3; Laws 1990, ch. 281, § 11; Laws 1992, ch. 87, § 4; Laws 1993, ch. 226, § 1; Laws 1999, ch. 285, § 2; Laws 2024, ch. 21, § 4, eff. May 13, 2024.

Notes of Decisions (31)

H R S § 134-51, HI ST § 134-51
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part III]. [Dangerous Weapons]

HRS § 134-52

## § 134-52. Switchblade knives; prohibitions; penalty

Currentness

(a) Whoever knowingly carries concealed on the person, or in a bag or other container carried by the person, any switchblade knife shall be guilty of a misdemeanor.

(b) Whoever knowingly possesses or intentionally uses or threatens to use a switchblade knife while engaged in the commission of a separate felony or misdemeanor shall be guilty of a class C felony; provided that a person shall not be prosecuted under this subsection when the separate felony or misdemeanor is an offense otherwise defined by this chapter.

(c) A conviction and sentence under subsection (b) shall be in addition to and not in lieu of any conviction and sentence for the separate felony or misdemeanor; provided that the sentence imposed under subsection (b) may run concurrently or consecutively with the sentence for the separate felony or misdemeanor.

(d) It shall be a defense to a prosecution under subsection (a) that the person was lawfully present in the person's own home at the time of the offense.

(e) For the purposes of this section, "switchblade knife" means any knife having a blade that opens automatically by:

  (1) Hand pressure applied to a button or other device in the handle of the knife; or

  (2) Operation of inertia, gravity, or both.

**Credits**
Laws 1959, ch. 225, § 1; 1965 Supp., § 264-9; H.R.S. § 769-1; Laws 1972, ch. 9, § 1; Laws 1990, ch. 195, § 4; Laws 2024, ch. 21, § 5, eff. May 13, 2024.

Notes of Decisions (2)

H R S § 134-52, HI ST § 134-52
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document                                           © 2025 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment

Unconstitutional or PreemptedNegative Treatment Vacated by Teter v. Lopez, 9th Cir.(Hawai'i), Jan. 22, 2025

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part III]. [Dangerous Weapons]

HRS § 134-53

## § 134-53. Butterfly knives; prohibitions; penalty

Currentness

(a) Whoever knowingly carries concealed on the person, or in a bag or other container carried by the person, any butterfly knife shall be guilty of a misdemeanor.

(b) Whoever knowingly possesses or intentionally uses or threatens to use a butterfly knife while engaged in the commission of a separate felony or misdemeanor shall be guilty of a class C felony; provided that a person shall not be prosecuted under this subsection when the separate felony or misdemeanor is an offense otherwise defined by this chapter.

(c) A conviction and sentence under subsection (b) shall be in addition to and not in lieu of any conviction and sentence for the separate felony or misdemeanor; provided that the sentence imposed under subsection (b) may run concurrently or consecutively with the sentence for the separate felony or misdemeanor.

(d) It shall be a defense to a prosecution under subsection (a) that the person was lawfully present in the person's own home at the time of the offense.

(e) For the purposes of this section, "butterfly knife" means any knife having a blade encased in a split handle that manually unfolds with hand or wrist action with the assistance of inertia, gravity, or both.

**Credits**

Laws 1999, ch. 285, § 1; Laws 2024, ch. 21, § 6, eff. May 13, 2024.

**Editors' Notes**

### VALIDITY

<For validity of section, see Teter v. Lopez, 2023, 76 F.4th 938.>

Notes of Decisions (4)

H R S § 134-53, HI ST § 134-53

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part IV]. Gun Violence Protective Orders

HRS D. 1, T. 10, Ch. 134, Pt. IV, Refs & Annos

Currentness

H R S D. 1, T. 10, Ch. 134, Pt. IV, Refs & Annos, HI ST D. 1, T. 10, Ch. 134, Pt. IV, Refs & Annos
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                           © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-61

[§ 134-61]. Definitions

Currentness

For the purposes of this part:

"Bodily injury" has the same meaning as in section 707-700.

"Business day" has the same meaning as in section 709-906.

"Colleague" means a person employed or working at the same place of business or employment as the respondent.

"Educator" means a person employed at an institution of learning at which the respondent may have a connection.

"Ex parte gun violence protective order" means an order issued by the family court, pursuant to section 134-64, prohibiting the respondent from owning, purchasing, possessing, receiving, or having in the respondent's custody or control any firearm or ammunition until the court-scheduled hearing for a one-year gun violence protective order.

"Family or household member" means any spouse or reciprocal beneficiary, former spouse or former reciprocal beneficiary, person with whom the respondent has a child in common, parent, child, person related by consanguinity, person related by adoption, person jointly residing or who formerly jointly resided with a respondent in the same dwelling unit as the respondent, person who has or has had a dating relationship, or person who is or has acted as the respondent's legal guardian. "Family or household member" includes a person who is an adult roommate or a co-habitant of a respondent.

"Medical professional" means a licensed physician, advanced practice registered nurse, psychologist, or psychiatrist who has examined the respondent.

"One-year gun violence protective order" means an order issued by the family court, pursuant to section 134-65, prohibiting the respondent from owning, purchasing, possessing, receiving, or having in the respondent's custody or control any firearm or ammunition for a period of one year.

"Petitioner" means a law enforcement officer, family or household member of the respondent, medical professional, educator, or colleague, who files a petition pursuant to section 134-64 or section 134-65.

"Respondent" means the person identified in the petition filed pursuant to section 134-64 or section 134-65.

**Credits**
Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.

H R S § 134-61, HI ST § 134-61
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
   Division 1. Government
      Title 10. Public Safety and Internal Security
         Chapter 134. Firearms, Ammunition and Dangerous Weapons
            [Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-62

## [§ 134-62]. Court jurisdiction

Currentness

A petition for relief under this part may be filed in any family court in the circuit in which the petitioner resides. A petition under this part shall be given docket priority by the court.

**Credits**

Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.

H R S § 134-62, HI ST § 134-62
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-63

## [§ 134-63]. Commencement of action; forms

Currentness

(a) In order to seek an ex parte gun violence protective order or a one-year gun violence protective order, the petitioner shall file a written petition for relief on forms provided by the court. The court shall designate an employee or appropriate non-judicial agency to assist the petitioner in completing the petition.

(b) The petition shall allege, under penalty of perjury, the grounds for issuance of the order and shall be accompanied by an affidavit made under oath or a statement made under penalty of perjury containing detailed allegations based on personal knowledge that the respondent poses a danger of causing bodily injury to the respondent's self or another person by owning, purchasing, possessing, receiving, or having in the respondent's custody or control any firearm or ammunition, and specific facts and circumstances in support thereof, as well as the number, types, and locations of any firearms or ammunition presently believed by the petitioner to be possessed or controlled by the respondent. The petition shall also state, if known to the petitioner, whether there is an existing restraining order or protective order in effect governing the respondent and whether there is any pending lawsuit, complaint, petition, or other action between the parties under the laws of this State. The judiciary shall verify the terms of any existing order governing the parties. The court shall not delay granting relief because of the existence of a pending action between the parties or the necessity of verifying the terms of an existing order. A petition for an ex parte gun violence protective order or a one-year gun violence protective order may be granted regardless of whether there is a pending action between the parties.

(c) All health records and other health information provided in a petition or considered as evidence in a proceeding under this part shall be sealed by the court, except that the identities of the petitioner and respondent may be provided to law enforcement agencies as set forth in section 134-69. Aggregate statistical data about the numbers of ex parte gun violence protective orders and one-year gun violence protective orders issued, renewed, denied, dissolved, or terminated shall be made available to the public upon request.

(d) Upon receipt of the petition, the court shall set a date for hearing on the petition within fourteen days, regardless of whether the court issues an ex parte gun violence protective order pursuant to section 134-64. If the court issues an ex parte gun violence protective order pursuant to section 134-64, notice of the hearing shall be served on the respondent with the ex parte order. Notice of the hearing shall be personally served on the respondent by an officer of the appropriate county police department.

**Credits**
Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.

H R S § 134-63, HI ST § 134-63

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-64

## [§ 134-64]. Ex parte gun violence protective order

Currentness

(a) A petitioner may request that an ex parte gun violence protective order be issued before a hearing for a one-year gun violence protective order, without notice to the respondent.

(b) The court shall issue or deny an ex parte gun violence protective order on the same day that the petition is submitted to the court, unless the petition is filed too late in the day to permit effective adjudication, in which case the order shall be issued or denied on the next business day.

(c) Before issuing an ex parte gun violence protective order, the court may examine under oath the petitioner and any witnesses the petitioner may produce.

(d) In determining whether sufficient grounds for an ex parte gun violence protective order exist, the court shall consider all relevant evidence presented by the petitioner, and may also consider other relevant evidence, including evidence of facts relating to the respondent's:

(1) Unlawful, reckless, or negligent use, display, storage, possession, or brandishing of a firearm;

(2) Act or threat of violence against the respondent's self or another person, regardless of whether the violence involves a firearm;

(3) Violation of a protective order or restraining order issued pursuant to chapter 586 or section 604-10.5, or a similar law in another state;

(4) Abuse of controlled substances or alcohol or commission of any criminal offense that involves controlled substances or alcohol; and

(5) Recent acquisition of any firearms, ammunition, or other deadly weapons.

(e) The court shall also consider the time that has elapsed since the events described in subsection (d).

(f) If the court finds probable cause to believe that the respondent poses an imminent danger of causing bodily injury to the respondent's self or another person by owning, purchasing, possessing, receiving, or having in the respondent's custody or control any firearm or ammunition, the court shall issue an ex parte gun violence protective order.

(g) An ex parte gun violence protective order issued pursuant to this section shall include:

(1) A statement that the respondent shall not own, purchase, possess, receive, transfer ownership of, or have in the respondent's custody or control, or attempt to purchase, receive, or transfer ownership of, any firearm or ammunition while the order is in effect;

(2) A description of the requirements for relinquishment of firearms and ammunition under section 134-67;

(3) A statement of the grounds asserted for the order;

(4) A notice of the hearing under section 134-63(d) to determine whether to issue a one-year gun violence protective order, including the address of the court and the date and time when the hearing is scheduled;

(5) A statement that at the hearing, the court may extend the order for one year; and

(6) A statement that the respondent may seek the advice of an attorney as to any matter connected with the order, and that the attorney should be consulted promptly so that the attorney may assist the respondent in any matter connected with the order.

(h) An ex parte gun violence protective order issued pursuant to this section shall be personally served on the respondent by an officer of the appropriate county police department. The officer shall file the proof of service with the court within one business day of service.

(i) In accordance with section 134-63(d), the court shall schedule a hearing within fourteen days of the granting of the petition for an ex parte gun violence protective order to determine if a one-year gun violence protective order shall be issued. A respondent may seek an extension of time before the hearing. The court shall dissolve any ex parte gun violence protective order in effect against the respondent if the court subsequently holds the hearing and issues or denies a one-year gun violence protective order.

**Credits**

Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.

H R S § 134-64, HI ST § 134-64
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**          © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
    Division 1. Government
        Title 10. Public Safety and Internal Security
            Chapter 134. Firearms, Ammunition and Dangerous Weapons
                [Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-65

[§ 134-65]. One-year gun violence protective order issued after notice and hearing

Currentness

(a) A petitioner requesting a one-year gun violence protective order shall include in the petition detailed allegations based on personal knowledge that the respondent poses a significant danger of causing a self-inflicted bodily injury or an injury to another person by owning, purchasing, possessing, receiving, or having in the respondent's custody or control any firearm or ammunition.

(b) In determining whether to issue a one-year gun violence protective order under this section, the court shall consider all relevant evidence presented by the petitioner and the respondent, and may also consider other relevant evidence, including but not limited to evidence of the facts identified in section 134-64(d).

(c) If the court finds by a preponderance of the evidence at the hearing that the respondent poses a significant danger of causing bodily injury to the respondent's self or another person by owning, purchasing, possessing, receiving, or having in the respondent's custody or control any firearm or ammunition, the court shall issue a one-year gun violence protective order.

(d) A one-year gun violence protective order issued pursuant to this section shall include all of the following:

(1) A statement that the respondent shall not own, purchase, possess, receive, transfer ownership of, or have in the respondent's custody or control, or attempt to purchase, receive, or transfer ownership of, any firearm or ammunition while the order is in effect;

(2) A description of the requirements for relinquishment of firearms and ammunition under section 134-67;

(3) A statement of the grounds supporting the issuance of the order;

(4) The date and time the order expires;

(5) The address of the court that issued the order;

(6) A statement that the respondent may request a hearing to terminate the order at any time during its effective period;

(7) A statement that the respondent may seek the advice of an attorney as to any matter connected to the order;

(8) A statement of whether the respondent was present in court to be advised of the contents of the order or whether the respondent failed to appear; and

(9) A statement that if the respondent was present in court, the respondent's presence shall constitute proof of service of notice of the terms of the order.

(e) If the respondent fails to appear at the hearing, a one-year gun violence protective order issued pursuant to this section shall be personally served on the respondent by an officer of the appropriate county police department. The officer shall file the proof of service with the court within one business day of service.

**Credits**

Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.

H R S § 134-65, HI ST § 134-65
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document                                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-66

[§ 134-66]. Termination and renewal

Currentness

(a) The respondent named in a one-year gun violence protective order issued under section 134-65 may submit a written request at any time during the effective period of the order for a hearing to terminate the order. Upon receipt of the written request for termination:

(1) The court shall set a date for a hearing. Notice of the request shall be personally served on the petitioner by any person authorized by section 634-21. The hearing shall occur no sooner than fourteen days from the date of service of the request upon the petitioner; and

(2) The respondent seeking termination of the order shall have the burden of proving by a preponderance of the evidence that the respondent does not pose a significant danger of causing bodily injury to the respondent's self or another person by owning, purchasing, possessing, receiving, or having in the respondent's custody or control any firearm or ammunition.

If the court finds after the hearing that the respondent has met the respondent's burden, the court shall terminate the order.

(b) A petitioner may submit a written request for a renewal of a one-year gun violence protective order within three months prior to the expiration of the order. Upon receipt of the written request for renewal, the court:

(1) In determining whether to renew a one-year gun violence protective order, after notice to the respondent, shall consider all relevant evidence presented by the petitioner and the respondent and may also consider other relevant evidence, including evidence of the facts identified in section 134-64(d); and

(2) May renew a one-year gun violence protective order if the court finds by a preponderance of the evidence that the respondent continues to pose a significant danger of causing bodily injury to the respondent's self or another person by owning, purchasing, possessing, receiving, or having in the respondent's custody or control any firearm or ammunition.

A one-year gun violence protective order renewed pursuant to this section shall expire after one year, subject to termination by further order of the court at a hearing held pursuant to subsection (a) and further renewal by order of the court pursuant to this subsection.

**Credits**

Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.


H R S § 134-66, HI ST § 134-66

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-67

## [§ 134-67]. Relinquishment of firearms and ammunition

Currentness

(a) Upon issuance of an ex parte gun violence protective order, a one-year gun violence protective order, or a domestic abuse protective order, the court shall order the respondent to voluntarily surrender or dispose of all firearms and ammunition that the respondent owns or possesses, or has in the respondent's custody or control, in accordance with section 134-7.3(b).

(b) At the time of serving notice of a petition, an ex parte gun violence protective order, a one-year gun violence protective order, or a domestic abuse protective order, a police officer shall take custody of any and all firearms and ammunition in accordance with the procedure described in section 134-7(f). Alternatively, if personal service by a police officer is not possible, the respondent shall surrender the firearms and ammunition in a safe manner to the control of the chief of police where the respondent resides within forty-eight hours of being served with the order.

(c) At the time of surrender or removal, a police officer taking possession of a firearm or ammunition pursuant to an ex parte gun violence protective order, a one-year gun violence protective order, or domestic abuse protective order shall issue a receipt identifying all firearms and ammunition that have been surrendered or removed and provide a copy of the receipt to the respondent. Within seventy-two hours after being served with the order, the officer serving the order shall file the original receipt with the court that issued the ex parte gun violence protective order or one-year gun violence protective order, and shall ensure that the appropriate county police department retains a copy of the receipt.

(d) A court that has probable cause to believe a respondent to a protective order owns, possesses, or has in the respondent's custody or control any firearms or ammunition that the respondent has failed to surrender pursuant to this section, or has received or purchased a firearm or ammunition while subject to the order, shall issue a warrant describing the firearm or ammunition and authorizing a search of any location where the firearm or ammunition is reasonably believed to be and the seizure of any firearm or ammunition discovered pursuant to the search.

(e) The appropriate county police department may charge the respondent a fee not to exceed the reasonable and actual costs incurred by the department for storing a firearm or ammunition surrendered or removed pursuant to this section for the duration of the ex parte gun violence protective order, one-year gun violence protective order, or domestic abuse protective order and any additional periods necessary under section 134-68.

**Credits**
Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.

H R S § 134-67, HI ST § 134-67

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-68

[§ 134-68]. Return and disposal of firearms or ammunition

Currentness

(a) A county police department shall return any surrendered or removed firearm or ammunition requested by a respondent only after confirming, through a criminal history background check, that the respondent is currently eligible to own or possess firearms and ammunition.

(b) A respondent who has surrendered or had removed any firearm or ammunition to or by a county police department pursuant to section 134-67 and who does not wish to have the firearm or ammunition returned, or who is no longer eligible to own or possess firearms or ammunition, may sell or transfer title of the firearm or ammunition to a firearms dealer licensed under section 134-31. The department shall transfer possession of the firearm or ammunition to a firearms dealer licensed under section 134-31 only after the dealer has provided written proof of transfer of the firearm or ammunition from the respondent to the dealer and the department has verified the transfer with the respondent.

(c) If a person other than the respondent claims title to any firearm or ammunition surrendered or removed pursuant to section 134-67, and that person is determined by the appropriate county police department to be the lawful owner of the firearm or ammunition, the firearm or ammunition shall be returned to the lawful owner.

(d) A county police department holding any firearm or ammunition that was surrendered by or removed from a respondent pursuant to section 134-67 may dispose of the firearm or ammunition only after six months from the date of proper notice to the respondent of the department's intent to dispose of the firearm or ammunition, unless the firearm or ammunition has been claimed by the lawful owner. If the firearm or ammunition remain unclaimed after six months from the date of notice, then no party shall thereafter have the right to assert ownership thereof and the department may dispose of the firearm or ammunition.

(e) For the purposes of this section, "dispose" means selling the firearm or ammunition to a firearms dealer licensed under section 134-31, or destroying the firearm or ammunition.

**Credits**

Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.

H R S § 134-68, HI ST § 134-68
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-69

[§ 134-69]. Reporting of order to Hawaii criminal justice data center

Currentness

(a) The court shall notify the Hawaii criminal justice data center no later than one business day after issuing, serving, renewing, dissolving, or terminating an ex parte gun violence protective order or a one-year gun violence protective order under this part and after receiving notice of such an order.

(b) The information required to be submitted to the Hawaii criminal justice data center pursuant to this section shall include identifying information about the petitioner and respondent and the date the order was issued, served, renewed, dissolved, or terminated. In the case of a one-year gun violence protective order, the court shall include the date the order is set to expire.

(c) The Hawaii criminal justice data center shall maintain a searchable database of the information it receives under this section and make the information available to law enforcement agencies upon request.

(d) The Hawaii criminal justice data center shall within one business day make information about an ex parte gun violence protective order or a one-year gun violence protective order issued, served, renewed, dissolved, or terminated pursuant to this part available to the National Instant Criminal Background Check System for the purposes of firearm purchaser background checks.

**Credits**
Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.

H R S § 134-69, HI ST § 134-69
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-70

[§ 134-70]. Penalties

Currentness

A person who files a petition for an ex parte gun violence protective order or a one-year gun violence protective order under this part, knowing the information in the petition to be materially false or with an intent to harass the respondent, is guilty of a misdemeanor.

**Credits**

Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.

H R S § 134-70, HI ST § 134-70
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

[§ 134-71]. Law enforcement to retain other authority, HI ST § 134-71
Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 113 of 139
PageID.1479

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-71

## [§ 134-71]. Law enforcement to retain other authority

Currentness

The provisions of this part shall not affect the ability of a law enforcement officer to remove firearms or ammunition from any person pursuant to other lawful authority.

**Credits**

Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.

H R S § 134-71, HI ST § 134-71
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 114 of 139
PageID.1480

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part IV]. Gun Violence Protective Orders (Refs & Annos)

HRS § 134-72

[§ 134-72]. Lack of liability for failure to seek order

Currentness

This part shall not be construed to impose criminal or civil liability on any person who chooses not to seek an ex parte gun violence protective order or a one-year gun violence protective order pursuant to this part.

**Credits**

Laws 2019, ch. 150, § 2, eff. Jan. 1, 2020.

H R S § 134-72, HI ST § 134-72
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part V]. Electric Guns

HRS D. 1, T. 10, Ch. 134, Pt. V, Refs & Annos

Currentness

H R S D. 1, T. 10, Ch. 134, Pt. V, Refs & Annos, HI ST D. 1, T. 10, Ch. 134, Pt. V, Refs & Annos
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**
© 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part V]. Electric Guns (Refs & Annos)

HRS § 134-81

§ 134-81. Definitions

Currentness

As used in this part:

"Cartridge" means any device or object that is designed to be used with an electric gun to project a missile. "Cartridge" includes but is not limited to a Taser cartridge.

"Electric gun" means any portable device that is designed to discharge electric energy, charge, voltage, or current into the body through direct contact or utilizing a projectile. "Electric gun" includes but is not limited to devices commonly referred to as stun guns and Tasers. "Electric gun" does not include any automatic external defibrillator used in emergency medical situations.

"Law enforcement agency" means any county police department, the department of law enforcement, the department of the attorney general, the division of conservation and resources enforcement of the department of land and natural resources, and any other state or county public body that employs law enforcement officers.

"Law enforcement officer" means a sheriff or deputy sheriff, a police officer, an enforcement officer within the division of conservation and resources enforcement of the department of land and natural resources, a special agent of the department of the attorney general, and any other public servant vested by law with a duty to maintain public order, make arrests for offenses, or enforce criminal laws, whether that duty extends to all offenses or is limited to a specific class of offenses.

"Licensee" means a person licensed to sell, offer to sell, distribute, or otherwise transfer electric guns and cartridges pursuant to section 134-83.

"Person" means an individual, firm, corporation, partnership, association, or any form of business or legal entity.

"Transfer" means the granting of possession or ownership to another. "Transfer" includes but is not limited to the granting of temporary possession to another.

**Credits**

Laws 2021, ch. 183, § 2, eff. Jan. 1, 2022; Laws 2022, ch. 278, § 17, eff. Jan. 1, 2024.

H R S § 134-81, HI ST § 134-81
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

                © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part V]. Electric Guns (Refs & Annos)

HRS § 134-82

[§ 134-82]. Restrictions on use, sale, offer for sale,
distribution, and transfer of electric guns and cartridges

Currentness

(a) It shall be unlawful for any person to knowingly or recklessly use an electric gun for any purpose except:

(1) Self-defense;

(2) Defense of another person; or

(3) Protection of property of the person or of another person.

(b) Except as provided in section 134-85, it shall be unlawful for any person to knowingly sell, offer to sell, distribute, or otherwise transfer an electric gun or cartridge without a license obtained pursuant to section 134-83. It is an affirmative defense to prosecution pursuant to this subsection that the person is more than twenty-one years of age and is an employee of a licensee acting within the scope of the person's employment.

(c) It shall be unlawful for a licensee or employee of a licensee to knowingly sell, offer to sell, distribute, or otherwise transfer an electric gun or cartridge at a place other than the licensee's designated place of business.

(d) It shall be unlawful for any person to knowingly sell, offer to sell, distribute, or otherwise transfer an electric gun or cartridge to a person less than twenty-one years of age.

(e) It shall be unlawful for any person, other than a licensee, a law enforcement agency, or the Army or Air National Guard, to knowingly or recklessly purchase, obtain, or otherwise receive an electric gun or cartridge from a person who does not have a license issued pursuant to section 134-83.

(f) Any person violating this section shall be guilty of a misdemeanor.

**Credits**

Laws 2021, ch. 183, § 2, eff. Jan. 1, 2022.

H R S § 134-82, HI ST § 134-82

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part V]. Electric Guns (Refs & Annos)

HRS § 134-83

[§ 134-83]. License to sell, offer to sell, distribute,
or otherwise transfer electric guns or cartridges; fee

Currentness

(a) Any person desiring to sell, offer to sell, distribute, or otherwise transfer electric guns or cartridges to a person in the State, either at wholesale or retail, shall annually file an application for a license to do so with the county in which the person desires to conduct business or within the county to which the person intends the electric guns or cartridges to be sold, offered for sale, distributed, or otherwise transferred using forms prescribed by the county.

(b) If the applicant is an individual, the application and supporting documentation shall establish at least the following:

  (1) The legal name, date of birth, and the last four digits of the social security number of the individual;

  (2) The street address, telephone number, fax number, and electronic mail address of the individual;

  (3) The name and location of the principal place of business of the individual and, if applicable, each additional designated place of business from which the individual desires to sell, offer to sell, distribute, or otherwise transfer electric guns or cartridges;

  (4) The individual's Hawaii tax identification number;

  (5) That the individual has had no convictions for any felony offense;

  (6) Within the last three years, that the individual has completed an electric gun safety or training course offered or approved by the county that focuses on:

    (A) The safe use and handling of electric guns;

    (B) Current information about the effects, dangers, risks, and limitations of electric guns; and

(C) Education on the existing state laws on electric guns; and

(7) Any other information the county may require.

(c) If the applicant is not an individual, the application and supporting documentation shall establish at least the following:

(1) The name of the applying entity and any other name under which the applying entity does business, if applicable;

(2) The street address, telephone number, fax number, and electronic mail address of the applying entity;

(3) The legal name, date of birth, and the last four digits of the social security number of each of the principal owners or members of the applying entity;

(4) The street address, telephone number, fax number, and electronic mail address of each of the principal owners or members of the applying entity;

(5) The name and location of the principal place of business of the applying entity and, if applicable, each additional designated place of business from which the applying entity desires to sell, offer to sell, distribute, or otherwise transfer electric guns or cartridges;

(6) That the applying entity is registered to do business in the State;

(7) That the applying entity is composed of principal owners or members who have had no convictions for any felony offense;

(8) The applying entity's Hawaii tax identification number;

(9) The applying entity's federal employer identification number;

(10) Within the last three years, that at least one principal owner or member of the applying entity has completed an electric gun safety or training course, as described in subsection (b)(6); and

(11) Any other information the county may require.

(d) The applicant shall certify that the applicant will comply at all times with, and is responsible for compliance by its employees with, all provisions of law relative to the acquisition, possession, storage, sale, offer for sale, distribution, and transfer of electric guns and cartridges.

(e) Upon receipt of the completed application form and the annual licensing fee of $50 payable to the county, the county shall review the application and may issue a license to the applicant if it determines that the applicant meets all the requirements of this section. If requested by the licensee, the county shall provide certified copies of the license to the licensee.

(f) A license issued pursuant to this section shall expire on June 30 next following the date of issuance of the license unless sooner terminated. Application for renewal of license shall be filed on or before July 1 of each year.

**Credits**
Laws 2021, ch. 183, § 2, eff. Jan. 1, 2022.

H R S § 134-83, HI ST § 134-83
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                     © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part V]. Electric Guns (Refs & Annos)

HRS § 134-84

## [§ 134-84]. Sale, offer for sale, distribution, or transfer of electric guns or cartridges

Currentness

(a) A licensee shall post the license to sell, offer to sell, distribute, or otherwise transfer electric guns or cartridges, or a certified copy thereof, in a location readily visible to customers at each designated place of business. For internet sales by a licensee, the license number shall be prominently displayed and an electronic copy of the license shall be readily accessible to the customer.

(b) An individual licensee shall complete at least once every three years an electric gun safety or training course offered or approved by the county that focuses on:

(1) The safe use and handling of electric guns;

(2) Current information about the effects, dangers, risks, and limitations of electric guns; and

(3) Education on the existing state laws on electric guns.

A licensee shall keep copies of the certificates of completion of these training courses in the licensee's business records.

(c) A licensee shall not allow any employee to participate in the sale or transfer of electric guns or cartridges unless the employee completes at least once every three years the training courses described in subsection (b). The licensee shall keep copies of the certificates of completion of the training courses for each employee in the licensee's business records.

(d) If there is no manufacturer serial number on an electric gun or cartridge received into inventory by a licensee, then the licensee shall engrave on the electric gun or cartridge a legible unique serial number that begins with the licensee's license number, followed by a hyphen and a unique identifying number.

(e) A licensee shall keep records for all electric guns and cartridges received into inventory within the State, including:

(1) Information identifying the seller, distributor, or transferor of the electric gun or cartridge; and

(2) The transaction record for the electric gun or cartridge, including the date of receipt, a description of the electric gun or cartridge, the manufacturer's serial number or the unique identifying serial number engraved by the licensee, and, if available, the manufacturer and the model number.

(f) Before completing a sale, distribution, or other transfer of an electric gun, the licensee or an employee of the licensee shall conduct a criminal history background check of the recipient. At minimum, the criminal history background check shall be a name-based search of the adult criminal conviction records maintained by the Hawaii criminal justice data center. The licensee or employee of the licensee shall require the recipient to review a printed copy of the results of the background check. After the review, the recipient shall sign and date a declaration. The declaration shall be in the following form: "I, (name of recipient), declare under penalty of law that the attached document accurately reflects my adult criminal conviction history in Hawaii. I further declare that I do not have any convictions or charges pending against me that disqualify me from owning an electric gun. I further declare under penalty of law that I am not disqualified from owning an electric gun." The licensee or employee of the licensee shall witness the recipient sign the declaration and sign the declaration as a witness. If the recipient is disqualified from owning an electric gun, or refuses or is unable to sign or make the declaration, the licensee shall immediately terminate the sale, distribution, or transfer.

(g) Before completing a sale, distribution, or other transfer of an electric gun, the licensee or an employee of the licensee shall provide an informational briefing to the recipient that includes but is not limited to the following:

(1) The safe use and handling of electric guns;

(2) Current information about the effects, dangers, risks, and limitations of electric guns;

(3) Education on the existing state laws on electric guns; and

(4) The proper disposal of electric guns.

(h) Upon completion of the informational briefing, the licensee shall provide a certification of informational briefing that is signed and dated by the recipient and the person who provided the informational briefing acknowledging that the briefing was completed and that the recipient understood the briefing. The certification shall include the names of the recipient and the person who provided the informational briefing and the date of the briefing. The form of the certification shall be as provided by the county office that issued the license to the licensee.

(i) A licensee shall keep a record of the information provided to recipients during the informational briefing.

(j) A licensee shall keep records of all sales, distributions, and other transactions of electric guns and cartridges sold in the State or to a recipient in the State, including:

(1) The recipient's name, date of birth, address, and telephone number;

(2) A copy of the recipient's government-issued identification card or document;

WESTLAW   © 2025 Thomson Reuters. No claim to original U.S. Government Works.

(3) The transaction record for the electric gun or cartridge, including the date of the transaction; a description of the electric gun or cartridge; if available, the name of the manufacturer and serial and model numbers; and, if necessary, the unique serial number engraved by the licensee;

(4) The criminal history background check and declaration signed by the recipient and the licensee or licensee's employee as a witness; and

(5) A copy of the certification of informational briefing signed and dated by the recipient and the person who provided the briefing.

(k) A licensee shall keep a record of the licensee's current inventory of electric guns and cartridges.

(l) During normal business hours, a licensee shall allow the chief of police of the appropriate county or designee to inspect the licensee's books and records for all records required to be kept by the licensee for electric guns and cartridges. At the discretion of the chief of police of the appropriate county or designee, the inspection of the records may be conducted via facsimile transmittal of the records.

(m) A licensee shall keep records required by this section for a minimum of ten years. If a licensee, as a result of death or dissolution, cannot maintain the records, the records shall be turned over to the chief of police of the appropriate county or designee.

(n) When displaying or storing electric guns or cartridges at a designated place of business, a licensee shall display or store the electric guns and cartridges in a locked cabinet or area not accessible to the general public.

(o) During normal business hours, a licensee shall allow the chief of police of the appropriate county or designee to physically inspect all electric guns and cartridges in the possession and control of the licensee wherever they may be located within the State.

(p) Any person, including any licensee, violating this section shall be guilty of a misdemeanor.

(q) A license may be suspended or revoked for a violation of any of the requirements of this section.

**Credits**

Laws 2021, ch. 183, § 2, eff. Jan. 1, 2022.

H R S § 134-84, HI ST § 134-84
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part V]. Electric Guns (Refs & Annos)

HRS § 134-85

## [§ 134-85]. Disposal of electric gun or cartridge

Currentness

A person who is not a licensee may sell or otherwise transfer an electric gun or cartridge to a licensee or the chief of police of the appropriate county or designee. The chief of police may either destroy the electric gun or cartridge or utilize the electric gun or cartridge for educational purposes. The chief of police shall maintain records of all surrendered electric guns and cartridges, including their disposition.

**Credits**

Laws 2021, ch. 183, § 2, eff. Jan. 1, 2022.

H R S § 134-85, HI ST § 134-85
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part V]. Electric Guns (Refs & Annos)

HRS § 134-86

## [§ 134-86]. Ownership or possession prohibited

Currentness

(a) No person who is a fugitive from justice shall own, possess, or control an electric gun.

(b) No person who is under indictment for, has waived indictment for, has been bound over to the circuit court for, or has been convicted in this State or elsewhere of having committed a felony, any crime of violence, or any illegal sale of any drug shall own, possess, or control an electric gun.

(c) No person who:

  (1) Is or has been under treatment or counseling for addiction to, abuse of, or dependence upon any dangerous, harmful, or detrimental drug; intoxicating compound as defined in section 712-1240; or intoxicating liquor;

  (2) Has been acquitted of a crime on the grounds of mental disease, disorder, or defect pursuant to section 704-411;

  (3) Is or has been diagnosed as having a significant behavioral, emotional, or mental disorder as defined by the most current diagnostic manual of the American Psychiatric Association; or

  (4) Is under treatment for an organic brain syndrome;

shall own, possess, or control an electric gun, unless the person has been medically documented to be no longer adversely affected by the addiction, abuse, dependence, syndrome, or mental disease, disorder, or defect.

(d) No person who is less than twenty-five years of age and has been adjudicated by the family court to have committed a felony, two or more crimes of violence, or an illegal sale of any drug shall own, possess, or control an electric gun.

(e) No person who is less than twenty-one years of age shall own, possess, or control an electric gun.

(f) No person shall possess an electric gun that is owned by another, regardless of whether the owner has consented to possession of the electric gun.

[§ 134-86] Ownership or possession prohibited, HI ST § 134-86
Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 127 of 139
PageID.1493

(g) No person who has been restrained pursuant to an order of any court, including an ex parte order as provided in this subsection, from contacting, threatening, or physically abusing any person or from possessing or owning a firearm, shall possess, control, or transfer ownership of an electric gun, so long as the protective order, restraining order, or any extension is in effect, unless the order, for good cause shown, specifically permits the possession of an electric gun. The restraining order or order of protection shall specifically include a statement that possession, control, or transfer of an electric gun by the person named in the order is prohibited. Such person shall relinquish possession and control of any electric gun owned by that person to the police department of the appropriate county for safekeeping for the duration of the order or extension thereof.

In the case of an ex parte order that includes a restriction on the possession, control, or transfer of an electric gun, the affidavit or statement under oath that forms the basis for the order shall contain a statement of the facts that support a finding that the person to be restrained owns, intends to obtain or transfer, or possesses an electric gun, and that the electric gun may be used to threaten, injure, or abuse any person. The ex parte order shall be effective upon service pursuant to section 586-6.

At the time of service of a restraining order involving electric guns issued by any court, the police officer may take custody of any and all electric guns in plain sight, those discovered pursuant to a consensual search, and those electric guns surrendered by the person restrained.

For the purposes of this subsection, "good cause" shall not be based solely upon the consideration that the person subject to restraint pursuant to an order of any court, including an ex parte order as provided for in this subsection, is required to possess or carry an electric gun during the course of the person's employment. "Good cause" includes but is not limited to the protection and safety of the person to whom a restraining order is granted.

(h) Any person disqualified from ownership, possession, control, or the right to transfer ownership of an electric gun under this section shall surrender or dispose of all electric guns in compliance with section 134-85.

(i) For the purposes of enforcing this section, and notwithstanding section 571-84 or any other law to the contrary, any agency within the State shall make its records relating to family court adjudications available to law enforcement officials.

(j) Any person violating subsection (a) or (b) shall be guilty of a class C felony. Any person violating subsection (c), (d), (e), (f), (g), or (h) shall be guilty of a misdemeanor.

**Credits**

Laws 2021, ch. 183, § 2, eff. Jan. 1, 2022.

H R S § 134-86, HI ST § 134-86
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

End of Document © 2025 Thomson Reuters. No claim to original U.S. Government Works.

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part V]. Electric Guns (Refs & Annos)

HRS § 134-87

[§ 134-87]. Exemptions

Currentness

(a) Sections 134-82 and 134-86(f) shall not apply to:

(1) Law enforcement agencies and law enforcement officers acting within the course of their employment; and

(2) The Army or Air National Guard and its members when they are assisting civil authorities in disaster relief, emergency management, or law enforcement functions, subject to the requirements of section 121-34.5;

provided that the electric guns shall be acquired by the law enforcement agencies or the Army or Air National Guard and not individual law enforcement officers or members of the Army or Air National Guard, and shall remain in the custody and control of law enforcement agencies or the Army or Air National Guard.

(b) Law enforcement agencies that authorize use of electric guns by its law enforcement officers and the Army or Air National Guard shall:

(1) Provide training from the manufacturer or from a manufacturer-approved training program conducted by manufacturer-certified or manufacturer-approved instructors in the use of electric guns before deployment of the electric guns and related equipment in public;

(2) Maintain records regarding every electric gun in its custody and control, including every instance of usage of the electric guns, in a similar manner as records are maintained for the discharge of firearms; and

(3) Report to the legislature on the information in, and maintenance of, these records no later than twenty days prior to the convening of each regular session.

(c) The licensing requirement of sections 134-82(b) and 134-83 shall not apply to the sale of electric guns and cartridges by the electric gun manufacturers distributing directly to law enforcement agencies or the Army or Air National Guard.

**Credits**
Laws 2021, ch. 183, § 2, eff. Jan. 1, 2022.

H R S § 134-87, HI ST § 134-87

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part V]. Electric Guns (Refs & Annos)

HRS § 134-88

[§ 134-88]. Storage of electric gun; responsibility with respect to minors

Currentness

(a) No person shall store or keep any electric gun on any premises under the person's control if the person knows or reasonably should know that a minor is likely to gain access to the electric gun, unless the person:

  (1) Keeps the electric gun in a securely locked box or other container or in a location that a reasonable person would believe to be secure; or

  (2) Carries the electric gun on the person or within such close proximity thereto that the minor cannot gain access or control of the electric gun.

(b) Any person violating this section shall be guilty of a misdemeanor.

**Credits**

Laws 2021, ch. 183, § 2, eff. Jan. 1, 2022.

H R S § 134-88, HI ST § 134-88
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part V]. Electric Guns (Refs & Annos)

HRS § 134-89

[§ 134-89]. Carrying or use of electric gun in the commission of a separate misdemeanor

Currentness

(a) It shall be unlawful for a person to knowingly carry on the person or have within the person's immediate control or intentionally use or threaten to use an electric gun, whether operable or not, while engaged in the commission of a separate misdemeanor; provided that a person shall not be prosecuted under this subsection when the separate misdemeanor is a misdemeanor defined by this chapter.

(b) A conviction and sentence under this section shall be in addition to and not in lieu of any conviction and sentence for the separate misdemeanor; provided that the sentence imposed under this section may run concurrently or consecutively with the sentence for the separate misdemeanor.

(c) Any person violating this section shall be guilty of a class C felony.

**Credits**

Laws 2021, ch. 183, § 2, eff. Jan. 1, 2022.

H R S § 134-89, HI ST § 134-89
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document          © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part V]. Electric Guns (Refs & Annos)

HRS § 134-90

[§ 134-90]. Carrying or use of electric gun in the commission of a separate felony

Currentness

(a) It shall be unlawful for a person to knowingly carry on the person or have within the person's immediate control or intentionally use or threaten to use an electric gun, whether operable or not, while engaged in the commission of a separate felony; provided that a person shall not be prosecuted under this subsection when the separate felony is a felony defined by this chapter.

(b) A conviction and sentence under this section shall be in addition to and not in lieu of any conviction and sentence for the separate felony; provided that the sentence imposed under this section may run concurrently or consecutively with the sentence for the separate felony.

(c) Any person violating this section shall be guilty of a class B felony.

**Credits**

Laws 2021, ch. 183, § 2, eff. Jan. 1, 2022.

H R S § 134-90, HI ST § 134-90
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
  Division 1. Government
    Title 10. Public Safety and Internal Security
      Chapter 134. Firearms, Ammunition and Dangerous Weapons
        [Part VI]. Firearm Industry Responsibility

HRS § 134-101

# [§ 134-101]. Definitions

Currentness

As used in this part:

"Firearm accessory" means an attachment or device designed or adapted to be inserted into, affixed onto, or used in conjunction with a firearm that is designed, intended, or functions to alter or enhance the firing capabilities of the firearm, the lethality of the firearm, or a shooter's ability to hold or use a firearm.

"Firearm industry member" means a person, firm, corporation, company, partnership, society, joint stock company, or any other entity or association engaged in the manufacture, distribution, importation, marketing, wholesale, or retail sale of firearm-related products.

"Firearm precursor part" means any forging, casting, printing, extrusion, machined body, or similar article that has reached a state in manufacture where it may readily be completed, assembled, or converted to be used as the frame or receiver of a functional firearm, or that is marketed or sold to the public to become or be used as the frame or receiver of a functional firearm once completed, assembled, or converted.

"Firearm-related product" means a firearm, ammunition, a firearm precursor part, a firearm component, or a firearm accessory that meets any of the following conditions:

   (1) The item is sold, made, or distributed in the State;

   (2) The item is intended to be sold or distributed in the State; or

   (3) The item is or was possessed in the State and it was reasonably foreseeable that the item would be possessed in the State.

"Reasonable controls" means reasonable procedures, acts, or practices that are designed, implemented, and enforced to do the following:

   (1) Prevent the sale or distribution of a firearm-related product to a straw purchaser, a firearm trafficker, a person prohibited from possessing a firearm under federal or state law, or a person who the firearm industry member has reasonable cause to believe is at substantial risk of using a firearm-related product to harm themselves or another or of possessing or using a firearm-related product unlawfully;

(2) Prevent the loss or theft of a firearm-related product from the firearm industry member; and

(3) Ensure that the firearm industry member complies with all provisions of federal or state law and does not otherwise promote the unlawful manufacture, sale, possession, marketing, or use of a firearm-related product.

**Credits**

Laws 2023, ch. 28, § 1, eff. July 1, 2023.

H R S § 134-101, HI ST § 134-101
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

West's Hawai'i Revised Statutes Annotated
 Division 1. Government
  Title 10. Public Safety and Internal Security
   Chapter 134. Firearms, Ammunition and Dangerous Weapons
    [Part VI]. Firearm Industry Responsibility

HRS § 134-102

[§ 134-102]. Firearm industry members; standards of conduct

Currentness

(a) It shall be a violation of this part for a firearm industry member to fail to comply with any requirement of this part.

(b) A firearm industry member shall:

  (1) Establish, implement, and enforce reasonable controls;

  (2) Take reasonable precautions to ensure that the firearm industry member does not sell, distribute, or provide to a downstream distributor a firearm-related product that is abnormally dangerous and likely to create an unreasonable risk of harm to public health and safety in the State; and

  (3) Not engage in any conduct related to the sale or marketing of firearm-related products that is in violation of this chapter.

(c) For the purposes of this part, a firearm-related product shall not be considered abnormally dangerous and likely to create an unreasonable risk of harm to public health and safety based on a firearm's inherent capacity to cause injury or lethal harm.

(d) There shall be a presumption that a firearm-related product is abnormally dangerous and likely to create an unreasonable risk of harm to public health and safety if any of the following is true:

  (1) The firearm-related product's features render the product most suitable for assaultive purposes instead of lawful self-defense, hunting, or other legitimate sport and recreational activities;

  (2) The firearm-related product is designed, sold, or marketed in a manner that foreseeably promotes the conversion of legal firearm-related products into illegal firearm-related products; or

  (3) The firearm-related product is designed, sold, or marketed in a manner that is targeted at minors or other individuals who are legally prohibited from accessing firearms.

**Credits**

Laws 2023, ch. 28, § 1, eff. July 1, 2023.


H R S § 134-102, HI ST § 134-102

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

[§ 134-103]. Violations; who may sue; relief, HI ST § 134-103
Case 1:24-cv-00406-JAO-WRP    Document 49-3    Filed 03/18/25    Page 137 of 139
PageID.1503

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part VI]. Firearm Industry Responsibility

HRS § 134-103

[§ 134-103]. Violations; who may sue; relief

Currentness

(a) An act or omission by a firearm industry member in violation of this part shall constitute an actionable cause of action.

(b) A person who has suffered harm in the State because of a firearm industry member's violation of this part may bring an action in a court of competent jurisdiction.

(c) In addition to any lawsuit filed against a firearm owner pursuant to section 663-9.5, the attorney general or any county attorney or public prosecutor may bring a civil action in a court of competent jurisdiction in the name of the people of the State to enforce this part and remedy harm caused by a violation of this part.

(d) If a court determines that a firearm industry member engaged in conduct in violation of this part, the court may award any or all of the following:

(1) Injunctive relief sufficient to prevent the firearm industry member and any other defendant from further violating the law;

(2) Damages;

(3) Attorney's fees and costs; and

(4) Any other appropriate relief necessary to enforce this part and remedy the harm caused by the conduct.

(e) In an action alleging that a firearm industry member failed to establish, implement, and enforce reasonable controls in violation of section 134-102(b), there shall be a rebuttable presumption that the firearm industry member failed to implement reasonable controls if the following conditions are satisfied:

(1) The firearm industry member's action or failure to act created a reasonably foreseeable risk that the harm alleged by the claimant would occur; and

(2) The firearm industry member could have established, implemented, and enforced reasonable controls to prevent or substantially mitigate the risk that the harm would occur.

(f) If a rebuttable presumption is established pursuant to subsection (e), the firearm industry member shall have the burden of showing through a preponderance of the evidence that the firearm industry member established, implemented, and enforced reasonable controls.

(g) An intervening act by a third party, including but not limited to criminal use of a firearm-related product, shall not preclude a firearm industry member from liability under this part.

**Credits**

Laws 2023, ch. 28, § 1, eff. July 1, 2023.

H R S § 134-103, HI ST § 134-103

Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2025 Thomson Reuters. No claim to original U.S. Government Works.   2

[§ 134-104]. Interpretation of part, HI ST § 134-104
Case 1:24-cv-00496-JAO-WRP    Document 49-3    Filed 03/18/25    Page 139 of 139
PageID.1505

West's Hawai'i Revised Statutes Annotated
Division 1. Government
Title 10. Public Safety and Internal Security
Chapter 134. Firearms, Ammunition and Dangerous Weapons
[Part VI]. Firearm Industry Responsibility

HRS § 134-104

[§ 134-104]. Interpretation of part

Currentness

(a) Nothing in this part shall be construed to limit or impair in any way the right of a person or entity to pursue a legal action under any other authority.

(b) Nothing in this part shall be construed to limit or impair in any way an obligation or requirement placed on a firearm industry member by any other authority.

(c) This part shall be construed and applied in a manner that is consistent with the requirements of the United States Constitution and the Hawaii State Constitution.

**Credits**

Laws 2023, ch. 28, § 1, eff. July 1, 2023.

H R S § 134-104, HI ST § 134-104
Current through the end of the 2024 Regular and First Special Session, pending text revision by the revisor of statutes.

**End of Document**    © 2025 Thomson Reuters. No claim to original U.S. Government Works.