ANNE E. LOPEZ                          7609
Attorney General of Hawaiʻi

KALIKOʻONĀLANI D.                      9964
FERNANDES
Solicitor General

EWAN C. RAYNER                         10222
THOMAS J. HUGHES                       11059
Deputy Solicitors General
Department of the Attorney General,
        State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi 96813
Tel:      (808) 586-1360
Email:   ewan.rayner@hawaii.gov
           thomas.j.hughes@hawaii.gov

DOUGLAS N. LETTER                      [*Pro Hac Vice*]
ERIN C. DAVIS                          9292
SHIRA LAUREN FELDMAN                   [*Pro Hac Vice*]
TESS M. FARDON                         [*Pro Hac Vice*]
Special Deputy Attorneys General
Brady Center to Prevent Gun Violence
840 First Street NE, Suite 400
Washington, DC 20002
Tel:      (202) 370-8100
Email:   dletter@bradyunited.org
           edavis@bradyunited.org
           sfeldman@bradyunited.org
           tfardon@bradyunited.org

MARK S. DAVIS                          1442
AIMEE M. LUM                           8364
Special Deputy Attorneys General
Davis Levin Livingston
851 Fort Street, Suite 400
Honolulu, Hawaiʻi 96813

Tel:      (808) 524-7500
Email:   mdavis@davislevin.com
           alum@davislevin.com

Attorneys for ANNE E. LOPEZ, in her official capacity
as Attorney General of the State of Hawai'i

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIJAH PINALES, JUDA ROACHE, ALOHA STRATEGICS LLC DBA DANGER CLOSE TACTICAL, JGB ARMS LLC, SECOND AMENDMENT FOUNDATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>ANNE E. LOPEZ, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAI'I,<br><br>        Defendant. | Civil No. 24-00496 JAO-WRP<br><br>**DEFENDANT ANNE E. LOPEZ'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; CERTIFICATE OF SERVICE**<br><br><u>District Judge:</u><br>Hon. Jill A. Otake<br><br><u>Magistrate Judge:</u><br>Hon. Wes Reber Porter |

//

//

//

//

//

2

## DEFENDANT ANNE E. LOPEZ'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant ANNE E. LOPEZ, in her official capacity as the Attorney General of the State of Hawai'i ("**Defendant**") respectfully answers the First Amended Complaint ("**FAC**") filed herein on March 18, 2025, ECF No. 49, as follows, in paragraphs that correspond to the FAC's paragraphs:[1]

### PARTIES[2]

1.     With respect to paragraph 1 and footnote 1 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. To the extent that the allegations are Plaintiffs' characterization of their case or legal conclusions, no answer is required. To the extent a response is required, and as to the remaining allegations therein, these allegations are also denied.

2.     With respect to paragraph 2 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. To the extent that the allegations are legal conclusions,

---

[1] The following responses to each paragraph include responses to any footnotes that may be contained in the relevant paragraph.

[2] For the convenience of the Court and the parties, Defendant uses certain headings as set forth in the FAC. In so doing, Defendant neither admits nor denies any allegations that may be suggested by the FAC's headings.

no answer is required. To the extent a response is required, these allegations are also denied.

3.    With respect to the allegations contained in paragraph 3 of the FAC, Defendant admits that Aloha Strategies LLC is a federal firearms licensee. With respect to the remaining allegations, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. To the extent that the allegations are legal conclusions, no answer is required. To the extent a response is required, these allegations are also denied.

4.    With respect to paragraph 4 of the FAC, Defendant admits that JGB Arms LLC is a federal firearms licensee. With respect to the remaining allegations, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. To the extent that the allegations are legal conclusions, no answer is required. To the extent a response is required, these allegations are also denied.

5.    With respect to paragraph 5 and footnote 2 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. The remaining allegations contained in the paragraph are Plaintiffs' characterization of their case or legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

6.     With respect to paragraph 6 of the FAC, Defendant admits that Anne E. Lopez is the Attorney General of Hawaiʻi, that she has been sued in her official capacity, and that she may be served at the listed address. All remaining allegations are denied.

## JURISDICTION AND VENUE

7.     With respect to paragraph 7 of the FAC, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

8.     With respect to paragraph 8 of the FAC, this paragraph sets forth legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

## INTRODUCTION

9.     With respect to paragraph 9 and footnote 3 of the FAC, the Hawaiʻi laws referenced speak for themselves and may or may not stand for or mean what Plaintiffs say they stand for or mean. The remaining allegations contained in the paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

10.     With respect to paragraph 10 of the FAC, the referenced Hawaiʻi laws, the Second Amendment, and *Bruen* speak for themselves and may or may not stand for or mean what Plaintiffs say they stand for or mean. The remaining

allegations contained in the paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

11.     With respect to paragraph 11 and footnotes 4-5 of the FAC, the provisions of Hawai'i law referenced speak for themselves and may or may not stand for or mean what Plaintiffs say they stand for or mean. The remaining allegations contained in the paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

12.     With respect to paragraph 12 of the FAC, the allegations contained therein are Plaintiffs' characterization of their claims and demands for relief or legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. Defendant denies that Plaintiffs are entitled to relief. To the extent the remaining allegations may be deemed allegations of fact, they are denied.

## HAWAI'I FIREARM LAW BACKGROUND

13.     With respect to paragraph 13 and footnote 6 of the FAC, *Bruen* speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

14.    With respect to paragraph 14 of the FAC, the Hawaiʻi laws referenced speak for themselves. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

15.    With respect to paragraph 15 of the FAC, the Hawaiʻi laws referenced speak for themselves. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

16.    With respect to paragraph 16 of the FAC, the Hawaiʻi laws referenced speak for themselves. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

17.    With respect to paragraph 17 of the FAC, the Hawaiʻi laws referenced speak for themselves. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

18.    With respect to paragraph 18 of the FAC, Hawaiʻi Revised Statutes ("HRS") § 134-4 speaks for itself.

19.    With respect to paragraph 19 of the FAC, HRS § 134-5 speaks for itself.

20.     With respect to paragraph 20 of the FAC, HRS § 134-17 speaks for itself.

21.     With respect to paragraph 21 of the FAC, HRS § 134-7 speaks for itself.

22.     With respect to paragraph 22 of the FAC, HRS § 134-11 speaks for itself. The remaining allegations are denied.

## SECOND AMENDMENT

23.     With respect to paragraph 23 of the FAC, the Second Amendment to the United States Constitution speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means.

24.     With respect to paragraph 24 of the FAC, the Second Amendment and the cases referenced speak for themselves and may or may not say, stand for, or mean what Plaintiffs say they say, stand for, or mean. The remaining allegations are denied.

25.     With respect to paragraph 25 of the FAC, *McDonald* speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. Any remaining allegations are denied.

26.     With respect to paragraph 26 of the FAC, *Bruen* speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations are denied.

27.    With respect to paragraph 27 of the FAC, *Bruen* speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

28.    With respect to paragraph 28 of the FAC, *Bruen* speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

29.    With respect to paragraph 29 of the FAC, *Bruen* speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

30.    With respect to paragraph 30 of the FAC, the Fourteenth Amendment speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

31.     With respect to paragraph 31 of the FAC, *Heller* speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are denied.

32.     With respect to paragraph 32 of the FAC, *Heller* speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

33.     With respect to paragraph 33 of the FAC, *Jackson* speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

34.     With respect to paragraph 34 of the FAC, the cases referenced speak for themselves and may or may not say, stand for, or mean what Plaintiffs say they say, stand for, or mean. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

35.     With respect to paragraph 35 and footnote 7 of the FAC, the cases referenced speak for themselves, and may or may not say, stand for, or mean what

Plaintiffs say they say, stand for, or mean. The remaining allegations contained in this paragraph are denied.

36.    With respect to paragraph 36 of the FAC, *Heller*, *Bruen*, and *Rahimi* speak for themselves and may or may not say, stand for, or mean what Plaintiffs say they say, stand for, or mean. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

37.    With respect to paragraph 37 of the FAC, the judicial opinions referenced speak for themselves and may or may not say, stand for, or mean what Plaintiffs say they say, stand for or mean. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

38.    With respect to paragraph 38 and footnotes 8-12 of the FAC, the statutes and secondary materials referenced speak for themselves and may or may not stand for or mean what Plaintiffs say they stand for or mean. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the statements of fact made in the allegations contained therein, and on that basis denies the allegations. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

39.    With respect to paragraph 39 and footnote 13 of the FAC, the documents, statutes, and cases referenced speak for themselves and may or may not say, stand for, or mean what Plaintiffs say they say, stand for, or mean. Defendant has insufficient knowledge or information as to the truth or falsity of the statements of fact made in the allegations contained therein, and on that basis denies the allegations. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

40.    With respect to paragraph 40 of the FAC, the cases referenced speak for themselves and may or may not say, stand for, or mean what Plaintiffs say they say, stand for, or mean. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

41.    With respect to paragraph 41 of the FAC, the statute referenced speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

42.    With respect to paragraph 42 and footnote 14 of the FAC, the Twenty-Sixth Amendment and the secondary sources referenced speak for themselves and

12

may or may not say, stand for, or mean what Plaintiffs say they say, stand for, or mean. Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the statements of fact made in the allegations contained therein, and on that basis denies the allegations. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

43. With respect to paragraph 43 of the FAC, *Bruen* speaks for itself, and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

44. With respect to paragraph 44 and footnote 15 of the FAC, *Bruen* speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the statements of fact made in the allegations contained therein, and on that basis denies the allegations. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

13

45.    With respect to paragraph 45 of the FAC, the cases referenced speak for themselves and may or may not say, stand for, or mean what Plaintiffs say they say, stand for, or mean. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

46.    With respect to paragraph 46 of the FAC, *Bruen* speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

47.    With respect to paragraph 47 of the FAC, *Bruen* speaks for itself, and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations contained in this paragraph are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

48.    With respect to paragraph 48 and footnote 16 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

49.     With respect to paragraph 49 and footnotes 17-19 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

50.     With respect to paragraph 50 and footnotes 20–23 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

51.     With respect to paragraph 51 and footnote 24 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

52.     With respect to paragraph 52 and footnote 25 of the FAC, the Second Amendment and *Bruen* speak for themselves and may or may not say, stand for, or mean what Plaintiffs say they say, stand for, or mean. The remaining allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

## **HRS Chapter 134**

53.     With respect to paragraph 53 and footnote 26 of the FAC, HRS Chapter 134 speaks for itself and may or may not stand for or mean what Plaintiffs say it stands for or means. The remaining allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, these allegations are also denied.

54.     With respect to paragraph 54 of the FAC, Defendant admits that

firearms laws were enacted in the State of Hawaiʻi after *Bruen*. The remaining

allegations contained in this paragraph are denied, or are legal conclusions to

which no response is required. To the extent a response is required, these

allegations are also denied.

55.     With respect to paragraph 55 of the FAC, Defendant admits that HRS

§ 134-2's restriction on those under the age of twenty-one was enacted in 1994,

and that HRS § 134-7.7 was enacted in 2024. These statutes speak for themselves

and may or may not stand for or mean what Plaintiffs say they stand for or mean.

The remaining allegations contained in this paragraph are denied, or are legal

conclusions to which no response is required. To the extent a response is required,

these allegations are also denied.

56.     With respect to paragraph 56 of the FAC, to the extent that the

allegations contained in this paragraph are legal conclusions, no response is

required. To the extent a response is required, these allegations are denied. The

remaining allegations contained in this paragraph are denied.

## CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

57.     With respect to paragraph 57 of the FAC, Defendant incorporates by

reference the answers to all previous paragraphs as set forth herein.

58.     With respect to paragraph 58 of the FAC, the allegations contained

therein characterize Plaintiffs' claims and demands for relief to which no response

is required. To the extent a response is required, these allegations are denied.

59.     With respect to paragraph 59 of the FAC, the allegations contained

therein characterize Plaintiffs' claims and demands for relief, or are legal

conclusions, to which no response is required. To the extent a response is required,

these allegations are denied.

60.     With respect to paragraph 60 of the FAC, Defendant admits that HRS

§ 134-2's restriction on those under the age of twenty-one was enacted in 1994,

and that HRS § 134-7.7 was enacted in 2024. The remaining allegations contained

in this paragraph are denied, or are legal conclusions to which no response is

required. To the extent a response is required, these allegations are also denied.

61.     With respect to paragraph 61 and footnotes 27-28 of the FAC,

*Cooper*, *Brown I*, and *Brown II* speak for themselves and may or may not say,

stand for, or mean what Plaintiffs say they say, stand for, or mean. The remaining

allegations contained in this paragraph are denied.

62.     With respect to paragraph 62 of the FAC, to the extent that the

allegations contained therein characterize Plaintiffs' claims and demands for relief,

or are legal conclusions, no response is required. The unspecified state laws

referenced speak for themselves, and Plaintiffs' characterizations of those other

17

state laws are legal conclusions to which no response is required. To the extent a

response is required, these allegations are denied. As to the remaining allegations

in this paragraph, Defendant has insufficient knowledge or information as to the

truth or falsity of the allegations and on that basis denies the allegations.

63.    With respect to paragraph 63 of the FAC, the unspecified state laws

referenced speak for themselves, and Plaintiffs' characterizations of those other

state laws are legal conclusions to which no response is required. To the extent a

response is required, these allegations are denied. As to the remaining allegations

in this paragraph, Defendant has insufficient knowledge or information as to the

truth or falsity of the allegations made therein, and on that basis denies the

allegations.

64.    With respect to paragraph 64 of the FAC, to the extent that allegations

contained therein are legal conclusions, no response is required. To the extent a

response is required, these allegations are denied. The remaining allegations are

denied.

## **PLAINTIFF ELIJAH PINALES**

65.    With respect to paragraph 65 of the FAC, Defendant incorporates by

reference the answers to all previous paragraphs as set forth herein.

66.    With respect to paragraph 66 of the FAC, the allegations contained

therein characterize Plaintiffs' claims and demands for relief, or are legal

conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendant denies that Plaintiff Pinales is entitled to any relief.

67.    With respect to paragraph 67 of the FAC, the allegations contained therein characterize Plaintiffs' claims and demands for relief to which no response is required. To the extent a response is required, these allegations are denied. Defendant denies that Plaintiff Pinales is entitled to any relief.

68.    With respect to paragraph 68 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

69.    With respect to paragraph 69 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

70.    With respect to paragraph 70 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. As to the allegations that constitute legal conclusions, no response is required. To the extent a response is required, these allegations are also denied.

71.    With respect to paragraph 71 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that

basis denies the allegations. As to the allegations that constitute legal conclusions, no response is required. To the extent a response is required, these allegations are also denied.

72.     With respect to paragraph 72 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

73.      With respect to paragraph 73 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

74.     With respect to paragraph 74 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

75.     With respect to paragraph 75 and footnote 29 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

76.     With respect to paragraph 76 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

77.     With respect to paragraph 77 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

78.     With respect to paragraph 78 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. As to the allegations that constitute legal conclusions, no response is required. To the extent a response is required, these allegations are also denied.

79.     With respect to paragraph 79 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

## **PLAINTIFF ROACHE**

80.     With respect to paragraph 80 of the FAC, Defendant incorporates by reference the answers to all previous paragraphs as set forth herein. With respect to footnote 30, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. The remaining allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

81.     With respect to paragraph 81 of the FAC, the allegations contained therein characterize Plaintiffs' claims and demands for relief, or are legal

conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendant denies that Plaintiff Roache is entitled to any relief.

82.    With respect to paragraph 82 of the FAC, the allegations contained therein characterize Plaintiffs' claims and demands for relief to which no response is required. To the extent a response is required, these allegations are denied. Defendant denies that Plaintiff Roache is entitled to any relief.

83.    With respect to paragraph 83 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

84.    With respect to paragraph 84 and footnote 31 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

85.    With respect to paragraph 85 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

86.    With respect to paragraph 86 and footnote 32 of the FAC, Defendant

has insufficient knowledge or information as to the truth or falsity of the

allegations and on that basis denies the allegations.

87.    With respect to paragraph 87 of the FAC, Defendant has insufficient

knowledge or information as to the truth or falsity of the allegations and on that

basis denies the allegations.

88.    With respect to paragraph 88 of the FAC, Defendant has insufficient

knowledge or information as to the truth or falsity of the allegations and on that

basis denies the allegations.

89.    With respect to paragraph 89 of the FAC, Defendant has insufficient

knowledge or information as to the truth or falsity of the allegations and on that

basis denies the allegations.

90.    With respect to paragraph 90 of the FAC, Defendant has insufficient

knowledge or information as to the truth or falsity of the allegations and on that

basis denies the allegations. The remaining allegations are legal conclusions to

which no response is required. To the extent a response is required, these

allegations are also denied. Defendant denies that Plaintiff Roache is entitled to

any relief.

91.     With respect to paragraph 91 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

92.     With respect to paragraph 92 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

93.     With respect to paragraph 93 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

94.     With respect to paragraph 94 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

## **PLAINTIFF DANGER CLOSE TACTICAL**

95.     With respect to paragraph 95 of the FAC, Defendant incorporates by reference the answers to all previous paragraphs as set forth herein.

96.     With respect to paragraph 96 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

97.    With respect to paragraph 97 of the FAC, Defendant admits that Aloha Strategies LLC is currently a registered LLC and registrant of the trade name Danger Close Strategies.

98.    With respect to paragraph 98 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

99.    With respect to paragraph 99 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

## PLAINTIFF JGB ARMS LLC

100.    With respect to paragraph 100 of the FAC, Defendant incorporates by reference the answers to all previous paragraphs as set forth herein.

101.    With respect to paragraph 101 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

102.    With respect to paragraph 102 of the FAC, Defendant admits that JGB Arms, LLC is currently a registered LLC.

103.   With respect to paragraph 103 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations.

104.   With respect to paragraph 104 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

## PLAINTIFF SAF

105.   With respect to paragraph 105 of the FAC, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

## CONTEXT RELATED TO ALL CLAIMS

106.   With respect to paragraph 106 of the FAC, Defendant denies the allegations contained therein.

107.   With respect to paragraph 107 of the FAC, the allegations contained therein are legal conclusions to which no response is required. To the extent a

response is required, these allegations are denied. Any remaining allegations are denied.

108.    With respect to paragraph 108 of the FAC, the allegations contained therein characterize Plaintiffs' claims to which no response is required. To the extent a response is required, these allegations are denied.

109.    With respect to paragraph 109 of the FAC, Defendant denies the allegations contained therein. To the extent that the allegations characterize Plaintiffs' claims and demands for relief, or are legal conclusions, no response is required. To the extent a response is required, these allegations are also denied.

110.    With respect to paragraph 110 of the FAC, the Second Amendment speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. The remaining allegations are denied, or are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

111.    With respect to paragraph 111 and footnote 33 of the FAC, the Second Amendment speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means. As to the remaining factual allegations, Defendant has insufficient knowledge or information as to the truth or falsity of the allegations and on that basis denies the allegations. The remaining

allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are also denied.

## DECLARATORY JUDGMENT

112.    With respect to paragraph 112 of the FAC, Defendant incorporates by reference the answers to all previous paragraphs as set forth herein.

113.    With respect to paragraph 113 of the FAC, the Declaratory Judgment Act speaks for itself and may or may not say, stand for, or mean what Plaintiffs say it says, stands for, or means.

114.    With respect to paragraph 114 of the FAC, the allegations contained therein characterize Plaintiffs' claims and demands for relief, or are legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendant denies that Plaintiffs are entitled to any relief.

115.    With respect to paragraph 115 of the FAC, the allegations contained therein characterize Plaintiffs' claims and demands for relief, or are legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendant denies that Plaintiffs are entitled to any relief.

116.   With respect to paragraph 116 of the FAC, the allegations contained therein constitute legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

117.   With respect to paragraph 117 of the FAC, the allegations contained therein characterize Plaintiffs' claims and demands for relief, or are legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendant denies that Plaintiffs are entitled to any relief.

118.   With respect to paragraph 118 of the FAC, the allegations contained therein characterize Plaintiffs' claims and demands for relief, or are legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Defendant denies that Plaintiffs are entitled to any relief.

119.   Defendant denies any and all allegations not expressly admitted herein to which a response is deemed required.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to the relief set forth in each of the six paragraphs of the prayer for relief immediately following paragraph 118, or to any relief whatsoever. To the extent that the Prayer for Relief states any allegations, Defendant denies them.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Plaintiffs' claims in this action are barred in that they do not have standing to bring them.

3.      Individual Plaintiffs are not a part of "the people" to whom Second Amendment rights attach, and as such, the FAC fails to state a claim.

4.      History and tradition demonstrate that firearm acquisition and possession can be restricted for individuals age 18 to 20.

5.      An extensive body of scientific research demonstrates that the 18-to-20-year-old age group is particularly risky and reckless when compared to other age groups, accounts for a disproportionate share of violent crimes and homicides, and is particularly capable of inflicting mass-casualty carnage with firearms.

6.      History and tradition demonstrate that firearms restrictions can be placed on groups or individuals whom legislatures or judges have determined present a heightened risk of danger to themselves or others, or who otherwise cannot be characterized as "law-abiding, responsible citizens."

7.      Plaintiffs' allegations are not the proper subject of an action under 42 U.S.C. § 1983, as there was no action under color of law that violated Plaintiffs' civil rights.

8.      Defendant and her agents/employees acted in good faith and without malice.

9.      Defendant is not liable under a theory of respondent superior, as such theory is inapplicable to actions brought under 42 U.S.C. § 1983, and any allegedly improper actions of any individual cannot be attributed to Defendant.

10.     Defendant is not responsible to Plaintiffs under any theory of imputed or vicarious liability.

11.     If it is determined that any employee, agent, servant, appointee, or representative of Defendant was responsible for Plaintiffs' injuries and damages, if any, such individuals' alleged acts were justifiable under the applicable law and facts of this case.

12.     Under the Eleventh Amendment to the Constitution of the United States and principles of state sovereign immunity, Defendant is immune from suit in federal court on Plaintiffs' claims, including but not limited to claims for retrospective relief and claims for damages.

13.     Defendant is not liable for Plaintiffs' alleged injuries and/or damages on the basis of absolute and/or qualified immunity.

14.     Defendant did not personally participate in or cause the deprivations complained of.

15.    Defendant did not have a policy or custom which resulted in the alleged deprivation of Plaintiffs' constitutional rights or other civil rights.

16.    Plaintiffs' allegations are not the proper subject of an action under 42 U.S.C. § 1983 as there was no state statute, ordinance, regulation, custom, policy, practice or usage that violated Plaintiffs' civil rights.

17.    Defendant did not violate Plaintiffs' rights under the Second Amendment to the United States Constitution, any other constitutional provision, or 42 U.S.C. § 1983.

18.    Defendant was not a substantial factor in causing any damages as may be alleged in the FAC.

19.    Neither declaratory nor injunctive relief is warranted against Defendant.

20.    Plaintiffs unreasonably delayed the bringing of their FAC and causes of action against Defendant, and such laches and unreasonable delay were without good cause and prejudiced Defendant.

21.    Defendant reserves all rights to assert any affirmative defenses or to rely on any other matter constituting an avoidance pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and to seek leave to amend the Answer to allege any such defenses and to assert any other defenses, claims and counterclaims as discovery and the evidence may merit.

WHEREFORE, Defendant respectfully requests as follows:

1.    That the Court enter judgment in favor of Defendant;

2.    That Defendant be awarded costs incurred in defending this action;
      and

3.    That the Court grants all further relief in law and equity to which
      Defendant is entitled.

DATED:  Honolulu, Hawaiʻi, April, 1, 2025.

                          /s/ Aimee M. Lum
                          _____

                          KALIKOʻONĀLANI D. FERNANDES
                          EWAN C. RAYNER
                          THOMAS J. HUGHES
                          DOUGLAS N. LETTER [Pro Hac Vice]
                          ERIN C. DAVIS
                          SHIRA LAUREN FELDMAN [Pro Hac Vice]
                          TESS M. FARDON [Pro Hac Vice]
                          MARK S. DAVIS
                          AIMEE M. LUM

                          Attorneys for Defendant ANNE E. LOPEZ,
                          in her official capacity as the Attorney General of
                          the State of Hawaiʻi