Kevin Gerard O'Grady
Law Office of Kevin O'Grady, LLC
1164 Bishop Street, Suite 1605
Honolulu, Hawaii 96813
(808) 521-3367
Hawaii Bar No. 8817
Kevin@KevinOGradyLaw.Com

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIJAH PINHALES, HAWAII FIREARMS COALITION, ALOHA STRATEGICS LLC DBA DANGER CLOSE TACTICAL, JGB ARMS LLC, SECOND AMENDMENT FOUNDATION, | ) ) ) ) ) ) |
| | Civil No. 1:24-cv-00496 JAO-WRP |
| Plaintiffs, | ) ) PLAINTIFFS' OPPOSITION TO ) DEFENDANT'S MOTION TO ) STAY |
| v. | ) ) |
| ANNE E. LOPEZ, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAII, | ) ) ) ) ) |
| Defendant | ) |

## Table of Contents

I.    Introduction ................................................................................. 1

II.    The State is Requesting an Indefinite Stay ................................ 2

III.    Indefinite Stays Are Disfavored in the Ninth Circuit ............. 6

IV.    The Balance of Hardships Weighs in Favor of Denying a Stay ............ 9

V.    It Does Not Serve Judicial Efficiency to Grant a Stay Because *PWGG* will likely not be Dispositive of Plaintiffs' Claims ........................................... 15

VI.    Conclusion .............................................................................. 20

# Table of Authorities

## Cases

*Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519 (11th Cir. 1984) ................................................................................................10

*Baird v. Bonta*, 81 F.4th 1036 (9th Cir. 2023) .............................................11

*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718 (9th Cir. 2007) ...............................................................................7

*Chavez v. Bonta*, No. 19-CV-1226-L-AHG, 2025 WL 918541(S.D. Cal. Mar. 26, 2025) .......................................................................................................15

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007) ...................................................................................................19

*Elrod v. Burns*, 427 U.S. 347 (1976) ..........................................................11

*Ernest Bock, LLC v. Steelman*, 76 F.4th 827 (9th Cir. 2023) .....................1

*Ezell v. City of Chi.,* 651 F.3d 684 (7th Cir. 2011) ....................................11

*Hawai'i v. Trump,* 233 F. Supp. 3d 850 (D. Haw. 2017) .....................11, 12

*Hoeun Yong v. INS*, 208 F.3d 1116 (9th Cir. 2000) .................................7, 8

*In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076 (9th Cir. 2024) ............... 9, 17, 18, 19

*Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199 (5th Cir. 1983)...........7

*Jones v. Bonta*, 34 F.4th 704 (9th Cir.), opinion vacated on reh'g, 47 F.4th 1124 (9th Cir. 2022) .......................................................................................3

*Karoun Dairies, Inc. v. Karlacti, Inc.,* No. 08CV1521 AJB WVG, 2013 WL 4716202 (S.D. Cal. Sept. 3, 2013)............................................... 13, 14

*Landis v. N. Am. Co.*, 299 U.S. 248, 257, 57 S. Ct. 163 (1936) .............. 7, 9, 12, 17

*Lockyer v. Mirant Corp*., 398 F.3d 1098 (9th Cir. 2005) .........................................10

*Matera v. Google Inc*., No. 15-CV-04062-LHK, 2016 WL 454130 (N.D. Cal. Feb. 5, 2016) ........................................................................................ 12, 13, 14

*McDougall v. Cnty. of Ventura*, 23 F.4th 1095, 1119 (9th Cir.), reh'g en banc granted, opinion vacated, 26 F.4th 1016 (9th Cir. 2022), and on reh'g en banc, 38 F.4th 1162 (9th Cir. 2022) (VanDyke, Concurring)..................................5

*Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012)....................................................11

*New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) .....4, 16

*Pinales v. Lopez*, No. CV 24-00496 JAO-WRP, 2025 WL 653980 (D. Haw. Feb. 7, 2025) .......................................................................................................16

*Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 77, 134 S. Ct. 584 (2013) ...............6

*Yong v. I.N.S.,* 208 F.3d 1116 (9th Cir. 2000) ......................................................3, 5

*Young v. Hawaii*, 45 F.4th 1087 (9th Cir. 2022)........................................................6

## Statutes

Cal. Pen. Code § 27875(a)) ........................................................................................15

## Other Authorities

*Andrew Teter v. ANNE E. LOPEZ*, 20-15948, (9th Cir. argued Feb. 14, 2023).........6

*Baker v. Kealoha*, No. 11-00528 (9th Cir. argued Dec. 6, 2012)...............................8

*Carralero v. Bonta* No. 23-4354 (9th Cir. argued April, 11, 2024) ..........................8

https://www.ca9.uscourts.gov/general/faq/ ...............................................................3

Ninth Circuit General Order 1.12 ...............................................................................4

Ninth Circuit General Order 3.6(d).............................................................................4

*Peruta v. County of San Diego*, No. 10-56971 (9th Cir. argued Dec. 6, 2012) .........8

*Richards v. Prieto*, No. 11-16255 (9th Cir. argued Dec. 6, 2012) ...........................8

*Todd Yukutake v. Anne E. Lopez*, 21-16756, (9th Cir. argued Feb. 14, 2025)............6

*Wolford v Lopez* No. 23-16164 (9th Cir. argued April 11, 2024).............................8

*Young v. Hawaii* No. 12-17808 (9th Cir. Argued Feb. 12, 2018).............................6

**Rules**

Federal Rule of Civil Procedure 26(f)........................................................................18

Ninth Circuit Advisory Committee note to Rule 34-1 to 34-3 .................................8

**Treatises**

https://www.ca9.uscourts.gov/en-banc/ ...................................................................5

https://www.uscourts.gov/data-news/data-tables/2017/09/30/judicial-business/b-4a
........................................................................................................................3

# I.  **Introduction**

The State is requesting this Court to stay Plaintiffs' case indefinitely pending the outcome of *PWGG, LP v. Bonta, No. 25-2509 (9th Cir.)* ("*PWGG*").  *PWGG* was recently appealed. As of the filing of this opposition, neither briefing nor argument has yet occurred. The State's request for a stay should be denied on two primary grounds. First, as shown below, it will likely take years for the Ninth Circuit to issue an opinion in *PWGG*.   As a result, the State is essentially requesting an indefinite stay, and requests for such indefinite stays are foreclosed by a long line of precedent. The Ninth Circuit weighs three factors when determining a stay. "(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.' " *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023).  The State's motion should be denied because "the possible damage which may result from the granting of a stay" to the Plaintiffs dramatically outweighs the "the hardship or inequity which a party may suffer in being required to go forward". *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023).

*PWGG* will likely take several years to prosecute.  The nature of the challenged statutes is such that individuals are directly affected by their

enforcement only until they are 21 years of age. To put Plaintiffs' claims on hold for years is to practically foreclose any possibility that they will be able to restore their fundamental rights during the time they are most critically extinguished. Injunctive relief *now* is what the Plaintiffs are seeking, and what equity demands.

Second, "the orderly course of justice" is not served by granting this stay because the claims brought in *PWGG* are much different than the ones Plaintiffs bring. *PWGG* is about restrictions on the commercial sale of certain firearms to adults under 21. Whereas Plaintiffs' case is about Hawaii's complete ban on the acquisition and ownership of firearms by adults under 21. It is unlikely that *PWGG* will offer guidance to this Court in deciding Plaintiffs' claims. This Court should allow Plaintiffs to move quickly to summary judgment and a vindication of their fundamental rights, while such vindication is still relevant to them. Should the losing party after summary judgment elect to appeal, the Ninth Circuit would then have the same opportunity to hear their claims alongside *PWGG*. For the reasons laid out below, the State's motion to stay should be denied.

## II.    The State is Requesting an Indefinite Stay

The State is requesting a stay of this case that will not lapse until the resolution of *PWGG*. Thus, the requested stay does not have a set expiration date and is thus indefinite in nature. Therefore, this Court should evaluate the propriety of the requested stay "in light of its probable substantial longevity." *Yong v. I.N.S.,*

2

208 F.3d 1116, 1119 (9th Cir. 2000). Here, the proposed stay will likely last years. As the Ninth Circuit says on its website, a Ninth Circuit civil appeal takes "approximately 6 - 12 months from the notice of appeal date, or approximately 4 months from completion of briefing" to be heard for oral argument.[1] The Ninth Circuit goes on to say there is no time limit after oral argument "but most cases are decided within 3 months to a year after submission."[2]

For example, in the fiscal year ending September 30, 2017, the median time from notice of appeal to decision in the Ninth Circuit was 22.8 months.[3] That is just the median time–half of the appeals took longer. *PWGG* deals with a weighty issue of constitutional law which will likely take longer than the median time. Taking into account the potential for the matter to be reheard *en banc* would only increase the time to decide that appeal – and the delay imposed on the instant Plaintiffs' constitutional claims. The Ninth Circuit has already heard *PWGG* once at the preliminary injunction stage. *See Jones v. Bonta*, 34 F.4th 704 (9th Cir.), opinion vacated on reh'g, 47 F.4th 1124 (9th Cir. 2022). There the Ninth Circuit preliminarily enjoined the challenged laws, but the decision was vacated and remanded back to the trial court to be reheard in light of *New York State Rifle &*

---

[1] https://www.ca9.uscourts.gov/general/faq/

[2] *Id.*

[3] https://www.uscourts.gov/data-news/data-tables/2017/09/30/judicial-business/b-4a ((See Table B-4A to the report.)

*Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). *Id.*  In all likelihood, PWGG will be heard by the same panel as a result of the comeback rule.  The comeback rule is a set of Ninth Circuit rules which encourage a panel which already heard a matter in a prior appeal to hear the case again.

Ninth Circuit General Order 1.12, defines comeback cases as those that involve "subsequent appeals or petitions from a district court case or agency proceeding involving substantially the same parties and issues from which there previously had been a calendared appeal or petition." And Ninth Circuit General Order 3.6(d) explains that "[w]hen a new appeal is taken to this Court from a district court or agency decision following a remand or other decision by an argument panel, the Clerk's Office will notify the panel that previously heard the case that the new appeal or petition is pending[] and will provide a brief description of the issues presented. The prior panel is encouraged to accept a case that predominately involves the interpretation and application of the prior panel decision, except when it is impossible to reconstitute the prior panel." Ninth Circuit Gen. Order 3.6(d).

Here, *PWGG* clearly meets the standard for a comeback case. Thus, it will most likely be heard by the same panel which heard it before.  There is no meaningful reason why that panel will not once again find the challenged laws unconstitutional. And in the Ninth Circuit, typically when an appeal strikes down a

law on Second Amendment grounds, the Ninth Circuit hears the appeal en banc.
*See McDougall v. Cnty. of Ventura*, 23 F.4th 1095, 1119 (9th Cir.), reh'g en banc
granted, opinion vacated, 26 F.4th 1016 (9th Cir. 2022), and on reh'g en banc, 38
F.4th 1162 (9th Cir. 2022) (VanDyke, Concurring) ("I'm not a prophet, but since
this panel just enforced the Second Amendment, and this is the Ninth Circuit, this
ruling will almost certainly face an en banc challenge. This prediction follows from
the fact that this is always what happens when a three-judge panel upholds the
Second Amendment in this circuit.").

Thus, this Court should also factor in the likely time it will take for the Ninth
Circuit to conduct en banc proceedings when deciding the propriety of the State's
stay motion. Plaintiffs could not find an average time for en banc review. However,
based upon a review of other Second Amendment cases which were taken en banc,
and the Ninth Circuit's current en banc cases, it is "probable"[4] to expect en banc
review to take over a year from the time the three-judge panel issues its opinion.[5]
Thus, it is probable that, if granted, the State's proposed  stay will last three to four

---

[4] *Yong v. I.N.S.,* 208 F.3d 1116, 1119 (9th Cir. 2000).
[5] *See* https://www.ca9.uscourts.gov/en-banc/ (status of current Ninth Circuit en
banc cases)

years or longer. [6] The Ninth Circuit has found similar lengthy stays inappropriate in the past.

### III.    Indefinite Stays Are Disfavored in the Ninth Circuit

The Ninth Circuit disfavors lengthy and indefinite delays. "… [The Supreme Court] has cautioned, a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'"  *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 77, 134 S. Ct. 584, 591 (2013) (additional citation omitted). "[L]engthy and indefinite stays place a plaintiff effectively out of court. Such an indefinite delay amounts to a

---

[6] The other Second Amendment cases appealed from Hawaii have taken over four years for the Ninth Circuit to resolve their appeals. At the extreme range, *Young v. Hawaii* No. 12-17808 (9th Cir. Argued Feb. 12, 2018) was appealed from this court in Dec. 2012.  The parties waited until Feb. 12, 2018, to receive an oral argument and the appeal was not finally resolved until August 19, 2022. *See Id. See also Young v. Hawaii*, 45 F.4th 1087, 1094 (9th Cir. 2022) (O'Scannlain, Dissenting) ("The parties have waited a decade to resolve this litigation, and Young has waited over ten years to exercise his constitutional right to carry a handgun in public for self-defense.").  A more typical example of a Ninth Circuit Second Amendment appeal which included en banc proceedings is *Andrew Teter v. ANNE E. LOPEZ*, 20-15948, (9th Cir. argued Feb. 14 2023) available at https://www.courtlistener.com/docket/66718144/andrew-teter-v-anne-e-lopez/. That appeal was docketed May 19, 2020, and the mandate was issued February 13, 2025. Another example of a Second Amendment appeal is *Todd Yukutake v. Anne E. Lopez*, 21-16756, (9th Cir. argued Feb. 14, 2023 ) available at https://www.courtlistener.com/docket/66787905/todd-yukutake-/.  That appeal was docketed Oct. 21, 2021, and is still ongoing.  Thus, it is entirely probable that the State's requested stay will last over four years.

refusal to proceed to a disposition on the merits." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc*., 490 F.3d 718, 724 (9th Cir. 2007). *See also Landis v. N. Am. Co*., 299 U.S. 248, 257, 57 S. Ct. 163, 167 (1936) ("When once those limits have been reached, the fetters should fall off… [a]n order which is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done").

The Ninth Circuit "respect[s] the trial court's inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants' and we give deference to the district court's judgment that the stay will avoid hardship and inequity, but we 'cannot abdicate our [role] . . . to prevent the ossification of rights which attends inordinate delay.'") (citations and footnote omitted, alteration in original)." *Hoeun Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (*quoting Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 202-03 (5th Cir. 1983)).

*Hoeun*, while a habeas case, uses similar analysis as that used here because that case was stayed pending a resolution of a different case to the Supreme Court. The Ninth Circuit found that the stay "term is indefinite … because the stay terminates upon the 'resolution of the [Ma] appeal,' if the Supreme Court should grant certiorari to review this court's decision in Ma, the stay could remain in

7

effect for a lengthy period of time, perhaps for years if our decision in Ma is

reversed and the case is remanded for further proceedings." *Hoeun Yong,* 208 F.3d

at 1119. As shown above, the State's proposed stay will similar last for years.

There is no legitimate reason to maintain a stay for that long.  This is especially

true given that in the absence of a stay, the matter can be resolved via summary

judgment by the end of this year.  Allowing the normal course of litigation to take

place would allow the losing party to appeal this Court's decision to the Ninth

Circuit in time for this case to be alongside *PWGG* if the Ninth Circuit so chooses.[7]

Moreover, because the challenged laws affect the individual Plaintiffs for a

---

[7] The Ninth Circuit reserves the right to hear cases raising the same issue at the same time by advancing hearing schedules. *See* Ninth Circuit Advisory Committee Note to Rule 34-1 to 34-3 (1). Appeals Raising the Same Issues. When other pending cases raise the same legal issues, the Court may advance or defer the hearing of an appeal so that related issues can be heard at the same time. The first panel to whom the issue is submitted has priority. Normally, other panels will enter orders vacating submission and advise counsel of the other pending case when it appears that the first panel's decision is likely to be dispositive of the issue. In the past the Ninth Circuit has shown a penchant for hearing Second Amendment cases dealing with the same legal issue at the same time.  *See e.g. Peruta v. County of San Diego*, No. 10-56971 (9th Cir. argued Dec. 6, 2012); *Richards v. Prieto*, No. 11-16255 (9th Cir. argued Dec. 6, 2012); *Baker v. Kealoha*, No. 11-00528 (9th Cir. argued Dec. 6, 2012) all dealt with whether Hawaii's and California's respective good cause standards violated the Second Amendment. *See also Wolford v Lopez* No. 23-16164 (9th Cir. argued April 11, 2024); *May v. Bonta* No. 23-4356 (9th Cir. argued April 11. 2024); *Carralero v. Bonta* No. 23-4354 (9th Cir. argued April, 11, 2024). All dealing with Hawaii's and California's respective sensitive places laws.

substantial but temporary period of time, it would be extremely prejudicial to the
individual plaintiffs to stay this case.

## IV.   The Balance of Hardships Weighs in Favor of Denying a Stay

As the State argues, in exercising its discretion to issue a stay, the Court
must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S.
at 254-55 (citations omitted). "[I]f there is even a fair possibility that the stay for
which [a party] prays will work damage to someone else," the moving party must
"make out a clear case of hardship or inequity in being required to go forward." *Id.*
at 255. The pertinent inquiry is whether a "stay imposes a hardship on Plaintiffs
that outweighs the efficiencies to be gained by the stay." *In re PG&E Corp. Sec.
Litig.*, 100 F.4th 1076, 1087 (9th Cir. 2024).

Here, the individual plaintiffs will be effectively barred from having their
claims heard in court if this stay is granted. Plaintiffs' standing for injunctive relief
is predicated on them currently being in the age range targeted by the prohibition
on adults under 21 from owning firearms. The State's proposed stay will likely last
for several years.  By the time the proposed stay has concluded, the individual
plaintiffs will have suffered the full duration of the State's constitutional violation
and "graduated" to the full extent of the rights guaranteed to them all along by the
Constitution. Meanwhile, a new cohort of 18–20-year-olds will have taken their
place, and be subjected to the very same infringement. "[T]he [proposed] stay

9

order in the instant case imposes "the danger of denying justice by delay." *Am.*

*Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc*., 743 F.2d 1519, 1524 (11th

Cir. 1984).  It would be a massively inequitable result if this court effectively

terminates the individual plaintiffs claims by granting the State's proposed stay.

Such a delay likewise cuts against the very claim of judicial efficiency upon which

the State's request for stay is premised: Plaintiffs with valid standing are before the

court *now*. Pausing their claims until they "age-out" only delays the adjudication of

the constitutionality of the challenged laws. A point no doubt not lost on the State.

By contrast, the State will not suffer any meaningful harm by simply

continuing to litigate this matter in accordance with its natural timeline. The State's

only alleged harm is that continued litigation will force it to expend resources.

Ninth Circuit precedent forecloses that argument. "…[B]eing required to defend a

suit, without more, does not constitute a "clear case of hardship or inequity" within

the meaning of *Landis*." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1112 (9th Cir.

2005).  This argument rings particularly hollow here as the Defendants are not

poorly financed individuals but representatives of a State, funded in full by the

very taxpayers whose rights are implicated here.

Moreover, all plaintiffs are suffering irreparable harm every moment that

they are subject to the challenged laws. "It is well established that the deprivation of

constitutional rights 'unquestionably constitutes irreparable injury." *Melendres v.*

*Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "This analysis does not change where the constitutional violation at issue is a Second Amendment violation." *Baird v. Bonta*, 81 F.4th 1036, 1046 (9th Cir. 2023). *See also Ezell v. City of Chi.,* 651 F.3d 684, 700 (7th Cir. 2011) (a deprivation of the right to arms is "irreparable"). Everyday Plaintiffs are impacted by the challenged laws constitute ongoing irreparable harm. The ongoing harm that Plaintiffs continue to suffer outweighs any interest the State may have in a stay.

The State cites several cases in support of their position which are dramatically distinguishable. First it cites to *Hawai'i v. Trump,* 233 F. Supp. 3d 850, 852 (D. Haw. 2017) for the proposition that a stay is proper.  *Trump*, dealt with a lawsuit challenging an executive order regarding immigration. "Hours after the" State filed its lawsuit, "a federal district judge from the Western District of Washington entered an injunction that is substantively identical to the one requested here." *Id* at 851. That injunction was appealed to the Ninth Circuit. At the time of this Court's order "[t"he United States' emergency stay request was argued to a Ninth Circuit motions panel on February 7, 2017, and a decision is expected shortly." *Id* at 852.

This Court granted a stay in that case because "[g]iven the state of the proceedings, however, any prejudice to the State caused by a delay in the instant case will be minimal. That is, the Western District of Washington's nationwide injunction already provides the State with the comprehensive relief it seeks in this lawsuit. As

11

such, the State will not suffer irreparable damage of the kind discussed in *Landis*, 299 U.S. 248, 57 S.Ct. 163,1 if the Court were to grant Defendants' motion to stay." *Id* at 853. And because "the expedited timeline of appellate proceedings that has already been on display before the Ninth Circuit in the Western District of Washington case indicates that any delay in this case pending resolution of that appeal will be reasonable in length." *Id* at 854. Unlike *Trump*, if a stay is granted in this case, Plaintiffs will suffer the exact type of harm found impermissible in *Landis*. In *Landis* the Court found a stay impermissible because "[a]lmost a year has gone by since the entry of that order, and in the intervening months many things have happened." *Landis v. N. Am. Co*., 299 U.S. 248, 258 (1936). Here, if a stay is granted, far more than a year will elapse and many things will happen which will be detrimental to Plaintiffs' claims. Notably, the individual plaintiffs will age out of the lawsuit. Thus, both *Trump* and *Landis* support denying the State's motion.

The State also cites *Matera v. Google Inc*., No. 15-CV-04062-LHK, 2016 WL 454130 (N.D. Cal. Feb. 5, 2016). Unlike the State's proposed stay, *Matera* also dealt with a relatively short stay request with a definite ending. The moving party requested a stay until the Supreme Court issued an opinion in a case that had already been brief and argued.  "The U.S. Supreme Court heard oral argument in the matter on November 2, 2015, and is expected to issue a decision within months (at the latest, before the Supreme Court term ends in June 2016)." *Id* at *2. Unlike here where the

State only argues that it will be harmed because it must litigate the case, the

Defendant in *Matera* argued "that the hardship it faces without a stay is not merely

proceeding in the ordinary course of litigation. Motion, at 9–10. Rather, it is

proceeding through discovery towards class certification in the face of a pending

decision that may substantially revise the standard for Article III standing in such

cases. ECF No. 32, at 7–8. Defendant argues that *Spokeo* could potentially either

render those efforts futile, if this Court ultimately determines that it lacks standing,

or at least require 'additional discovery' and 're-brief[ing] both [Defendant's]

motion to dismiss and Plaintiff's motion for class certification.' " *Id* at *4. The

Court agreed "the parties are likely to expend considerable resources on discovery

and briefing which may be wasted if Spokeo ultimately requires dismissal (or

modification) of Plaintiff's Complaint." *Id.* Thus, *Matera* is distinguishable

because it deals with a short definite stay of several months where the State's

proposed stay will last several years. It is also distinguishable because the moving

party in *Matera* was facing class certification discovery which is much more

burdensome than the ordinary litigation the State faces.

The last case the State relies on is *Karoun Dairies, Inc. v. Karlacti, Inc.,* No.

08CV1521 AJB WVG, 2013 WL 4716202 (S.D. Cal. Sept. 3, 2013). There the

Court granted a stay because the exact same parties were litigating the same claims

in a case which was on appeal to the Ninth Circuit.

13

The breach of oral contract claim brought by Anto against Ara in the Central District appears to be the same one rejected by this Court when it denied Plaintiff leave to add a breach of oral contract claim against Ara here. As a result, Ara has already been required to litigate the same issue in two forums simultaneously, resulting in a much greater expense of time and resources than ordinarily required. It would cause further prejudice to Defendants if litigation continued in this action and the Ninth Circuit subsequently issued a decision that would require relitigation of this case in accordance with its ruling. Contrary to Plaintiff's assertion, it does not appear Defendants are seeking to avoid trial or needlessly drag out litigation. Rather, it appears the Ninth Circuit will consider issues that will also need to be considered by the Court in this case. Thus, it would result in prejudice to both parties if the decision reached by the Ninth Circuit required additional expense and effort in this case by virtue of the case proceeding forward without awaiting its decision.

*Id* at 3.

Moreover, the appeal was already briefed and it appears submitted for a decision. The "Ninth Circuit has not only accepted the appeal, but Anto filed his reply in November 2012, thereby completing the briefing on the issue. There is no reason to expect these proceedings will not be concluded within a reasonable time." *Id* at *4.

Thus, *Karoun Dairies, Inc* is distinguishable because the exact same parties were litigating the same claims in another forum. Presumably issues of res judicata and collateral estoppel were at issue and much of the work that needed to be done would have been identical to that conducted in the other court.  And unlike here, where briefing has not even begun, in *Karoun Dairies* briefing had already been conducted in the Ninth Circuit and the parties were awaiting a decision. Every case

the State has citied to, and a bevy of other cases, supports a finding that the State's

motion for an indefinite stay should be denied.  This is especially true because

*PWGG, LP v. Bonta* will likely not be dispositive of Plaintiffs' claims.

## V.  It Does Not Serve Judicial Efficiency to Grant a Stay Because *PWGG* will likely not be Dispositive of Plaintiffs' Claims

It will not promote judicial efficiency to stay Plaintiffs' case pending the

outcome of *PWGG* because their claims are distinguishable from that appeal.

*PWGG* deals with restrictions on the commercial sale of firearms in California to

adults under 21. It does not deal with a complete ban on the ownership and

acquisition of firearms by adults under 21 which is the case in Plaintiffs' challenge.

"Section 27510 does not prohibit 18-to-20-year-olds from **owning**, possessing, or

carrying firearms, and does not create a ban on acquisition. These individuals can

acquire firearms from immediate family members 'by gift, bequest, intestate

succession, or other means from one individual to another.' " (quoting Cal. Pen.

Code § 27875(a)). *Chavez v. Bonta*, No. 19-CV-1226-L-AHG, 2025 WL 918541,

at *6 (S.D. Cal. Mar. 26, 2025)(emphasis added)

"Section 27510 permits commercial sale to individuals aged 18 to 20 in

certain situations." *Id*. Notably it allows their sale 'if the individual "possesses a

valid, unexpired hunting license'." *Id.* And it allows their sale if a person is a

veteran, currently in the military or in law enforcement. *Id*. "Defendants have

shown that every year thousands of firearms are sold to individuals aged 18 to 20

through licensed dealers in California via Section 27510's exceptions." *Id.*

"Individual Plaintiffs admit that they have not been able to purchase a firearm

because, as a "personal choice," they do not wish to take the hunting license

course, even if it is free and conveniently located." *Id*.

California's statutory scheme is dramatically different than Hawaii's. As this

Court already observed, Hawaii law prohibits "any acquisition" of firearms so the

"general effect of the scheme" is to operate as a "possession ban for those aged 18

to 20." *Pinales v. Lopez*, No. CV 24-00496 JAO-WRP, 2025 WL 653980, at *2 (D.

Haw. Feb. 7, 2025). Due to the fact the California plaintiffs had a mechanism to

*acquire* firearms, the California court found the challenged California law did not

implicate the Second Amendment. "Defendants' evidence supports a reasonable

inference that Section 27510 is a commercial restriction that does not meaningfully

impair 18-to-20-year-olds' access to firearms and is therefore not covered by the

Second Amendment's plain text at the first step of the *Bruen* test." *Chavez v.

Bonta*, No. 19-CV-1226-L-AHG, 2025 WL 918541 at *7. If the Ninth Circuit

adopts the trial court's findings (potentially during en banc review), then that will

provide this Court with very little guidance on how to decide Plaintiffs' claims as

to a very different statutory scheme.

16

The State already anticipated this argument and stated "[p]laintiffs may highlight differences between the subject Hawai'i firearm laws and the law being challenged in PWGG." Motion to Stay at 6. And the State still argued that a stay should still be granted because "there are issues in PWGG that could be dispositive of this case notwithstanding those differences (for example, whether those aged 18 to 20 are among "the people" covered by the Second Amendment)." *Id.* "And at the very least, the Ninth Circuit will likely rule on key Second Amendment issues that will inform this Court's consideration of the issues presented here." *Id.* That is just not the legal standard to grant a stay. There will always be a case on appeal which could potentially streamline the legal issues in a case. However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis, 299 U.S. at 255.*

The State's main support for this portion of their argument is *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1080 (9th Cir. 2024). However, in *In re PG&E Corp. Sec. Litig* the Ninth Circuit actually reversed the trial court's stay order. *In re PG&E Corp. Sec. Litig* deals with the following.

> Following several wildfires in Northern California in 2017 and 2018, a group of retirement and pension funds filed this consolidated putative securities class action against PG&E Corporation and Pacific Gas & Electric Company (collectively, PG&E) and some of its current and former officers, directors, and bond underwriters (collectively, Individual Defendants), alleging that all the Defendants made false or

17

misleading statements related to PG&E's wildfire-safety policies and regulatory compliance. Shortly after lead plaintiff Public Employees Retirement Association of New Mexico (PERA) and the other retirement and pension funds (collectively, Plaintiffs) filed the operative complaint, PG&E filed for Chapter 11 bankruptcy, automatically staying this action as against PG&E but not the Individual Defendants. The district court then sua sponte stayed these proceedings as against the Individual Defendants, pending completion of PG&E's bankruptcy case. In this interlocutory appeal, Plaintiffs argue that the district court abused its discretion by entering the stay.

*Id* at 1080.

The Ninth Circuit initially found that the trial court did not abuse its discretion in finding that judicial efficiency was promoted by granting a stay pending the outcome of the bankruptcy proceeding. However, it did so because the same parties were part of both actions. Therefore, the bankruptcy proceedings would yield ***evidence*** that could be used in the trial court. "Indeed, Plaintiffs acknowledge as much: They represented that PG&E is likely to "seek and provide discovery, engage experts, and conduct evidentiary hearings" in litigating the securities claims pending in the bankruptcy court, including in relation to the complex element of loss causation. *Id* at 1086. There is no comparable discovery or complex evidence in this case as the State acknowledges. "It is reasonable to expect that this case will ultimately be decided on summary judgment, as the parties acknowledged in their joint Federal Rule of Civil Procedure 26(f) report." *See* MTS at fn. 2. Moreover, the entirety of the State's argument rests on the possibility that the Ninth Circuit will

resolve *legal issues* in a manner that will streamline this case. *In re PG&E Corp. Sec. Litig* offers no support for their position that this is sufficient to justify a stay. And the Ninth Circuit has said "[a] district court's concern for"…"judicial efficiency," "standing alone is not necessarily a sufficient ground to stay proceedings." *In re PG&E Corp. Sec. Litig*., 100 F.4th at 1085 (quoting *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007) ).

Furthermore, the Ninth Circuit ultimately reversed the trial court's stay order because it found the trial court had not properly evaluated the prejudice to the parties. "The district court's Notice tersely acknowledged that a stay could cause prejudicial delay, but its Order was silent as to Plaintiffs' specific arguments raised in their objections." *Id* at 1087. "For these reasons, we vacate the stay and remand for the district court to weigh all the relevant interests in determining whether a stay of this action is appropriate." *Id* at 1088. Here, because the State is asking for a multi-year indefinite stay and there is substantial prejudice to Plaintiffs, *In re PG&E Corp. Sec. Litig* offers no support for their position.

Ultimately, the State is requesting a multi-year stay so that the Ninth Circuit can decide an appeal that has just begun and deals with substantially and sufficiently different legal issues. The State has not produced a single authority that supports granting such a stay. However, there is a long line of cases which find lengthy

indefinite stays such as what the State proposes are inappropriate.  This Court should

follow precedent and deny the State's motion.

## VI.    <u>Conclusion</u>

There is no basis in the law to grant the State's proposed indefinite stay.  If

this Court grants the State's motion, it will effectively bar the individual plaintiffs

from having their claims heard in court because the individual plaintiffs will age

out of this litigation before the State's proposed stay concludes.  That result would

be highly inequitable and run contrary to precedent.  The State's motion should be

denied.

DATED:  Honolulu, Hawaii; <u>May 20, 2025</u>.

Respectfully submitted,

<u>/s/Kevin Gerard O'Grady</u>
 Kevin O'Grady

<u>/s/ Alan Beck</u>
Alan Alexander Beck
Counsel for Plaintiffs