ANNE E. LOPEZ            7609
Attorney General of Hawai'i

KALIKO'ONĀLANI          9964
D. FERNANDES
Solicitor General

EWAN C. RAYNER          10222
THOMAS J. HUGHES        11059
Deputy Solicitors General
Department of the Attorney General,
  State of Hawai'i
425 Queen Street
Honolulu, Hawai'i 96813
Tel: (808) 586-1360
E-mail: ewan.rayner@hawaii.gov
        thomas.j.hughes@hawaii.gov

DOUGLAS N. LETTER [*Pro Hac Vice*]
ERIN C. DAVIS            9292
SHIRA LAUREN FELDMAN  [*Pro Hac Vice*]
TESS M. FARDON         [*Pro Hac Vice*]
Special Deputy Attorneys General
Brady Center to Prevent Gun Violence
840 First Street NE, Suite 400
Washington, D.C. 20002
Tel: (202) 370-8100
E-mail: dletter@bradyunited.org
        edavis@bradyunited.org
        sfeldman@bradyunited.org
        tfardon@bradyunited.org

MARK S. DAVIS            1442
AIMEE M. LUM             8364
Special Deputy Attorneys General
DAVIS LEVIN LIVINGSTON
851 Fort Street, Suite 400
Honolulu, Hawai'i 96813
Tel.: (808) 524-7500

Fax: (808) 356-0418
Email: mdavis@davislevin.com
       alum@davislevin.com

Attorneys for ANNE E. LOPEZ,
in her official capacity as the Attorney General
of the State of Hawaiʻi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIJAH PINALES, JUDA ROACHE, ALOHA STRATEGICS LLC DBA DANGER CLOSE TACTICAL, JGB ARMS LLC, SECOND AMENDMENT FOUNDATION,<br><br>           Plaintiffs,<br><br>    v.<br><br>ANNE E. LOPEZ, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAIʻI,<br><br>           Defendant. | Civil No. 24-00496 JAO-WRP<br><br>**DEFENDANT ANNE E. LOPEZ'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY; CERTIFICATE OF SERVICE**<br><br><br><br>Non-Jury Trial: July 20, 2026<br>Judge: Hon. Jill A. Otake |

Plaintiffs' opposition to a stay pending the resolution of the *PWGG* appeal is based on pure conjecture and ignores the significant ways in which the *PWGG* appeal will provide clarity in this case and the reasons that the stay factors favor Defendant. Simply put, Plaintiffs' arguments have no merit.

## ARGUMENT

I.   **Plaintiffs' Arguments Regarding Ninth Circuit Timing and the Course of this Case Are Completely Speculative**

Plaintiffs' primary objection to a stay in this case is that the stay would be for an undetermined period that, they say, is "likely" to be lengthy. ECF No. 60 at 8. But Plaintiffs' assertions about the possible length of the stay and the hypothetical course of the *PWGG* appeal are purely speculative and based on misleading data. Moreover, their claim that courts should not stay cases absent a date certain for the end of the stay is contradicted by case law. Finally, it is presumptuous of Plaintiffs to suggest that this case will be resolved on a timeline that is not only inconsistent with the Scheduling Order, but would also impose a deadline upon the Court to reach a final decision on a consequential constitutional issue.

### A. Plaintiffs' Discussion of Timing and Outcomes in the Ninth Circuit Is Speculative and Misleading

Plaintiffs' assumed timing of the *PWGG* appeal is founded on a combination of caseload statistics, conjecture about what is likely to happen in that appeal, and

1

case histories of unrelated—and procedurally distinguishable—cases.  There are several reasons why none of this supports their argument.

First, the statistics Plaintiffs provide regarding the timeline of Ninth Circuit appeals offer no meaningful guidance, because they are from FY2017.  *See* ECF No. 60 at 8.  More timely data from FY2024—which Plaintiffs did not provide to the Court—indicates a considerably shorter average time from the filing of the notice of appeal to the last opinion or final order from the Ninth Circuit in a civil appeal: 13.6 months, versus the 22.8 months Plaintiffs inexplicably cite from eight-year-old data.  *Compare id.* (citing FY2017 data) *with* Table B-4A, U.S. Courts of Appeals, https://www.uscourts.gov/sites/default/files/2025-01/ jb_b4a_ 0930.2024.pdf (the same table for FY2024).[1]  And these average timelines are triggered by the filing of the notice of appeal, which in *PWGG* was on April 15, 2025, already more than a month ago.  *See Jones v. Bonta*, No. 3:19-cv-1226-MJL, ECF No. 162 (S.D. Cal. Apr. 15, 2025).

---

[1]  Tellingly, FY2017 included the last four months of President Obama's second term, in which no judicial nominees were confirmed, and the first eight months of President Trump's first term, in which only a handful were.  At the end of FY2017, there were four vacancies on the Ninth Circuit.  *See* Judicial Vacancy List for October 2017, U.S. Courts, https://www.uscourts.gov/judges-judgeships/judicial-vacancies/archive-judicial-vacancies/2017/10/vacancies (last visited May 28, 2025).  Today, there are none.  *See* Judicial Vacancies and Nominations, United States Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/district/ vacancies/judicial-vacancies-and-nominations/ (last visited May 28, 2025).

2

Plaintiffs' estimates are also presented in a vacuum, discounting publicly available information about the status of the *PWGG* appeal, which shows that a briefing schedule has been set and one streamlined extension has been granted, pushing the completion of briefing to August 20, 2025, less than three months from now. Additional briefing extensions are possible, but they are nonetheless hypothetical at this point.

Second, Plaintiffs oppose the stay on several speculative and unreliable grounds. They speculate that: (1) *PWGG* will be heard as a "comeback case" by the same panel as it was in 2022; (2) that panel will reach the same conclusion as it did originally; and (3) the case will then be accepted for *en banc* review.

With respect to *PWGG* being treated as a "comeback case," Ninth Circuit General Order 3.6(d) makes clear that, even assuming *PWGG* constitutes such a case, there is no mandate for the prior panel to accept it. Instead, a prior panel is "encouraged to accept a [comeback] case that predominately involves the interpretation and application of the prior panel decision." General Orders, United States Court of Appeals for the Ninth Circuit, at 22, https://cdn.ca9.uscourts.gov/ datastore/uploads/rules/general_orders/General%20Orders.pdf (Dec. 1, 2024). At this point, there is no way to know whether *PWGG* will in fact be taken as a comeback case. And if it is, it would be heard by a panel already generally

3

familiar with it, which could speed up the time to a final decision, rather than delaying it.

There is also no reason to assume, even if the prior panel accepts *PWGG* as a comeback case, that it would necessarily reach the same conclusion as it did previously. *Bruen* was decided after that panel's prior decision; indeed, the panel's opinion was vacated and the case was remanded to the district court precisely because of *Bruen*. *Jones v. Bonta*, 47 F.4th 1124, 1125 (9th Cir. 2022). The case's legal posture also differs now, implicating different legal standards and presenting a more robust record.

Finally, the fact that other cases generally asserting Second Amendment violations with distinguishable records and concerning different topics have been considered *en banc* does not make it "likely" that a particular (unknown) outcome from an appellate panel in *PWGG* will lead to a request for rehearing *en banc*, let alone that the Ninth Circuit will grant it. Nor can those cases truly inform any estimates regarding the likely timing in *PWGG*.[2] Plaintiffs are asking this Court to deny a stay based on stale data and a mountain of speculation.

---

[2] Plaintiffs identify three Second Amendment cases filed in Hawai'i to support their position: *Young v. Hawaii*, No. 12-17808 (9th Cir.), *Teter v. Lopez*, No. 20-15948 (9th Cir.), and *Yukutake v. Lopez*, No. 21-16756 (9th Cir.). *See* ECF No. 60 at 11 n.6. The procedural histories of these cases are distinguishable from *PWGG*. In *Young*, the Supreme Court's decision in *Bruen* resulted in vacatur and remand; in *Teter*, the statute at issue was amended during the appeal; and in *Yukutake*, supplemental briefing was ordered after *Bruen*. By contrast, in *PWGG*, there is no

## B. The Proposed Stay Is Not Impermissibly Indefinite

Plaintiffs' argument that courts should not grant stays absent a date certain for the end of the stay is flatly wrong. Courts routinely grant stays pending the resolution of other cases, even when the dates are unknown. *See*, *e.g.*, *Aland v. Dep't of Interior*, No. 22-cv-01321-JSW, 2022 WL 1539522, at *2 (N.D. Cal. May 16, 2022); *Bayview Loan Serv., LLC v. N. Am. Title Ins. Co.*, No. 2:19-cv-01151-JAD-EJY, 2020 WL 8261602, at *2 (D. Nev. Nov. 25, 2020); *San Diego Padres Baseball P'ship v. United States*, No. 99-cv-0828-W(LSP), 2001 WL 710601, at *1-2 (S.D. Cal. May 10, 2001). Indeed, employing Plaintiffs' logic, courts could almost never grant a stay in favor of cases pending appeal—but they do so all the time. And even if the precise date on which the *PWGG* appeal will be resolved is yet unknown, there is a clear ending point for the proposed stay. *Cf. United States v. Univ. of S. Cal.*, No. 2:18-cv-08311-SSS-ASx, 2023 WL 2660637, at *2 (C.D. Cal. Feb. 14, 2023) ("Although there is no specific date associated with the length of the stay, the stay is not indefinite; it will be lifted once [the related case] is decided.").

---

current indication that an intervening Supreme Court decision will upend things and there is no pending statutory change. *Young* and *Teter* were reheard *en banc* (and *Yukutake* has a petition for rehearing *en banc* pending), but as discussed above, there is no basis to assume that *PWGG* will necessarily be reheard *en banc*.

### C. Plaintiffs' Assumptions About the Course and Timing of this Case are Speculative, Contradict the Scheduling Order, and Presumptuously Impose Plaintiffs' Desired Timeline on the Court

Plaintiffs also insist that a stay should be denied given their unjustified assumptions about the time in which this case will be resolved, and their suggestion that their appeal could be heard along with the *PWGG* appeal. There are at least two serious problems with those assumptions.

First, Plaintiffs propose expedited resolution of this case on summary judgment in time for an appeal of this case to be heard with *PWGG*, notwithstanding the weighty constitutional questions they claim to be raising. They purport to impose this deadline on the Court, even though the Court has already issued a Scheduling Order, under which discovery will be open until January 21, 2026, and the dispositive motions deadline is not until February 20, 2026—long after the current *PWGG* briefing deadline of August 20, 2025. Plaintiffs also urge this course of action with no certainty as to the ultimate disposition of this case or the bases for that disposition, or whether any party will appeal.

Second, Plaintiffs' insistence that any appeal in this case should be heard with *PWGG* to avoid inconsistent Ninth Circuit rulings, ECF No. 60 at 13 n.7, is irreconcilable with their argument that this case and *PWGG* are insufficiently

related to merit a stay and that "[i]t is unlikely that *PWGG* will offer guidance to this Court[.]" *Id.* at 7.

## II. Considerations of Judicial Efficiency and Hardship to the Parties Favor Defendants

Plaintiffs argue that they will suffer hardship if a stay is granted because their clients' rights are allegedly being violated. This argument, of course, presumes that Plaintiffs' constitutional arguments are meritorious. But in denying Plaintiffs' motion for a preliminary injunction, the Court found that Plaintiffs had failed to show that they are likely to prevail on the merits of their claims. While Plaintiffs may hope to change the Court's mind, or to ultimately succeed in the Ninth Circuit, they offer no reason to believe that they will do so. Once again, it is nothing more than speculation. *Cf. Aland*, 2022 WL 1539522, at *2 ("This argument is speculative and presupposes that the outcome of the appeal will reinstate the 2020 Rule. However, it is impossible to say what might happen on appeal.").

More importantly, Plaintiffs apparently want this Court to ignore their own responsibility for any delay in obtaining relief. The key legal provisions they challenge have been in place for *over 30 years*; if the issues here were truly urgent, Plaintiffs could have filed suit well before they did. Plaintiff Roache filed suit at the age of 17 in anticipation of the supposed harms he would suffer once he turned 18; assuming—as they apparently do—that Plaintiffs believe individuals under the

7

age of 18 would have standing to assert these claims, there is no reason Plaintiff Pinales could not have done the same, or that either of them could not have filed when they were even younger. And even if the individual plaintiffs might not have been interested in pursuing (or had standing to assert) their claims earlier, the business and organizational plaintiffs could presumably have raised their complaints sooner.

Other courts within the Ninth Circuit have cited plaintiff delay in bringing a case when granting a stay of this kind to a defendant. *See*, *e.g.*, *Bayview Loan Servicing*, 2020 WL 8261602, at *2 ("Though [Plaintiff] argues that further passage of time may hinder its ability to obtain discovery in this case, I do not find this argument persuasive. Though this lawsuit centers on a title-insurance policy issued in 2006, an HOA foreclosure sale that happened in 2013, and insurance claims denied in January 2017, [Plaintiff] waited to file this action until July of 2019.").

Finally, Plaintiffs ignore the fact that the Ninth Circuit's decision in *PWGG* is likely to provide important guidance for this case, as explained in the Memorandum in Support of the Motions, wherein Defendant highlighted the two cases' similarities and shared legal issues. ECF No. 58-1 at 11-13. Plaintiffs do not contest these points. Instead, they claim that "[t]here will always be a case on appeal which could potentially streamline the legal issues in a case." ECF No. 60

at 22. But this ignores the extensive precedent of courts routinely granting stays in similar circumstances and minimizes the degree to which *PWGG* can be expected to resolve several legal questions, never before addressed by the Ninth Circuit, that may be either dispositive of or highly instructive about the issues in this case. Even when there are unique issues in a particular case, courts will grant a stay pending the appeal of another case if the appellate decision "will be relevant to the resolution of [a] [p]laintiff's claims." *Aland*, 2022 WL 1539522, at *2. That is true here.

## CONCLUSION

For the reasons set forth in Defendant's briefing, Defendant respectfully requests that the Court grant the Motion and stay this case pending the resolution of *PWGG*.

DATED: Honolulu, Hawaiʻi, May 28, 2025.

/s/ Aimee M. Lum
KALIKOʻONĀLANI D. FERNANDES
EWAN C. RAYNER
THOMAS J. HUGHES
DOUGLAS N. LETTER [*Pro Hac Vice*]
ERIN C. DAVIS
SHIRA LAUREN FELDMAN [*Pro Hac Vice*]
TESS M. FARDON [*Pro Hac Vice*]
MARK S. DAVIS
AIMEE M. LUM

Attorneys for Defendant ANNE E. LOPEZ in her official capacity as the Attorney General of the State of Hawaiʻi

9