ANNE E. LOPEZ          7609
Attorney General of Hawaiʻi

KALIKOʻONĀLANI        9964
D. FERNANDES
Solicitor General

EWAN C. RAYNER        10222
THOMAS J. HUGHES      11059
Deputy Solicitors General
Department of the Attorney General,
  State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi 96813
Tel: (808) 586-1360
E-mail: ewan.rayner@hawaii.gov
        thomas.j.hughes@hawaii.gov

DOUGLAS N. LETTER [*Pro Hac Vice*]
ERIN C. DAVIS         9292
SHIRA LAUREN FELDMAN  [*Pro Hac Vice*]
TESS M. FARDON        [*Pro Hac Vice*]
Special Deputy Attorneys General
Brady Center to Prevent Gun Violence
840 First Street NE, Suite 400
Washington, D.C. 20002
Tel: (202) 370-8100
E-mail: dletter@bradyunited.org
        edavis@bradyunited.org
        sfeldman@bradyunited.org
        tfardon@bradyunited.org

MARK S. DAVIS         1442
AIMEE M. LUM          8364
Special Deputy Attorneys General
DAVIS LEVIN LIVINGSTON
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Tel.: (808) 524-7500

Fax: (808) 356-0418
Email:  mdavis@davislevin.com
         alum@davislevin.com

Attorneys for ANNE E. LOPEZ,
in her official capacity as the Attorney General
of the State of Hawaiʻi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIJAH PINALES, JUDA ROACHE, ALOHA STRATEGICS LLC DBA DANGER CLOSE TACTICAL, JGB ARMS LLC, SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>ANNE E. LOPEZ, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAIʻI,<br><br>Defendant. | Civil No. 24-00496 JAO-WRP<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO EXCEED PAGE LIMIT IN LOCAL RULE 56.1(c)** |

# MEMORANDUM IN SUPPORT OF MOTION
# FOR LEAVE TO EXCEED PAGE LIMIT IN LOCAL RULE 56.1(c)

Plaintiffs challenge the constitutionality of Hawaii Revised Statutes ("HRS") §§ 134-2, 134-7, and 134-7.7, which restrict the purchase and possession of firearms and ammunition by individuals under the age of 21, with certain exceptions. On October 1, Plaintiffs filed their Motion for Summary Judgment. ECF No. 65. Defendant's Counter Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment is due on November 3. Defendant seeks leave to exceed the concise statement of fact's five-page limit by two pages, for a total of seven pages. *See* Local Rule 56.1(c). Plaintiffs do not object to Defendant's request.

In *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the Supreme Court introduced a text, history, and tradition framework for evaluating Second Amendment claims. *Id.* at 24. Often, in Second Amendment litigation after *Bruen*, this means that a defendant will file multiple expert declarations to provide and contextualize the necessary historical record. *See, e.g.*, *Chavez v. Bonta*, 773 F. Supp. 3d 1028, 1039 (S.D. Cal. 2025) ("Defendants, as the parties with the burden, filed several expert declarations and historical records in support of their motion and in opposition to Plaintiffs' motion" (citations omitted)). "Courts conducting a historical analysis pursuant to *Bruen* need only consider the historical sources cited in the record or in other cases." *Pinales v. Lopez*, 765 F.

1

Supp. 3d 1024, 1041 (D. Haw. 2025) (citation omitted); ECF No. 45 at 27 (citation omitted).

The Court has "no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties" when adjudicating summary judgment motions.  Local Rule 56.1(f).  Defendant intends to provide a comprehensive historical record to the Court in order to facilitate the resolution of the complex constitutional issues presented in this case.  The sheer volume of facts would be difficult, if not impossible, to squeeze into five pages.  A limited two-page extension of the concise statement would enable Defendant to supply the Court with the requisite factual information to render a fully informed decision.  Moreover, given the rapid evolution of Second Amendment jurisprudence—as this Court has noted—Defendant's presentation is especially critical.  *See Pinales*, 765 F. Supp. 3d at 1038 ("[T]he Court notes the quickly-shifting legal landscape in which it is operating."); ECF No. 45 at 20.

For these reasons, Defendant requests two additional pages, for a total of seven pages, for her concise statement pursuant to Local Rule 56.1(c).  Defendant is agreeable to a corresponding two-page extension for Plaintiffs' responsive concise statement.

DATED:   Honolulu, Hawaiʻi, October 15, 2025.

/s/ Aimee M. Lum

KALIKOʻONĀLANI D. FERNANDES
EWAN C. RAYNER
THOMAS J. HUGHES
DOUGLAS N. LETTER [*Pro Hac Vice*]
ERIN C. DAVIS
SHIRA LAUREN FELDMAN [*Pro Hac Vice*]
TESS M. FARDON [*Pro Hac Vice*]
MARK S. DAVIS
AIMEE M. LUM

Attorneys for Defendant ANNE E. LOPEZ in her official capacity as the Attorney General of the State of Hawaiʻi

3